UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATIE PHANG,

       Plaintiff,

    v.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States,

       Defendant.

Civil Action No. 26-1417 (EGS)

**DEFENDANT'S REPLY TO**
**ORDER TO SHOW CAUSE**

Defendant Todd Blanche, in his official capacity as Acting Attorney General of the United States (the "Government" or "Department"), through counsel, respectfully submits this reply in accordance with the Minute Order dated July 6, 2026 affording "[t]he Attorney General [to] file a reply by no later than July 20, 2026."

Whereas the Defendant's Response to Order to Show Cause sets forth rational and arguments in response to the Court's Order, the Plaintiff's Response is filled with hyperbolic rhetoric seeking to impose punitive sanctions on the Department for availing itself of the process the Court afforded it. As both the Order, the Court's memorandum opinion ("Op.") (ECF No. 16), and the Court's Minute Order to set deadlines make clear, the Court *has not ordered* "the immediate production of documents," but rather has ordered the Department to "show cause if [it] declines to do so." Op. 48; *see also* Order 1–2. The Court expressly denied the Government's request to issue a stay to the preliminary injunction because "Ms. Phang is not requesting the immediate production of documents." *Id.*

The Plaintiff's papers make several outlandish claims and ignore most of the arguments offered by the Department. For instance, the Plaintiff says that the Department "makes clear that whatever the federal statute requires [it] to do, [it] will not comply." ECF No. 20 at 1. This is demonstrably false. The Department is committed to transparency and complying with its statutory obligations. In its briefing, however, the Department has attempted to highlight for the Court the differing demands of several applicable statutes. For its part, the Plaintiff breezes past this simply stating—without any supporting citations or even argument—that the government should disregard the Privacy Act because "the Epstein Act clearly trumps, as it was the more recently enacted law." ECF No. 20 at 7. Yet the Privacy Act carries both civil remedies for people whose rights are violated under it (at a monetary cost to the government) and *criminal* penalties for those

who willfully violate it. *See* 5 U.S.C. § 552a. And far from declaring that the Department will not abide by a court order, the Department has accepted the Court's offer to show cause on why certain redactions should not be removed.

As another example, the Plaintiff asserts the Department "refuses to produce an explanation for [its] redactions." ECF No. 20 at 1. Again, this is blatantly false. The government's filing takes five pages to explain, document-by-document, why certain redactions are applied. ECF No. 19 at 10–14. Instead of responding on a document-by-document basis, though, the Plaintiff makes sensational and unsubstantiated claims that the Defendant has refused to comply. Indeed the Plaintiff makes the attenuated claim that by filing a brief by the deadline set by the Court, that is evidence that the Defendant will not comply with the Court's order no matter what. ECF No. 20 at 6. This is simply not the case.

All of this highlights the difficulty of dealing with these issues on a Preliminary Injunction and Show Cause posture. Instead of following the normal process and testing justiciability with a motion to dismiss and then moving to develop the facts regarding the redactions in dispute such that they can be briefed in full, the Court has proceeded all issues on a Preliminary Injunction posture. And while the Defendant appreciates the opportunity to address these issues regarding redactions, privacy interests, addressing new and novel theories of a recently enacted under the threat of contempt and sanctions is not the procedure envisioned by the Federal Rules.

Indeed, if Plaintiffs obtain the relief that they seek: now a court order to fully release the requested pages or face a penalty of $1,000 per day, the Court will do precisely what the Department predicted in its opening brief in this matter: invert the purpose of a Preliminary Injunction. *See* ECF No. 12 at 10 ("The primary purpose of a preliminary injunction is to preserve the status quo during the pendency of litigation, however. Yet, rather than maintain the status quo,

Plaintiff's motion effectively asks this Court to resolve the merits of the case at the outset under the pretext of injunctive relief—contrary to both tradition and precedent.").

Ultimately, the Department will continue to comply with all applicable disclosure laws. But the Department also needs to be afforded the ability to seek appellate review of preliminary injunction orders that it believes are in error. The Department has complied with the Court's June 25 Order, ECF No. 15, by filing its Response to Order to Show Cause, ECF. No. 19. It is absurd for the Plaintiff to argue that in so doing the Department has willfully violated the Preliminary Injunction Order—and even more absurd in light of the Court's Minute Order of July 6, affording the Plaintiff a response and the Defendant a reply. For these reasons, any Order of the Court should not include contempt or sanctions relief, should include language recognizing the order as appealable, and should stay the effective date to allow the government to seek appellate review on these new and novel issues being decided on a Preliminary Injunction posture.

Dated:  July 20, 2026
Washington, DC

Respectfully submitted,

By:  */s/ Stanley E. Woodward, Jr.*
STANLEY E. WOODWARD, JR.
Associate Attorney General

*Attorney for the United States of America*

## **CERTIFICATE OF SERVICE**

On July 20, 2026, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

*/s/ Stanley E. Woodward, Jr.*