**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br>        Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as<br>Acting Attorney General of the United States,<br><br>        Defendant. | Civil Action No. 26-1417 (EGS) |

**MOTION OF NON-PARTY JANE DOE FOR LEAVE TO INTERVENE
FOR THE LIMITED PURPOSE OF PRESERVING VICTIM REDACTIONS,
AND FOR LEAVE TO PROCEED PSEUDONYMOUSLY TO SUBMIT
HER IDENTITY EX PARTE AND UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 24(b), non-party movant "Jane Doe" ("Movant") respectfully moves for leave to intervene in this action for the sole and limited purpose of preserving the redactions of her name from two documents presently before the Court for *in camera* review, and further moves for leave to proceed pseudonymously and to submit her identity, together with the Bates numbers of the two documents at issue, *ex parte* and under seal if requested by the Court.

Movant is a victim of Jeffrey Epstein. It is for that reason, and no other, that her name was redacted from records released by the United States Department of Justice under the Epstein Files Transparency Act ("EFTA"), Pub. L. No. 119-38. Two of the documents identified in the Court's Order (ECF 15) are emails Movant authored during the period of her victimization. Movant seeks nothing from this litigation. She asks only that the Court preserve the single protection Congress afforded her under EFTA § 2(c)(1)(A): that her identity as a victim not be made available to the public. A proposed order is submitted herewith in accordance with Local Civil Rule 7(c).

1

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with counsel for Defendant on July 30, 2026 regarding the relief sought herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**PRELIMINARY STATEMENT**

Movant is one of the many women whose lives Jeffrey Epstein damaged, and one of the more than 1,200 individuals the Department of Justice identified as victims or victims' relatives in the course of administering the EFTA. She is not a party to this action, has no interest in its outcome, and takes no position on the questions of statutory enforceability that divide Plaintiff and the Government. Her interest is narrow and personal: two of the documents this Court has set for *in camera* review are emails she wrote, and the redactions the Court has been asked to lift are redactions of her name.

That distinction matters. Plaintiff's stated purpose in this litigation is to compel the disclosure of names that the Department has withheld. As to most of the redactions at issue, that request implicates the public's purported substantial interest in knowing which powerful men appear in Epstein's files and how the Department of Justice treated them. As to Movant, it implicates nothing of the kind. Her name reveals nothing about the conduct of the Government. It reveals only that she is a victim of a sexual predator—and it exposes her, by name, to a public that has already demonstrated what it will do with that information.

Congress anticipated precisely this situation. EFTA § 2(c)(1)(A) expressly authorizes the withholding or redaction of "personally identifiable information of victims" where disclosure "would constitute a clearly unwarranted invasion of personal privacy." This Court has already recognized that "redactions to protect victims' information" are "appropriate." Order, ECF No. 15, at 2. Movant asks the Court to hold the Government to that carve-out as to her, and no further.

2

## BACKGROUND

Movant was subjected to years of sexual abuse and exploitation by Jeffrey Epstein. In administering the EFTA, the Department "solicited counsel for any victims of Jeffrey Epstein and invited counsel to provide [the Department] with names of victims, whether previously identified or not," a process that resulted in "over 1,200 names being identified as victims or their relatives," which the Department redacted. ECF No. 19, at 6. Movant's name was redacted through that process and on that basis.

The Government has confirmed to this Court that the redacted sender and recipient names in the emails identified in the Court's Order "are the names of victims." ECF No. 19, at 10. It has further explained, with candor, the dynamic that gives rise to Movant's concern: "many communications written by victims, without context, can appear disturbing on their face." *Id.* at 10–11. Movant wrote the two emails at issue while she was under Epstein's control and in the midst of her victimization. Divorced from that context — as they necessarily are when they surface as isolated documents in a public library of millions of files — the emails appear to be something they are not. They are already public. Only her name is not.

Since the initial EFTA releases, Movant has been sought out, contacted, and publicly vilified. She has been harassed and re-traumatized by press attention and online. The consequences to her mental health have been severe, and she is at present struggling to carry out the ordinary activities of daily life. Counsel is prepared to submit a declaration detailing these facts under seal at the Court's direction.

**ARGUMENT**

**I.   Movant Should Be Granted Leave to Intervene Under Rule 24(b) for the Limited Purpose of Preserving the Redaction of Her Name.**

**A.   Permissive intervention is the accepted vehicle in this Circuit for a non-party seeking relief concerning the public availability of records.**

The D.C. Circuit has squarely held that Rule 24(b) supplies the appropriate procedural mechanism for a non-party who seeks relief with respect to the confidentiality or public availability of materials in a case to which it is a stranger, and that district courts enjoy broad discretion in entertaining such requests. *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045–47 (D.C. Cir. 1998). The court there emphasized that Rule 24 is not to be read "in a hyper-technical way" when applied to such collateral requests, and that the Rule's requirements are applied with a measure of flexibility where the intervenor does not seek to litigate the merits of the underlying dispute. *Id.* at 1045–46. Movant's request falls comfortably within that framework, and indeed presents a weaker case for denial than the ordinary access dispute. The typical Rule 24(b) intervenor in this posture seeks to *expand* public access over the objection of the parties. Movant seeks only to preserve a redaction that the Government itself applied, that Congress expressly authorized, and that this Court has already described as appropriate. She asks the Court to change nothing.  She asks only that necessary redactions remain as they are.

Rule 24(b)(1)(B)'s common-question requirement is satisfied. The question this Court has directed the parties to address—whether the redactions are authorized under EFTA § 2(c)(1)(A)— is the identical question Movant seeks to be heard upon. She does not raise a new claim; she offers the Court the perspective of the only person whose interests the statutory provision at issue was written to protect in these particular documents, and the only person whose interests no existing

party is positioned to represent. Plaintiff seeks disclosure. The Government defends its own administration of the statute and its institutional prerogatives. Neither speaks for Movant.

### B.    The motion is timely.

Timeliness under Rule 24(b)(3) is assessed in light of all the circumstances, with particular attention to prejudice. Movant moves promptly upon learning that documents she authored were among those the Court identified for *in camera* review and possible un-redaction. No merits judgment has entered; the Court is presently evaluating the Government's response to its order to show cause. Granting the limited relief Movant seeks will not delay these proceedings, will not require additional discovery, and will not enlarge the issues before the Court, which must in any event resolve whether these particular redactions are statutorily authorized. Movant will accept any schedule the Court sets and will not seek to be heard on any other question in this case.

### C.  Rule 24(c)'s pleading requirement poses no obstacle to the limited relief sought.

Rule 24(c) directs that a motion to intervene be accompanied by a pleading setting out the claim or defense for which intervention is sought. That requirement is not applied rigidly to non-parties seeking limited relief collateral to the merits, precisely because such movants assert no claim or defense in the ordinary sense. *See Nat'l Children's Ctr.*, 146 F.3d at 1046–47. Movant asserts no claim against Plaintiff or Defendant and seeks no relief from either. This motion and the accompanying memorandum state the entirety of her position, and Movant respectfully submits that they satisfy the purpose of Rule 24(c)—notice to the parties of what the intervenor seeks. Should the Court prefer a separate filing in pleading form, Movant will submit one promptly.

## II.    The Redactions of Movant's Name Are Authorized by the EFTA and Should Be Preserved.

### A.    EFTA § 2(c)(1)(A) expressly authorizes redaction of victim identifying information.

Congress did not require the disclosure of victims' identities. Section 2(c)(1)(A) authorizes the Attorney General to withhold or redact the segregable portions of records that "contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." EFTA § 2(c)(1)(A). That provision is not a loophole to be construed grudgingly. It is a deliberate legislative accommodation of the interests of the people the underlying conduct harmed, enacted in a statute otherwise notable for the breadth of the disclosure it commands. That said, this Court has recognized that "redactions to protect victims' information" are "appropriate." Order, ECF No. 15, at 2.

**B.      Section 2(b) does not compel disclosure of a victim's name.**

To the extent it may be suggested that EFTA § 2(b) requires a different result, it does not. That provision bars withholding "on the basis of embarrassment, reputational harm, or political sensitivity, including to any governmental official, public figure, or foreign dignitary." EFTA § 2(b). Its object is evident from its terms and from the legislative concern that produced the statute: to prevent the shielding of the powerful. It says nothing of victims, and it cannot be read to override the victim-protective authorization of § 2(c)(1)(A) without rendering that provision a nullity. A statute must be read so that no provision is superfluous, and a construction under which § 2(b) swallows § 2(c)(1)(A) would invert the very purpose of the carve-out Congress wrote.

Movant does not seek redaction because disclosure would embarrass her. She seeks it because disclosure would identify her, publicly and permanently, as a victim of Epstein's sexual abuse—and would deliver her name to a public that has already shown what it will do with it.

**C.  The privacy interest at stake substantially outweighs any public interest in the name itself.**

6

The Supreme Court has long recognized that individuals retain a substantial privacy interest in personal information contained in government files, and that the countervailing interest in disclosure is measured by what the information reveals about the conduct of the government—not by public interest in private persons. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762–65, 773–75 (1989); *see also Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 165–66 (2004) (recognizing privacy interests where disclosure would subject individuals to intrusion, harassment, and distress).

That framework resolves this dispute. The public interest the EFTA serves—understanding what the Department of Justice knew, when it knew it, and how it treated Jeffrey Epstein, Ghislaine Maxwell, and those connected to them—is fully served by the substance of the two emails, which have already been released to the public. Movant's name adds nothing to the public's understanding of the Government's conduct. It illuminates only her. The asymmetry is stark: the marginal informational value of the name approaches zero, while the harm to Movant from its release is severe and irreversible.

This weighing is consistent with the treatment Congress has directed for victims of federal sex offenses, who are entitled to be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Movant does not contend that the Crime Victims' Rights Act supplies an independent source of authority in this civil action. She submits only that the policy Congress expressed there informs the balance the Court strikes under EFTA § 2(c)(1)(A).

## III. Movant Should Be Permitted to Proceed Pseudonymously and to Identify Herself Ex Parte and Under Seal.

Courts in this Circuit permit a litigant to proceed under a pseudonym where the matter is of a sensitive and highly personal nature, where disclosure would expose the litigant to a risk of retaliatory physical or mental harm, and where the countervailing public interest in knowing the

litigant's identity is slight. *See In re Sealed Case*, 931 F.3d 92, 96–97 (D.C. Cir. 2019). Each consideration points the same way here. The subject matter is Movant's sexual victimization of Epstein's exploitation. The harm from disclosure is not hypothetical; it is the exacerbation of the harm she has already suffered and continues to suffer. And the public has no interest in her name that is distinct from the interest Plaintiff asserts on the merits—an interest the Court will resolve on this motion.

The pseudonymity question is unusual here in one respect that favors Movant rather than counting against her: in the ordinary case, a plaintiff seeking to proceed as Jane Doe asks to litigate a claim while withholding her identity from the party she has sued. Movant sues no one. She asks only that her name not become the price of being heard on whether her name should be disclosed. For the same reason, Movant respectfully requests leave to submit her identity and the two Bates numbers *ex parte* and under seal, for the Court's review *in camera*, without service on Plaintiff. Undersigned counsel states that request with candor as to its unusual character. It is grounded not in convenience but in the singular posture of this dispute: the relief Plaintiff seeks *is* the disclosure of Movant's name. To serve that name on Plaintiff in order to litigate whether it should be disclosed would grant Plaintiff the entirety of the relief she seeks before the question is adjudicated, and would moot the controversy in the very act of presenting it. No protective order can restore a name once it has been learned.

The Government has advised the Court that it "can share additional details regarding specific records *in camera* or with appropriate protections in place." ECF No. 19, at 15. Movant respectfully submits that the same course is warranted as to her identity, and that *in camera* treatment is fully consistent with the Court's ability to resolve the redaction question on a complete record.

**IV.    The Court Should Direct That Notice Be Given to Other Victims Whose Names Remain Redacted Before Any Redaction Is Lifted.**

Undersigned counsel respectfully raises one further matter, and does so as an officer of the Court rather than on behalf of any person not before it. Undersigned counsel represents more than two hundred survivors of Jeffrey Epstein's sexual abuse and exploitation. Movant is one of them. The others are not parties here, have not been heard, and—critically—have no way of knowing whether they should be.

That is the difficulty. Redactions are opaque by design. Neither Movant nor undersigned counsel can determine who else stands behind the redactions in the documents this Court has set for *in camera* review. Movant identified her own emails only because she recognized what she had written. Another victim, whose name appears in a document she did not author, has no comparable means of recognition. She will learn that her name was unredacted when she reads it in the press, or when a reporter appears at her door. By then the remedy she might have sought will no longer exist.

Notice is administratively feasible, and the Department is already equipped to provide it. It assembled its list of more than 1,200 victims and victims' relatives by soliciting counsel for Epstein's victims and inviting them to identify their clients. ECF No. 19, at 6. It maintains a dedicated electronic mailbox, EFTA@usdoj.gov, that is "continuously monitored by a team of dedicated Department personnel" who process redaction requests. *Id.* at 12 n.8. The Department therefore already possesses both the identities and the ability to provide notice. What is missing is a direction that notice be given and the ability to be heard thus be afforded before a redaction is removed.

The principle is a familiar one. Before disclosing information in which a third party holds a recognized interest, agencies routinely afford that party notice and an opportunity to object, and

9

courts routinely require notice to affected non-parties before unsealing materials implicating their privacy. The interest at stake here—the interest of a survivor of sexual exploitation in not being publicly identified as such—is as substantial as any that ordinarily commands that protection.

Movant therefore respectfully requests that, before any redaction applied under EFTA § 2(c)(1)(A) is lifted in any document presently before the Court, the Court direct the Department to provide notice to the affected individual, or to that individual's counsel of record where known, and to afford a reasonable period within which she may seek appropriate relief from this Court. Such a period may run concurrently with the Court's *in camera* review and need not delay these proceedings.

Movant makes this request with humility. She does not presume to speak for women she cannot name. She asks only that the Court ensure they are given the chance to speak for themselves—because unlike her, they may not know that the moment to do so has arrived.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court enter an order:

1. Granting leave to intervene pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of preserving the redaction of Movant's name;

2. Granting leave for Movant to proceed under the pseudonym "Jane Doe";

3. Granting leave for Movant to submit her identity and the Bates numbers of the two documents at issue *ex parte* and under seal, for the Court's review *in camera* and without service on Plaintiff;

4. Directing that the redactions of Movant's name in those documents remain in place, and that no order entered in this action require production of those documents with her name unredacted;

5. Directing that, before any redaction applied under EFTA § 2(c)(1)(A) is lifted in any document, the Department of Justice provide notice to the affected individual, or to that individual's counsel of record where known, and afford that individual fourteen days within which to seek relief from this Court; and,

10

6.        Pending resolution of this motion, directing that the redactions of Movant's name be maintained.

Dated: July 30, 2026

Respectfully submitted,

*/s/ Brittany N. Henderson*
Brittany N. Henderson
D.C. Bar No. 1044812
EDWARDS HENDERSON
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Counsel for Non-Party Movant Jane Doe

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, a true and correct copy of the foregoing was filed and served via the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Brittany N. Henderson*
Brittany N. Henderson

11