**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATIE PHANG,

       Plaintiff,

  v.

TODD BLANCHE,
in his official capacity as Acting Attorney
General of the United States,

       Defendant.

Civil Action No. 26-1417 (EGS)

## PLAINTIFF'S MOTION TO COMPEL ANSWER AND OTHER RELIEF

Pursuant to the Court's inherent authority to control its docket, Plaintiff Katie Phang respectfully moves this Court to enter a scheduling order: (1) requiring Defendant Blanche to file an answer to Plaintiff's Complaint no later than August 10, 2026; (2) requiring Defendant Blanche to produce the Administrative Record in this case no later than August 17, 2026; and (3) granting any such further relief as the Court deems just and proper. In support of her motion, Plaintiff states as follows:

Defendant Blanche has willfully failed to answer Plaintiff's Complaint in this case. Plaintiff served the Complaint on Defendant Blanche on April 27, 2026. ECF No. 5. His deadline to respond was June 29, 2026. Fed. R. Civ. P. 12(a)(2). Extraordinarily for the Acting Attorney General, Defendant failed to answer or otherwise plead by the deadline, and he did not move the Court for an extension of the deadline or otherwise request a stay of proceedings. There is no question that Defendant is in default.  Fed. R. Civ. P. 55(a); *Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.").

1

As a professional courtesy, Plaintiff's counsel notified Defendant's counsel of the default on July 31, 2026 and requested a response by August 3, 2026. *See* Ballou Decl. Ex. A. Defendant's counsel responded on August 3, stating Defendant's position "that requiring responsive pleadings before resolution of the preliminary relief motions would serve no purpose, given that the scope of any Answer may well be shaped by the Court's ruling on those motions." *Id.*[1] Defendant refused Plaintiff's counsel's request that Defendant file an answer by August 10, 2026. According to Defendant's counsel, Defendant intends to seek (but has not yet sought) a scheduling order from the Court setting a deadline for responsive pleadings 60-days after the resolution of the preliminary relief motions. *Id.* On August 4, 2026, Defendant's counsel further informed Plaintiff's counsel that Defendant intends to file a motion to dismiss the Complaint, rather than file an answer. *Id.*

Because the Defendant has long since blown his deadline, the Court should not allow Defendant to file a motion to dismiss. The Federal Rules required Defendant to file any such motion by June 29, 2026, and Defendant failed to either file the motion or request an extension to do so. Instead, Defendant willfully failed to comply with his deadline, based only on the "belief" that serving a responsive pleading "would serve no purpose." *Id.* That alone should foreclose Defendant from filing a belated motion to dismiss now.

Further, in granting Plaintiff's motion for preliminary injunction, the Court has already rejected Defendant's argument that Plaintiff lacks jurisdiction to bring her claims and ruled that Plaintiff is likely to succeed on the merits of those claims.  ECF No. 15. It would be both prejudicial

---

[1] Defendant's counsel did not explain how the "scope" of Defendant's Answer—which admits or denies the factual allegations set forth in the Complaint—could possibly be affected by preliminary injunction proceedings, which decided Plaintiffs' likelihood of success and equitable considerations.

to Plaintiff and a waste of judicial resources to allow Defendants to delay these proceedings further by relitigating the same arguments they have already lost.

Recognizing that default is an extraordinary remedy, Plaintiff does not oppose a short extension of time for Defendant to answer the Complaint. However, Defendant's proposal that he wait to respond until "60-days after the resolution of the preliminary relief motions" is unfair to Plaintiff, and an obvious delay tactic. First, the preliminary injunction motion has been resolved— the Court entered an order granting Plaintiff's preliminary injunction on June 15, 2026. ECF No. 15. While the Court has not yet ruled on whether Defendant has complied with the Court's preliminary injunction order (*see* ECF Nos. 19, 20), the status of Defendant's compliance simply has no bearing on his answer to the factual allegations set forth in the Complaint. Defendant has already granted himself an extension of more than 30 days to answer the Complaint, and he should not be allowed to continue to delay until some indefinite future time. Plaintiff is entitled to a timely resolution of this case on the merits. The Court should enter a scheduling order requiring Defendant to answer to Plaintiff's Complaint no later than August 10, 2026.

Because Defendant has failed to respond to the Complaint, he also has failed to produce the Administrative Record in a timely fashion. By this point in the proceedings, Defendant should have at least filed a certified list of the contents of the administrative record with the Court, pursuant to D.D.C. L.R. 7(n)(1). To prevent Defendant from benefitting from a delay of his own making, and to ensure these proceedings move forward expeditiously, the Court should further require Plaintiff to produce the Administrative Record in this case no later than August 17, 2026. Plaintiff expects that once the Administrative Record is produced, the parties will be able to move promptly towards summary judgment proceedings.

WHEREFORE, Plaintiff hereby moves this Court to enter a scheduling order: (1) requiring Defendants to file an answer to Plaintiffs' Complaint no later than August 10, 2026; (2) requiring Defendants to produce the Administrative Record by August 17, 2026; and (2) granting any such further relief as the Court deems just and proper.

Dated: August 5, 2026                                  Respectfully submitted,

                                                       /s/ Emily D. Gilman

                                                       **PUBLIC INTEGRITY PROJECT**
                                                       Emily D. Gilman
                                                       D.C. Bar No. 1740641
                                                       Brendan Ballou
                                                       D.C. Bar No. 241592
                                                       1763 Columbia Road NW, Suite 175
                                                       Washington DC, 20009
                                                       ballou@publicintegrityproject.org
                                                       emily@ publicintegrityproject.org
                                                       (917) 684-3900

                                                       *Attorneys for Plaintiff Katie Phang*

**<u>Certificate of Service</u>**

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5.

<u>/s/ Brendan Ballou</u>
Brendan Ballou