# RE: [EXTERNAL] Phang v. Blanche (26-cv-1417) Administrative Record and Answer

| | |
|---|---|
| From | Brendan Ballou |
| To | Kalolwala, Saifuddin (USADC) > |
| CC | Emily Gilman <_>, Block, Andrew (OASG) <_> |
| Date | Wednesday, August 5th, 2026 at 6:07 PM |

Saif,

The deadline for filing a motion to dismiss has long passed. Even if Defendant were entitled to file a motion at this point (he is not), any motion attempting to relitigate the arguments Defendant already lost at the preliminary injunction stage would be improper. This appears to be yet another inappropriate attempt by Defendant to delay these proceedings.

Defendant is currently in default and *still* has not moved for an extension or offered good cause for his failure to meet his deadlines. These continued delays are unreasonable, and we plan to file a motion for scheduling order requiring Defendant to file an answer to Plaintiff's Complaint no later than August 10, 2026 and produce the Administrative Record in this case no later than August 17, 2026.

Brendan Ballou
Public Integrity Project

On Tuesday, August 4th, 2026 at 7:51 PM, Kalolwala, Saifuddin (USADC) _ wrote:

> Thank you for your email.
>
> We are not prepared to proceed by way of ultimatums. Instead, we intend to file a motion seeking a stay of the proceedings nunc pro tunc and requesting that the Court establish a schedule for dispositive motions beginning 60 days <u>after</u> the final resolution of the motion for preliminary injunction.
>
> We disagree with your position that the Court's ruling on the preliminary injunction is final. Although the Court's Order appears to grant preliminary relief, it was expressly framed in the alternative, directing the Department either to produce the documents at issue <u>or</u> to show cause why the redactions should not be removed. Since then, the Court has also requested additional submissions from the government. In our view, those circumstances demonstrate that the preliminary injunction proceedings remain ongoing.
>
> As this case proceeds, we intend to file a motion to dismiss instead of an answer. Under the ordinary course, your deadline to respond would be two weeks after we file our motion to dismiss. If you believe additional time will

nevertheless be necessary, we would be willing to have you join our motion so that the parties can propose a mutually agreeable briefing schedule to the Court.

Please let me know.

Respectfully,

Saif

**Saifuddin Kalolwala** | Assistant U.S. Attorney

U.S. Attorney's Office for the District of Columbia | Civil Division

U.S. Department of Justice

601 D Street, NW, Washington, D.C. 20530

**From:** Brendan Ballou
**Sent:** Monday, August 3, 2026 8:33 PM
**To:** Kalolwala, Saifuddin (USADC)
**Cc:** Emily Gilman  ___ __ _____ __ . __ ____  ; Block, Andrew (OASG)

**Subject:** RE: [EXTERNAL] Phang v. Blanche (26-cv-1417) Administrative Record and Answer

Saif,

FRCP 12(a)(2) calls for a responsive pleading from the government within 60 days of service of a complaint. The government's response was due on June 29, it failed to meet its deadline, and it did not ask for an extension. The government is in default.

Additionally, under D.D.C. L.R. 7(n), the government must file a certified list of the contents of the administrative record within 30 days following service of the answer to the complaint. Had the government complied with its answer deadline, the certified list would have been due July 29.

Neither we (nor, we suspect, a court) would accept extending the deadline for the answer to "60-days after the resolution of the preliminary relief motions." The preliminary relief motions have been resolved--the Court granted Plaintiffs' motion for preliminary relief, and the government says these cannot be appealed. Further, the government is already more than 30 days past its response deadline. It is unclear why the government would need a 90+ day extension to serve its responsive pleading, other than to delay resolution of this case.

While the government has missed both deadlines, we would consent to extending the deadline for the answer to Monday August 10, and for the administrative record to August 17. Please advise. Thank you,

Brendan Ballou

Public Integrity Project

On Monday, August 3rd, 2026 at 2:34 PM, Kalolwala, Saifuddin (USADC)
' _____  wrote:

> Hi Brendan,
>
> The government disagrees that default judgment is at issue here. The government has actively litigated this case, on an expedited briefing schedule set by the Court, at the preliminary relief stage—including two additional filings in July responding to the Court's Show Cause orders, and another submission just last Friday of documents for the Court *in camera* review.  Given this record, any motion for default judgment would be meritless, and we would oppose it.
>
> With respect to the responsive pleading, we believe that requiring responsive pleadings before resolution of the preliminary relief motions would serve no purpose, given that the scope of any Answer may well be shaped by the Court's ruling on those motions.  That said, we intend to seek a scheduling order from the Court setting a deadline for responsive pleadings 60-days after the resolution of the preliminary relief motions and welcome your input if you'd like to make it a joint motion.
>
> Please let me know.
>
> Respectfully,

Saif


**Saifuddin Kalolwala** | Assistant U.S. Attorney

U.S. Attorney's Office for the District of Columbia | Civil Division

U.S. Department of Justice


601 D Street, NW, Washington, D.C. 20530

---

**From:** Brendan Ballou
**Sent:** Friday, July 31, 2026 4:47 PM
**To:** Kalolwala, Saifuddin (USADC)                        ; Woodward, Stanley (OASG)
**Cc:** Emily Gilma
**Subject:** [EXTERNAL] Phang v. Blanche (26-cv-1417) Administrative Record and Answer


Mr. Woodward and Mr. Kalolwala:


We represent Katie Phang in the above-captioned matter. As we move to the merits of this case, can you please let us know when the government will produce its administrative record, and the categories of materials that will be included? Additionally, will the record contain the Sharepoint site, Powerpoint presentations, Excel files, and videos whose existence was reportedly disclosed to journalist Allison Gill (link)?


Additionally, the government's answer to our client's complaint was due a month ago. We anticipate your response, and note that if the government fails to file an answer by 5:00 PM Monday we will move for default.


We are available to meet-and-confer as useful. Thank you,


Brendan Ballou

Public Integrity Project