UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KATIE PHANG,<br><br>      Plaintiff,<br><br>  v.<br><br>TODD BLANCHE, in his official capacity as<br>Acting Attorney General of the United States,<br><br>      Defendant. | Civil Action No. 26-1417 (EGS) |

**DEFENDANT'S MOTION TO STAY ALL FILING DEADLINES *NUNC PRO TUNC*
PENDING RESOLUTION OF THE MOTION FOR PRELIMINARY INJUNCTION
<u>AND MOTION TO SET BRIEFING SCHEDULE</u>**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant, Todd Blanche, in his official

capacity as Acting Attorney General of the U.S. Department of Justice ("Department"), through

undersigned counsel, respectfully moves this Court for an order (1) staying all pending filing

deadlines *nunc pro tunc*; and (2) setting a schedule requiring Defendant to answer or otherwise

respond to Plaintiff's Complaint within sixty (60) days after resolution of Plaintiff's pending

motion for preliminary injunction. Pursuant to Local Civil Rule 7(m), the parties conferred and

Plaintiff's counsel noted his opposition to the requested relief. Notwithstanding, there is good

cause for the requested relief. In support of this motion, Defendant states as follows.

## BACKGROUND

On April 27, 2026, Plaintiff filed this action under the Administrative Procedure Act

("APA"), challenging the Department's compliance with the Epstein Files Transparency Act. *See*

Compl. (ECF No. 1) ¶ 23. Thereafter, on May 28, 2026, Plaintiff filed a Motion for Preliminary

Injunction (ECF No. 9). Briefing on the Motion for Preliminary Injunction is now complete, and

the matter is before the Court for decision. The Court has continued to update the schedule and

directed the Department to provide additional information.  The Department continues to diligently participate in the case.  Most recently, the Department made two filings: on July 2, 2026 responding to the Court's order to show cause, and a further submission on July 31, 2026, providing documents for the Court's *in camera* review.

In the course of preliminary injunction briefing, the parties have also presented the Court with extensive arguments on threshold issues—including subject-matter jurisdiction, standing, and the merits of Plaintiff's APA claim.  The Court's resolution of those issues will necessarily inform, and may substantially impact, any further briefing in this case.  Had this case proceeded on a regular case schedule, the Department's answer or response to the Complaint would have been due June 26, 2026.  Although the Motion for Preliminary Injunction remains undecided, and although the Department has actively and extensively litigated this case on an expedited schedule, Plaintiff has indicated an intent to seek default judgment against the Department.  Plaintiff's threatened action, however, is untethered from both the facts and the law.  Defendants bring this motion to resolve any uncertainty regarding the operative deadline for their response to the Complaint and to ensure that this case proceeds on a clear, orderly, and efficient schedule going forward.

**ARGUMENT**

I.      **A Stay of Filing Deadlines is Warranted in the Interest of Judicial Economy and Efficiency.**

A district court has inherent authority to manage its docket, including the authority to stay proceedings and filing deadlines.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Here, the current posture of this case is one defined, since its earliest stages, by continuous, expedited litigation of preliminary relief on a schedule set by the Court's own orders.  The preliminary injunction briefing placed squarely before the Court several threshold legal questions,

- 2 -

including whether the Court has subject-matter jurisdiction over Plaintiff's claims. Yet, the Department's deadline for filing a response to the Complaint would have been June 26, 2026—while litigation on the preliminary injunction remained ongoing. A final ruling on these issues will impact the trajectory of this litigation; indeed, the Department's position is that the Complaint is subject to dismissal by a dispositive motion, and the Department intends to file one on a schedule so ordered by the Court.[1] Thus, staying all filing deadlines until sixty days after the Court's resolution of the Motion for Preliminary Injunction will allow the parties to engage in further proceedings with a full understanding of the Court's views on the threshold questions presented. This will promote focused, efficient, and useful briefing as the Court determines how to adjudicate this case. Because the proposed stay is narrowly tailored, applicable to both Parties, and directly tied to a concrete triggering event, the Court should grant the requested stay pending a ruling on the preliminary injunction.

**II.    There is Good Cause to Permit the Filing of Defendant's Motion to Stay *Nunc Pro Tunc* and Setting Defendant's Deadline to Respond to the Complaint at Sixty Days After Final Resolution of the Preliminary Injunction Motion.**

Under Federal Rule of Civil Procedure 6(b)(1)(B), this Court may extend the time for filing an act after the deadline has passed if the movant demonstrates "good cause," including excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993) (discussing factors to be considered when evaluating claim of "excusable neglect"). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

---

[1]    While the Court issued an Order that appears to grant the preliminary injunction, *see* ECF Nos 15-16, it also directed the Department to either produce the documents at issue or, alternatively, show cause why the redactions should not be removed. The Department maintains that, in light of the Court's use of this alternative language, the ruling on the preliminary injunction is not yet final.

As indicated, the Department has diligently litigated this case continuously and substantively since its inception – briefing the preliminary-injunction motion, responding twice in July 2026 to the Court's orders to show cause, and submitting materials for in camera review as recently as July 31, 2026, all on the schedule the Court itself set. As indicated, the Department's deadline for responding to the Complaint would have been due on June 26, 2026 had this case proceeded on a regular case schedule. To the extent any deadline was missed, that oversight, while regrettable, was not intentional and was not made in disregard of the Court's deadline. Rather, it occurred while the Department was fully and visibly engaged in defending this action. Additionally, it has not caused Plaintiff any undue prejudice, as reflected in their continuous participation in the preliminary injunction litigation. *See id*. Indeed, it was not until the evening of July 31, 2026—a month after the purported deadline—that Plaintiff's counsel first contacted undersigned counsel regarding the deadline to file an answer, simultaneously notifying the Department of Plaintiff's intent to seek default judgment.

### A.    A Sixty-Day Period Reasonably Aligns With the Parties' Appellate Rights.

Orders resolving a motion for a preliminary injunction are immediately appealable as of right. 28 U.S.C. § 1292(a)(1). Because a federal agency is a party to this action, any notice of appeal from the Court's ruling may be filed within sixty days after entry of that order. Fed. R. App. P. 4(a)(1)(B). A sixty-day interval between resolution of the preliminary-injunction motion and the deadline for Department's responsive pleading affords each party the full benefit of that appellate window to determine whether, and how, to seek review before the D.C. Circuit and potentially a stay of proceedings before this Court. This requested would extension would allow that decision-making before requiring the Parties to commit further resources to merits litigation in this Court. Requiring the parties to proceed with merits briefing on a shorter timeline risks precisely the inefficiency the Court's scheduling authority exists to prevent: simultaneous district-

court merits proceedings and a potential interlocutory appeal on a preliminary injunction order addressing overlapping issues.

### CONCLUSION

For the reasons stated, Defendant respectfully requests that the Court grant this motion and enter an order (1) staying the filing deadlines in this case *nunc pro tunc*, and (2) setting Defendant's deadline to respond to the Complaint at sixty (60) days after final resolution of Plaintiff's pending motion for preliminary injunction.  A proposed order is attached.

Dated: August 5, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Saifuddin K. Kalolwala*
      SAIFUDDIN K. KALOLWALA
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      Telephone: (202) 252-2550
      Saifuddin.Kalolwala@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATIE PHANG,

       Plaintiff,

    v.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United States,

       Defendant.

Civil Action No. 26-1417 (EGS)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's motion to stay all filing deadlines *nunc pro tunc* pending resolution of the motion for preliminary injunction and to set a briefing schedule, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendant's motion is **GRANTED**; and

ORDERED that Defendant's deadline within which to file an answer or otherwise respond to the Complaint filed by Plaintiff shall be stayed *nunc pro tunc;* and it is further

ORDERED Defendant shall file his response to the Complaint within sixty (60) days after resolution of Plaintiff's pending motion for preliminary injunction.

SO ORDERED:

_____
Dated

_____
EMMET G. SULLIVAN
United States District Judge