**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>            Plaintiff,<br><br>        v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>            Defendant. | Civil Action No. 26-1417 (EGS) |

**ORDER**

Upon consideration of the Defendant's responses to the Court's Orders of June 25, 2026 and July 25, 2026, and the Court's *in camera* review of the documents submitted, it is hereby

**ORDERED** that a status hearing shall take place at 1:00 pm on August 13, 2026 in Courtroom 24A; and it is further

**ORDERED** that the parties shall be prepared to discuss the following issues:

(1)  In its Order of July 25, 2026, the Court ordered the Defendant to provide documentation supporting his representation that certain names that have been redacted in the published version of certain documents are the names of victims. *See* Order, ECF No. 23 at 2. The Defendant did not provide such documentation;

rather, he asserted that certain redacted text contains the identities of victims or potential victims whose counsel have contacted the government and requested that the persons be treated as victims. *See* Def.'s Notice of Compliance with Court Order, ECF No. 25 at 2-3. The Defendant's assertions do not comply with the Court's Order, which requires documentation to support the assertions. The Defendant shall be prepared to discuss what documentation he will provide to support his assertions.

(2)    In its Order of June 25, 2026, the Court ordered the Defendant to produce the underlying FBI interview notes that formed the basis for certain FD-302 interview reports, with appropriate redactions, or show cause why the notes should not be produced. *See* Order, ECF No. 15 at 2. In response, the Defendant stated that he did not produce the notes for two reasons: they are "substantially similar to" and therefore duplicative of the typewritten reports, and there is a risk of inadvertent disclosure of victim information because the notes are handwritten. Def.'s Resp., ECF No. 19 at 14. The Defendant does not point to a provision in the Epstein Act that contains an exception for "substantially similar" or duplicative

2

documents, *see id*.; and the Defendant has acknowledged publishing "substantially similar" draft indictments. *See id*. at 13. The Defendant shall be prepared to explain why the handwritten notes cannot be redacted manually, or why the redactions cannot be accomplished in another way.

(3) The Defendant states that he will comply with the requirement in Section 2(c)(2) of the Epstein Act that "[a]ll redactions must be accompanied by a written justification published in the Federal Register and submitted to Congress." The parties dispute whether there was a deadline for the Defendant to do so. The Defendant shall be prepared to discuss his timing for complying with this requirement.

**SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
**United States District Judge**
**August 6, 2026**