**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KATIE PHANG,<br><br>      Plaintiff,<br><br>    v.<br><br>TODD BLANCHE,<br>in his official capacity as Acting Attorney<br>General of the United States,<br><br>      Defendant. | Civil Action No. 26-1417 (EGS) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
ALL FILING DEADLINES *NUNC PRO TUNC***

More than a month after missing his deadline to answer Plaintiff's Complaint, and after Plaintiff filed a motion asking the Court to compel him to do so, Defendant Blanche filed a motion requesting that the Court stay *all* filing deadlines "until sixty (60) days after resolution of Plaintiff's pending motion for preliminary injunction." ECF 28 at 1. According to Defendant, the Court should rule on the "threshold questions presented" in the preliminary injunction briefing, standing and subject-matter jurisdiction, before this case proceeds to the merits. *Id.* at 2–3.

Defendant's request lacks any legal basis, and it also has no basis in reality. The Court has unequivocally ruled on the threshold issues identified by Defendant. In granting Plaintiff's motion for preliminary injunction, the Court held—after extensive analysis—that it likely has jurisdiction over Plaintiff's claims and Plaintiff likely has Article III standing. ECF 16 at 17–35. The only preliminary issues that have yet to be resolved relate to Defendant's failure to comply with the Court's preliminary injunction order. *See* ECF 29. The Attorney General is obviously trying to delay this case, and this Court should not condone his tactics.

## BACKGROUND

### A. Blanche's failure to comply with the Court's preliminary injunction order.

On May 28, 2026, Plaintiff filed a motion for preliminary injunction to cure certain irreparable injuries that she, fellow journalists, and Epstein's victims are suffering due to Defendant Blanche's most blatant violations of the Epstein Files Transparency Act. ECF 9. The Court granted Plaintiff's motion in its entirety, rejecting Defendant's threshold arguments that Plaintiff lacks subject-matter jurisdiction and standing to bring her claims and finding that Plaintiff is likely to succeed on the merits of her claims. ECF 16. The Court ordered that by July 2, 2026, Defendant Blanche must:

(1)  produce certain emails (EFTA00749245, EFTA01187999, EFTA01930501, ETFA01928255, EFTA00628112, EFTA02648868, EFTA02504630, and EFTA01022356) with sender and recipient names unredacted, or show cause why the redactions should not be removed;

(2)  produce certain documents (EFTA01703108 and EFTA00038227) with potential co-conspirator names unredacted, or show cause why the redactions should not be removed;

(3)  produce certain FBI interview notes with appropriate redactions to protect victims' information, or show cause why the notes should not be produced;

(4)  initiate review and production of foreign-language materials and provide notice to the Court and all parties that such review is underway; and

(5)  publish and update the redaction log required under Epstein Files Transparency Act § 2(c)(2), or show cause why he cannot do so. ECF 15.

2

The Court denied Defendant's request for a sixty-day stay of the proceedings while he considers whether to seek appellate review of the preliminary injunction order. ECF 16 at 49.

Defendant largely failed to comply with the Court's preliminary injunction order. *See* ECF Nos. 20, 29. Defendant has not yet produced redacted versions of the FBI interview notes or shown cause why the notes should not be produced. Defendant has not yet published the redaction log required under Epstein Files Transparency Act § 2(c)(2), and he (wrongly) maintains that he can satisfy his obligation to provide a "written justification" for "all redactions" under § 2(c)(2) by simply publishing the same "summary of redactions" he provided to Congress under § 2(c)(4). *See* ECF 20 at 3–5. And Defendant has not notified the Court or Plaintiff that he has initiated review and production of foreign-language materials.

With respect to the Court's order that Defendant produce certain documents, Defendant represented that the majority of those documents contained victim information that should not be redacted. In order to confirm Defendant's representations, the Court ordered Defendant to produce the materials for *in camera* review and produce documentation that the redacted names are, in fact, the names of victims. ECF 23. Defendant failed to produce such documentation. ECF 29. With respect to EFTA02504630 and EFTA01022356, Defendant admitted that the redactions do not contain victim information, but claimed that the redactions are proper because they contain private email addresses. *See* ECF 19 at 11–12. Defendant, again, is wrong. *See* ECF 20 at 7.

On August 6, 2026, the Court ordered the parties to appear for a status conference on August 13, 2026 to discuss specific aspects of Defendant's noncompliance. ECF  29. While the Court's August 6 Order did not specifically address the following noncompliance issues, Plaintiff respectfully submits that they, too, should be addressed at the status conference: (1) Defendant's failure to initiate review and production of foreign-language materials; (2) Defendant's claim that

he can satisfy his obligation to provide a "written justification" for "all redactions" under § 2(c)(2) by simply publishing the same "summary of redactions" he provided to Congress under § 2(c)(4); and (3) Defendant's claim that the non-victim personal email addresses in EFTA02504630 and EFTA01022356 may be properly withheld under the Epstein Files Transparency Act.

### B. Defendant Blanche's failure to answer the Complaint.

In addition to his failure to comply with the Court's preliminary injunction order, Defendant Blanche failed to answer Plaintiff's Complaint by his June 26, 2026 deadline. *See* ECF 27. When Plaintiff's counsel brought this to his counsel's attention, counsel's stated reason for missing the deadline was that "requiring responsive pleadings before resolution of the preliminary relief motions would serve no purpose, given that the scope of any Answer may well be shaped by the Court's ruling" on Plaintiff's preliminary injunction motion—even though the Court had granted Plaintiff's preliminary injunction motion more than a month prior. *See* ECF 27-2 at 3. Defendant further refused to agree to a date certain by which he would file his Answer. *See* ECF 27-2.

Plaintiff thus filed a motion on August 8, 2026 asking the Court to enter a scheduling order: (1) requiring Defendant to file an answer to Plaintiff's Complaint no later than August 10, 2026; (2) requiring Defendant to produce the Administrative Record in this case no later than August 17, 2026; and (3) granting any such further relief as the Court deems just and proper. ECF 27. Defendant then, almost immediately, filed a motion to stay all filing deadlines *nunc pro tunc*, asserting that he intends to file a motion to dismiss and requesting that the Court set a schedule allowing Defendant to respond to Plaintiff's Complaint "within sixty (60) days after resolution of Plaintiff's pending motion for preliminary injunction." ECF 28 at 1, 3. Defendant's motion should be denied.

4

## ARGUMENT

**I.      Defendant is not entitled to any extension of his deadline to file a motion to dismiss.**

"[I]t is only fair to require all parties . . . to comply with the Federal Rules of Civil Procedure and Local Rules." *Cobell v. Norton*, 213 F.R.D. 42, 42 (D.D.C. 2003) (granting motion to strike untimely filings). Rule 6(b)(2) precludes courts from extending deadlines that have lapsed unless the tardy party files a motion establishing excusable neglect and good cause to extend the deadline. *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005). "[T]he reason for the delay is the most important [factor]" when considering a motion for extension, "particularly if it weighs against granting the extension."

There is no excusable neglect or good cause to grant Defendant an extension of his deadline to file a motion to dismiss. Defendant's counsel made clear to Plaintiff's counsel that his failure to comply with the deadline was not neglect at all—rather, Defendant made a calculated decision not to respond to the Complaint until Defendant decided the preliminary injunction proceedings were concluded. *See* ECF 27-2 at 3 (statement by counsel that "requiring responsive pleadings before resolution of the preliminary relief motions would serve no purpose, given that the scope of any Answer may well be shaped by the Court's ruling" on preliminary relief motions). Defendant's motion to stay is simply another attempt to stop this case from proceeding on the merits.

Even if Defendant's failure to file was simply an "oversight," as Defendant claims for the first time in his motion (ECF 28 at 4), both the Supreme Court and the D.C. Circuit are clear that inadvertently overlooking a filing deadline does not constitute excusable neglect. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Cohen v. Board of Trustees of the University of the Dist. of Columbia*, 819

F.3d 476, 480 (D.C. Cir. 2016). In *Cohen*, the plaintiff's counsel sought an extension of time under Rule 6(b) after missing the deadline to file a brief in opposition to a motion to dismiss because he had misread the electronic docket. *See* 305 F.R.D. 10, 12–13 (D.D.C. 2014) (Sullivan, J.). The Court found no reasonable excuse for the delay, explaining "[a]ll counsel have an 'obligation to monitor the court's docket and keep apprised of relevant deadlines.' . . . counsel's perfunctory review of documents associated with a dispositive motion fell short of this obligation and he has provided no reasonable excuse for an error that 'could have been remedied by a simple look at the docket.'" *Id.* at 14 (quoting *Halmon v. Jones Lang Wootton USA,* 355 F. Supp. 2d 239, 244 (D.D.C.2005); *Inst. for Policy Studies v. CIA,* 246 F.R.D. 380, 385 (D.D.C.2007)). The D.C. Circuit affirmed, holding "[i]f we were to require the district court to excuse the type of mistake made by [Plaintiff's] counsel, it would be hard to fathom the kind of neglect that we would not deem excusable." 819 F.3d at 480.

Here, too, Defendant's counsel has an obligation to monitor the court's docket and keep apprised of relevant deadlines. The fact that Defendant's counsel may have suffered an "oversight" is not a reasonable excuse for failing to file a motion to dismiss by Defendant's deadline—particularly because Defendant has already delayed these proceedings by repeatedly failing to comply with the Court's preliminary injunction order. Like the plaintiff in *Cohen*, Defendant is not entitled to any extension of his motion to dismiss deadline. 305 F.R.D. at 14; *see also Halmon*, 355 F. Supp. 2d at 242 (excuse that counsel "did not place the due date on her calendar" rejected as "lame"); *Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C. 2003) ("[w]ere the court to find that counsel's act of 'inadvertently overlook[ing]' a filing deadline is 'excusable neglect,' then the standard would be rendered meaningless."); *Escamilla v. Nuyen*, 2017 WL 4296718, at *6 (D.D.C.

Sept. 26, 2017) (denying motion to extend where "the articulated reasons for the delay—waiting for a possible appeal—were fully and reasonably within the control of [plaintiff] and his counsel.").

## II. Defendant is not otherwise entitled to a stay of these proceedings.

Because Defendant has failed to answer the Complaint, there is no question he is in default. Fed. R. Civ. P. 55(a); *Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge."). One alerted to his default, Defendant made no effort to cure until after Plaintiff filed her motion to compel. *See* ECF 27. Because a default judgment is an extraordinary and disfavored remedy, Plaintiff does not oppose a short extension of time for Defendant to answer the Complaint. But Defendant offers no factual or legal justification to stay his answer to Plaintiff's Complaint—much less *all* filing deadlines in this case—"until sixty (60) days after resolution of Plaintiff's pending motion for preliminary injunction." ECF 28 at 1.

First, Defendant's argument that a stay is warranted "in the interest of judicial economy and efficiency" so that the Court can rule on the "threshold questions" of standing and jurisdiction raised in the preliminary injunction briefing (ECF 28 at 2–3) is absurd, as the Court has already ruled on those issues. ECF 16 at 17–35. Even were such issues outstanding, judicial economy and efficiency, alone, does not establish good cause for a stay. *See Asylumworks v. Mayorkas*, 2021 WL 2227335, at *5 (D.D.C. June 1, 2021) (Howell, J.) (denying motion for stay).

Second, Defendant argues that he is entitled to stay these proceedings because he may appeal the preliminary injunction order and would like "[t]he full benefit of that appellate window to determine whether, and how, to seek review before the D.C. Circuit and potentially a stay of proceedings before this Court" before "commit[ing] further resources to merits litigation in this Court." ECF 28 at 4. As an initial matter, Defendant's window to appeal the Court's preliminary

injunction order is already open—the Court has granted a preliminary injunction. ECF 15. Defendant also already requested, and the Court already denied, a sixty-day stay of the preliminary injunction order to determine whether further appellate review is warranted. *See* ECF 16 at 48. Defendant is clearly trying to give himself the benefit of such a stay anyway, as he has stalled his compliance with the Court's preliminary injunction order for more than a month now. The Court should not allow Defendant further stall these proceedings by granting a stay of his deadline to answer the Complaint.

Finally, a stay would unquestionably prejudice Plaintiff by delaying resolution of her claims, and Defendant points to no cases suggesting that a stay is warranted while a party considers whether to seek appellate review. Rather, courts are clear that "burden of litigation is wholly insufficient to warrant a stay." *Asylumworks*, 2021 WL 2227335, at \*5; *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019) (Boasberg, J.) ("being required to defend a suit, without more, does not constitute a clear case of hardship or inequity" that would support motion to stay). Defendant's request for a stay should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay All Filing Deadlines *Nunc Pro Tunc.* Plaintiff is optimistic that the August 13, 2026 status conference will resolve Defendant's outstanding noncompliance with the Court's orders, including noncompliance issues that were not specifically raised in the Court's August 6 Order: (1) Defendant's failure to initiate review and production of foreign-language materials; (2) Defendant's claim that he can satisfy his obligation to provide a "written justification" for "all redactions" under § 2(c)(2) by publishing the same "summary of redactions" he provided to Congress under § 2(c)(4); and (3) Defendant's claim that the non-victim personal email addresses

in EFTA02504630 and EFTA01022356 may be properly withheld under the Epstein Files Transparency Act. The Court should then order Defendant to answer the Complaint and produce the Administrative Record expeditiously so that this case can proceed to a merits determination.

Dated: August 11, 2026                                      Respectfully submitted,

                                                            /s/ Emily D. Gilman

                                                            **PUBLIC INTEGRITY PROJECT**
                                                            Brendan Ballou
                                                            D.C. Bar No. 241592
                                                            Emily D. Gilman
                                                            D.C. Bar No. 1740641
                                                            1763 Columbia Road NW, Suite 175
                                                            Washington DC, 20009
                                                            ballou@publicintegrityproject.org
                                                            emily@ publicintegrityproject.org
                                                            (917) 684-3900

                                                            *Attorneys for Plaintiff Katie Phang*

## Certificate of Service

I hereby certify that this document will be served on the Defendant in accordance with Federal Rule of Civil Procedure 5.

/s/ Emily D. Gilman
Emily D. Gilman