UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KATIE PHANG,

Plaintiff,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States,

Defendant.

Case No. 1:26-cv-1417 (EGS)

**DEFENDANT'S RESPONSE TO MINUTE ORDER**

Defendant respectfully submits this response pursuant to the Court's Minute Order dated August 21, 2026, which states, in pertinent part, "In view of [32] Notice of Proposed Order and [33] Notice regarding handwritten FBI interview notes, Defendant shall submit a response by no later than August 27, 2026."

The Plaintiff's Proposed Order, if entered by the Court, would require the Department to submit to the Court handwritten notes underlying the EFTA Numbers 01245620; 02858481; 02858491; and 02858495. Dkt. 32. It would also require a declaration from "Defendant Todd Blanche, or a representative of the Department of Justice … with personal knowledge" regarding the Federal Register notice required by § 2(c)(2) of the EFTA. *Id.*

With respect to the Federal Register notice, the Department's notice was published in today's copy of the Federal Register. *See* 91 FR 55356, https://www.govinfo.gov/content/pkg/FR-2026-08-27/pdf/2026-17533.pdf. Therefore, no declaration, or any further action, is needed.

With respect to the requested handwritten notes, within 72 days of President Trump signing the Epstein Files Transparency Act into law, the Department of Justice published millions of pages of records in compliance with the Act. That task involved more than 500 attorneys and reviewers

from the Department who reviewed millions of pages of documents on a compressed timeline, working days, nights, weekends, and holidays, including Christmas Day, New Years' Eve, and New Years' Day. As the Department's January 30 letter explains, "Considering various factors, including the volume of documents reviewed, the presence of duplicative and partially duplicative documents, and the number of attorneys and reviewers involved, inconsistencies will likely exist in how reviewers applied redactions." So, the fact that Plaintiff has identified some handwritten notes underlying FD-302 interview reports in the library does not undermine the government's stated rationales for withholding such notes—that they are duplicative, the quality control checks are less effective on handwritten material, and that the risk of inadvertent disclosure of victim information is substantially higher—nor does it amount to a waiver or concession as to other documents.

It bears noting that with respect to victim names, Plaintiff confidently averred Defendant's redactions and rationale were *not* for "victim PII." Dkt. 9-1 at 25. Rather, she claimed, the redactions were a "pattern of dissembling and dishonesty in this matter." Dkt. 20 at 8. This is false. As demonstrated by the documents produced to the Court, *in camera*, on July 30 and at the August 13 Status Hearing, the government's representations in its prior filings were accurate and truthful. The Department is confident that if the Court orders further *in camera* review here, it will see the same.

That said, the Department respectfully maintains its objections to producing any such documents. The Court should hesitate before ordering *in camera* review of any document or redaction a litigant claims is a violation of the EFTA. Such a precedent will open the door to a process that would likely ultimately result in the line-by-line review of redactions to millions of pages of documents. If the Court determines this process is necessary, however, the Department

respectfully asks the Court to stay its order to allow the government to appeal the jurisdictional issues before the Court alters the status quo. *King v. Leavitt*, 475 F. Supp. 2d 67, 71 (D.D.C. 2007) (Sullivan, J.). "[T]he power to issue such an injunction should be sparingly exercised." *Id.* (internal quotation marks omitted). Without a stay, an order requiring production (aside from limited *in camera* review) would have the effect of "irreversibly altering" the status quo. *Adams v. Vance*, 570 F.2d 950, 953 (D.C. Cir. 1978).

For these reasons, the Defendant asks that the Court not require a declaration regarding the Federal Register notice and not order production of "the underlying FBI interview notes that formed the basis for the FD-302 interview reports" requested by Plaintiff. Dkt. 32. To the extent that the Court is inclined to enter such an Order, the Department asks that the Order be stayed.

Dated: August 27, 2026

STANLEY E WOODWARD, JR.
Associate Attorney General

*/s/ ANDREW J. BLOCK*
Andrew J. Block
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**Certificate of Service**

I hereby certify that on August 27, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Andrew J. Block*
Andrew Block