# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAILROOM
AUG 24 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**KATIE PHANG,**
Plaintiff,

v.

**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,**
Defendant.

ES: Judge Initials

Civil Action No. **1:26-cv-01417-EGS**

## MOTION OF ANDREW PARKER TO INTERVENE AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24(a)(2), OR, IN THE ALTERNATIVE, FOR PERMISSIVE INTERVENTION PURSUANT TO RULE 24(b)

Proposed Intervenor **Andrew Parker**, appearing pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 24(a)(2) for leave to intervene in this action. In the alternative, Parker requests permissive intervention pursuant to Rule 24(b)(1)(B).

Intervention is appropriate because this litigation concerns whether the Department of Justice must *disclose, without unlawful redaction or withholding, records covered by the Epstein Files Transparency* Act, Pub. L. No. 119-38, 139 Stat. 656 (2025). Parker asserts an individualized interest in the disclosure and preservation of portions of those records because he has undertaken separate litigation and evidence-preservation efforts concerning matters that may overlap with persons, events, communications, and records encompassed by the Act.

Parker does not seek to interfere with Plaintiff Katie Phang's prosecution of this action or delay adjudication of her claims. To the contrary, Parker seeks intervention for the limited purpose of protecting interests that may not be identical to those advanced by Plaintiff, including his asserted need to identify and preserve potentially relevant evidence for separate existing or anticipated litigation.

A *memorandum of points and authorities* follows.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

### A. The Phang Litigation

Plaintiff Katie Phang commenced this action on April 27, 2026, alleging that the Attorney General failed to comply with the Epstein Files Transparency Act.

Among other things, the Complaint alleges that the Act requires the Attorney General to make covered Department of Justice and Federal Bureau of Investigation materials publicly available, subject to specifically enumerated exceptions. The Complaint further alleges that the Department improperly redacted documents, failed adequately to explain its redactions, retracted previously produced documents, and failed to produce other covered materials.

Plaintiff seeks, among other relief, an order requiring the Attorney General to remove unlawful redactions, explain the basis for lawful redactions, reproduce improperly retracted materials, and produce materials that allegedly should have been disclosed under the Act.

On June 25, 2026, this Court granted Plaintiff's motion for a preliminary injunction and ordered further action by Defendant concerning specified redactions, withheld materials, foreign-language materials, and the statutory redaction-log requirement.

### B. Parker's Interest in the Subject Matter

Parker is a pro se litigant who has previously pursued federal litigation and who has undertaken preservation efforts concerning evidence that he believes may be relevant to existing or anticipated litigation.

Parker has sent or prepared litigation-hold and preservation demands seeking preservation of electronically stored information, communications, metadata, account information, travel information, and related records to the Gates Foundation, Microsoft (since 2019), Apple and Google.Those preservation efforts include requests concerning records that Parker believes could overlap with information contained in materials subject to the Epstein Files Transparency Act.

Among other things, Parker has sought preservation of records concerning travel and communications involving Bill Gates and Houston, Texas, including January 2010 travel and related scheduling, security, communications, and electronic records. Parker has also sought preservation of records concerning allegations that he is attempting to investigate. Parker does not contend for purposes of this motion that

those allegations have been judicially established as true. His interest is in obtaining and preserving evidence capable of proving or disproving matters relevant to his litigation interests.

Parker's preservation requests have specifically sought native electronic records and metadata; travel calendars and itineraries; travel authorization and expense records; Houston-area calendar entries; communications concerning January 2010 Houston travel; security-detail records; and records concerning allegations received by relevant organizations.

Parker therefore asserts an interest different in material respects from Plaintiff's journalistic interest. Plaintiff alleges that unlawful withholding and redaction impair her ability to investigate and report on Epstein, Maxwell, their associates, and the government's investigation. Parker's asserted interest concerns his ability to identify, preserve, authenticate, and potentially use evidence in litigation.

The existence of redactions, withheld documents, retracted documents, or incomplete productions may therefore affect Parker differently than it affects Plaintiff.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, a court must permit intervention by anyone who:

> "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The D.C. Circuit analyzes four requirements:

1. the application to intervene is timely;
2. the proposed intervenor possesses a legally protected interest;
3. disposition of the action may, as a practical matter, impair or impede that interest; and
4. the existing parties may not adequately represent the proposed intervenor's interest.

*Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).

A proposed intervenor must also establish Article III standing where required by D.C. Circuit precedent. See *Crossroads*, 788 F.3d at 316; *Jones v. Prince George's County*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).

Article III requires an injury that is concrete and particularized and actual or imminent, that is fairly traceable to the challenged conduct, and that is likely to be redressed by favorable judicial relief.

# III. ARGUMENT

## A. Parker's Motion Is Timely.

Parker seeks intervention while the action remains pending and while the Court and parties are actively addressing Defendant's compliance with the Epstein Files Transparency Act and the Court's preliminary-injunction order.

Parker did not wait until final judgment to assert his interest. His need to intervene became substantially clearer as the litigation progressed from a general challenge to Defendant's compliance with the Act into judicial consideration of particular categories of redactions and withheld records.

Although the Court has already entered preliminary injunctive relief, the merits have not been finally *adjudicated and questions concerning the scope of Defendant's disclosure obligations remain before the* Court.

Parker proposes limited intervention directed principally toward the disclosure, preservation, and treatment of records potentially relevant to his interests. His participation therefore need not require reopening matters already adjudicated or delaying resolution of Plaintiff's claims.

Accordingly, intervention at this stage would not unfairly prejudice the existing parties.

## B. Parker Claims an Interest Relating Directly to the Transaction That Is the Subject of This Action.

The central transaction in this action is Defendant's implementation of the Epstein Files Transparency Act, including the disclosure, withholding, retraction, and redaction of records covered by that statute.

Parker's asserted interest is not merely ideological disagreement with Defendant's implementation of the Act or a generalized desire, shared equally by every member of the public, to inspect government records.

Rather, Parker has undertaken separate litigation and preservation activities in which he seeks evidence concerning particular persons, events, communications, travel, electronic records, and other evidence that he believes may overlap with materials within the government's Epstein-related files.

Parker therefore seeks access to potentially relevant evidence for purposes materially different from *ordinary public curiosity: evaluating potential claims; determining whether evidence exists that supports* or contradicts allegations relevant to his litigation; preserving evidence before it is lost; identifying potential witnesses or custodians; authenticating records; and determining whether additional discovery or preservation requests are warranted.

The D.C. Circuit has explained that a proposed intervenor need not establish an independent cause of action merely to intervene in an existing action. See *Jones*, 348 F.3d at 1017–18.

Parker accordingly claims an interest sufficiently connected to the records and disclosure practices that constitute the subject matter of this action.

## C. Disposition of This Case May Practically Impair Parker's Ability to Protect His Interest.

This action may determine what materials Defendant must disclose, what information may remain redacted, whether previously retracted materials must be restored, whether additional materials must be produced, and what explanation must accompany remaining redactions.

Those determinations may practically affect Parker's ability to determine whether government records *contain evidence relevant to his separate litigation interests.*

If this action terminates with categories of records remaining withheld or redacted, Parker may be unable to identify whether particular materials bear upon his claims or preservation efforts. Likewise, if records are treated as lawfully withheld without Parker having an opportunity to identify his distinct interest in them, the practical value of those materials to Parker may be permanently diminished.

Rule 24(a)(2) requires practical impairment, not certainty that the proposed intervenor will ultimately lose a separate cause of action.

Because this case concerns whether the government must make the very records at issue publicly available, its disposition may practically impair Parker's ability to protect his asserted evidentiary and litigation interests.

## D. The Existing Parties Do Not Necessarily Adequately Represent Parker's Distinct Interest.

Plaintiff and Parker share an interest in lawful implementation of the Epstein Files Transparency Act, but their interests are not identical.

Plaintiff alleges a professional and journalistic injury. Her Complaint explains that she is an attorney, journalist, and legal analyst who has extensively reported about Epstein and his network and that incomplete disclosure makes it more difficult for her to perform that work.

Parker's interest is instead focused on the personal interest of Microsoft Executives and how they use their applications to inappropriately access private data. Changes to his documents has been occurring since 2019 by someone live at night.

That distinction may matter when deciding which documents, names, communications, dates, custodians, *or categories of information warrant particular attention.*

Plaintiff has no obligation to investigate or litigate Parker's separate evidentiary interests, nor should she be required to do so.

Similarly, Defendant plainly cannot be expected to represent Parker's asserted interest in obtaining information that Defendant contends may lawfully be withheld or redacted.

The existing parties therefore do not necessarily adequately represent Parker's distinct interest.

### E. Parker Has Article III Standing to the Extent Required for Intervention.

Parker respectfully submits that his asserted injury is the loss of access to potentially relevant evidence that he seeks for identifiable litigation and preservation purposes, rather than a purely abstract disagreement concerning governmental compliance with federal law.

Parker has already undertaken concrete preservation efforts seeking categories of records that may overlap with records encompassed by the Epstein Files Transparency Act.

The challenged withholding and redaction practices impede Parker's ability to determine whether those government records contain evidence responsive to those identified subjects. That injury is traceable to the disclosure practices challenged in this action.

The requested relief would redress that injury because requiring Defendant to remove unlawful redactions, restore improperly retracted records, produce improperly withheld materials, and explain lawful redactions would permit Parker to determine whether responsive evidence exists and, where appropriate, take further lawful steps to preserve or obtain it.

Parker therefore respectfully submits that his asserted interest is concrete and particularized rather than simply a generalized interest in governmental compliance with the law.

## IV. ALTERNATIVELY, THE COURT SHOULD PERMIT LIMITED INTERVENTION UNDER RULE 24(b).

If the Court concludes that Parker has not satisfied every requirement of Rule 24(a)(2), Parker alternatively requests permissive intervention under Rule 24(b)(1)(B).

Rule 24(b) permits intervention on timely motion where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."

Parker's requested participation presents common questions concerning:

- what materials are covered by the Epstein Files Transparency Act;
- what categories of information Defendant may lawfully redact;
- whether Defendant has improperly withheld covered records;
- whether previously produced records may lawfully be retracted;

- whether Defendant has complied with statutory requirements governing explanations for redactions; and
- what relief is appropriate for noncompliance.

Limited intervention would not require the Court to adjudicate Parker's separate allegations against nonparties. Parker does not ask this Court, through intervention, to determine the truth or falsity of those allegations.

Instead, Parker seeks participation concerning the disclosure and preservation of records governed by the same statute already before the Court.

The Court can further avoid delay or prejudice by limiting Parker's participation to matters concerning disclosure, preservation, redaction, and production of records relevant to the existing action.

## V. THE COURT MAY LIMIT THE SCOPE OF INTERVENTION IF NECESSARY.

If the Court determines that unrestricted intervention could complicate the litigation, Parker respectfully requests intervention subject to reasonable limitations.

For example, the Court could permit Parker to:

1. receive filings and orders in this action;
2. submit briefing concerning categories of records in which Parker demonstrates a particularized litigation or evidentiary interest;
3. address whether particular categories of redactions or withholding comply with the Epstein Files Transparency Act;
4. request preservation of potentially responsive records pending adjudication; and
5. participate in proceedings concerning remedies for noncompliance with the Act.

Parker does not presently seek to expand this action into adjudication of his separate claims against private parties or to require Plaintiff to litigate those matters on his behalf.

Limited intervention would preserve Parker's interests while avoiding unnecessary disruption of the existing litigation.

## VI. CONCLUSION

For the foregoing reasons, Proposed Intervenor Andrew Parker respectfully requests that this Court:

1. **GRANT** his Motion to Intervene as of Right pursuant to Federal Rule of Civil Procedure 24(a)(2);
2. alternatively, **GRANT** permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B);

3. permit Parker to participate as a limited plaintiff-intervenor concerning Defendant's disclosure, withholding, redaction, retraction, and preservation of records subject to the Epstein Files Transparency Act; and
4. grant such other and further relief as the Court considers just and proper.

Respectfully submitted,

**Andrew Parker**
*Proposed Plaintiff-Intervenor, Pro Se*

4374 Galen Court, Birmingham AL
205-587-0174
drewparker958@gmail.com

Dated: August 20, 2026

**Certificate of Service:** I hereby certify that on August 20, 2026, I caused to be served the foregoing MOTION TO INTERVENE and accompanying Memorandum of Law in support of it via DCD filing, FirstClass Mail and e-mail on the Parties at the following addresses:

Brendan Ballou (D.C. Bar No. 241592) Public Integrity Project 1763 Columbia Rd. NW Ste. 175 Washington, DC 20009 Tel. (917) 684-3900 brendan@publicintegrityproject.org Stanley E. Woodward, Jr. (D.C. Bar No. 997320)

Associate Attorney General U.S. Department of Justice 950 Pennsylvania Ave., N.W. Washington, DC 20530 Tel. 202-514-2000 stanley.woodward@usdoj.gov

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAILROOM
AUG 24 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**KATIE PHANG,**
Plaintiff,

v.

**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,**
Defendant.

ES: Judge Initials

Civil Action No. **1:26-cv-01417-EGS**

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, a court must permit intervention by anyone who:

> "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The D.C. Circuit analyzes four requirements:

5. the application to intervene is timely;
6. the proposed intervenor possesses a legally protected interest;
7. disposition of the action may, as a practical matter, impair or impede that interest; and
8. the existing parties may not adequately represent the proposed intervenor's interest.

*Crossroads Grassroots Policy Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).

A proposed intervenor must also establish Article III standing where required by D.C. Circuit precedent. See *Crossroads*, 788 F.3d at 316; *Jones v. Prince George's County*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).

Article III requires an injury that is concrete and particularized and actual or imminent, that is fairly traceable to the challenged conduct, and that is likely to be redressed by favorable judicial relief.

Parker's interest is instead focused on the personal interest of Microsoft Executives and how they use their applications to inappropriately access private data.

18

Possible basis for illegal activity

18 U.S.C. § 1030 – the Computer Fraud and Abuse Act, which prohibits certain unauthorized access to protected computers and unauthorized alteration of data.

18 U.S.C. § 1512(c) – prohibits corruptly altering, destroying, or concealing records or documents with the

intent to impair their use in an official proceeding.

18 U.S.C. § 1519 – prohibits knowingly altering, destroying, falsifying, or making false entries in documents or records with the intent to impede or influence a federal investigation or the proper administration of a matter within federal jurisdiction.

18 U.S.C. § 1503 – the federal obstruction of justice statute, which may apply if someone corruptly interferes with the administration of justice.

Respectfully submitted this 20th day of August, 2026,

**CERTIFICATE OF COMPLIANCE** This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman. /s/ K. L. Smith K.