RECEIVED
MAILROOM
AUG 24 2026
Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

**KATIE PHANG,**
Plaintiff,

v.

**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,**
Defendant.

Civil Action No. **1:26-cv-01417-EGS**

# PROPOSED COMPLAINT IN INTERVENTION OF ANDREW PARKER

Proposed Plaintiff-Intervenor **Andrew Parker**, appearing pro se, for his Complaint in Intervention against Dcfcndant Todd Blanchc, in his official capacity, allcgcs as follows:

## I. INTRODUCTION

1. *This action concerns the disclosure, withholding, redaction, retraction, and preservation of* records subject to the **Epstein Files Transparency Act**, Pub. L. No. 119-38, 139 Stat. 656 (2025) ("EFTA" or "the Act").

2. Plaintiff Katie Phang alleges that Defendant has failed fully to comply with the Act by, among other things, unlawfully redacting covered materials, inadequately explaining redactions, retracting previously produced materials, and failing to produce other records required to be made publicly available.

9

3. Parker seeks to intervene because he possesses an additional and particularized interest in identifiable categories of records potentially encompassed by the government's Epstein-related files.

4. Parker has undertaken separate litigation and evidence-preservation efforts involving particular persons, events, communications, travel records, electronic information, and other evidence that may overlap with materials subject to the Act.

5. Parker's interest is therefore not based merely upon a generalized desire for governmental transparency or public access to government records.

6. Rather, Parker seeks access to potentially relevant evidence for purposes including evaluating existing or potential legal claims, identifying witnesses or custodians, authenticating evidence, determining whether additional discovery or preservation efforts are necessary, and determining whether evidence exists that supports or contradicts matters relevant to his litigation interests.

7. Parker does not ask this Court in this action to determine whether any separate allegation involving a nonparty is true.

8. Nor does Parker seek through intervention to transform this proceeding into adjudication of claims against Microsoft, Google, Apple, the Gates Foundation, or any other nonparty.

9. Parker instead seeks relief concerning Defendant's disclosure, withholding, redaction, retraction, and preservation of records governed by the same statute already at issue in this action.

## II. PARTIES

10. Plaintiff Katie Phang is an attorney and independent journalist who alleges that Defendant's failure fully to disclose materials required by EFTA interferes with her ability to investigate and report upon Jeffrey Epstein, Ghislaine Maxwell, their associates, and the government's investigation.

11. Plaintiff-Intervenor Andrew Parker is an individual proceeding pro se.

12. Parker has undertaken separate federal litigation and evidence-preservation efforts involving records that he believes may overlap with information contained in materials subject to EFTA.

13. Defendant Todd Blanche is sued solely in his official capacity as Acting Attorney General of the United States.

14. The Department of Justice possesses or controls records potentially subject to the disclosure requirements challenged in this action.

## III. JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including EFTA and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.

16. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17. This Court has authority under 5 U.S.C. § 706 to compel agency action unlawfully withheld or unreasonably delayed and to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

18. Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendant is an officer of the United States sued in his official capacity and the relevant federal agency actions occurred or are administered in this District.

## IV. FACTUAL ALLEGATIONS

### A. The Epstein Files Transparency Act

19. Congress enacted the Epstein Files Transparency Act to require disclosure of covered unclassified records, documents, communications, and investigative materials relating to Jeffrey Epstein, Ghislaine Maxwell, and associated matters, subject to the exceptions provided by law.

20. Defendant is responsible for implementing the Act with respect to records possessed or controlled by the Department of Justice and its components.

21. The disclosure obligations at issue encompass decisions concerning whether covered records are released, withheld, redacted, retracted, or otherwise made unavailable to the public.

22. Plaintiff alleges in the underlying action that Defendant has imposed unlawful redactions, failed adequately to explain redactions, retracted previously released materials, and failed to produce other materials required by the Act.

23. Plaintiff seeks relief including removal of unlawful redactions, explanation of remaining lawful redactions, reproduction of improperly retracted materials, and production of covered materials that have not been produced.

### B. Parker's Evidence-Preservation Efforts

24. Parker has undertaken evidence-preservation efforts concerning matters relevant to existing or reasonably anticipated litigation.

25. Those efforts preceded this proposed intervention and concern identifiable categories of records rather than an undifferentiated request for access to all government information.

26. Parker has sent or prepared preservation demands seeking preservation of electronically stored information, communications, metadata, account information, travel information, and related records.

27. Those preservation efforts have included requests directed to Microsoft, Google, Apple, and the Gates Foundation.

28. Parker's preservation requests have sought records concerning travel and communications involving Bill Gates and Houston, Texas, including records concerning January 2010 travel.

29. Among other things, Parker has sought preservation of:

a. native electronic records and associated metadata;

b. travel calendars and itineraries;

c. travel authorization and expense records;

d. Houston-area calendar entries;

c. communications conccrning January 2010 Houston travcl;

f. security-detail itineraries and related security records;

g. electronic communications and attachments;

h. records reflecting creation, modification, deletion, or preservation of responsive electronic communications;

i. records concerning allegations received by relevant organizations; and

j. records concerning preservation instructions, investigations, incident reports, referrals, or communications relating to such allegations.

30. Parker has also undertaken preservation efforts concerning the integrity of electronic documents used in his separate litigation.

31. Parker's purpose in seeking those materials is to identify and preserve evidence capable of proving or disproving matters relevant to his legal interests.

32. Parker does not allege in this Complaint that his preservation requests themselves establish the truth of any underlying allegation.

33. Instead, the existence, contents, provenance, metadata, and preservation history of responsive records may permit Parker to determine whether particular allegations are supported, contradicted, or unsupported by contemporaneous evidence.

### C. Relationship Between Parker's Interests and the Records at Issue Here

34. *Materials within the government's Epstein-related files may contain information* overlapping with categories of records Parker has already sought to preserve.

35. Potentially relevant information may include names, dates, locations, travel information, communications, investigative references, witness information, organizational information, electronic records, or other information capable of identifying additional sources of evidence.

36. Parker presently cannot know the complete contents of records that Defendant has withheld, retracted, or substantially redacted.

37. That inability is itself material to Parker's asserted interest because a redaction may conceal information necessary to determine whether a particular document falls within one of the evidentiary categories Parker has sought to preserve.

38. Similarly, a withheld or retracted document may prevent Parker from identifying the existence of a potentially relevant record, witness, custodian, communication, or source of evidence.

39. Parker does not contend that every record governed by EFTA relates to his separate interests.

40. Nor does Parker contend, absent evidentiary support, that any particular withheld document necessarily establishes his separate allegations.

41. *Parker instead alleges that* Defendant's challenged withholding, redaction, and retraction practices prevent him from determining whether particular records overlap with identifiable evidentiary categories he has already sought to preserve.

42. Disclosure of records required by the Act would permit Parker to make that determination and, *where appropriate, pursue additional lawful preservation, investigation, discovery, or* litigation procedures.

## V. INJURY TO PLAINTIFF-INTERVENOR

43. Parker has a particularized interest in identifying and preserving evidence potentially relevant to his existing or anticipated litigation.

44. The usefulness of such evidence may depend upon its timely identification, preservation, authentication, and comparison with other records.

45. Defendant's alleged unlawful withholding and redaction of covered records impairs Parker's ability to determine whether government records contain evidence within the categories he has already identified.

46. Retraction of previously disclosed materials can similarly prevent Parker from identifying and evaluating potentially responsive evidence.

47. The injury alleged by Parker therefore differs from a generalized objection to governmental noncompliance with federal law.

48. Parker has undertaken concrete preservation efforts directed toward identifiable subjects and categories of evidence.

49. Defendant's challenged disclosure practices impede Parker's ability to determine whether responsive government records exist.

50. An order requiring Defendant to comply with EFTA by removing unlawful redactions, restoring improperly retracted records, producing improperly withheld materials, and providing legally adequate explanations for remaining redactions would substantially redress that injury.

## VI. COUNT I

**EPSTEIN FILES TRANSPARENCY ACT — FAILURE TO DISCLOSE COVERED MATERIALS AS REQUIRED BY LAW**

51. Parker incorporates paragraphs 1 through 50 as though fully set forth herein.

52. EFTA imposes disclosure obligations concerning covered Department of Justice records.

53. Defendant is responsible for compliance with those obligations.

54. Defendant may withhold or redact information only to the extent authorized by the Act and other applicable law.

55. *Plaintiff* in the underlying action alleges that Defendant has withheld covered materials, imposed redactions not authorized by law, retracted previously produced materials, and failed to provide adequate explanations for redactions.

56. To the extent Defendant has withheld, redacted, or retracted covered materials contrary to EFTA, *those actions violate the Act.*

57. Such violations impair Parker's ability to determine whether those records contain evidence within the identifiable categories he has already sought to preserve.

58. Parker is therefore entitled, to the extent authorized by law, to declaratory and equitable relief requiring compliance with EFTA.

## VII. COUNT II

**ADMINISTRATIVE PROCEDURE ACT — AGENCY ACTION UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED**

**5 U.S.C. § 706(1)**

59. Parker incorporates paragraphs 1 through 58 as though fully set forth herein.

60. The Administrative Procedure Act directs a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

61. To the extent EFTA imposes a discrete and legally required obligation upon Defendant to disclose covered materials, Defendant may not unlawfully withhold performance of that duty.

62. Defendant's failure to produce materials that EFTA specifically requires to be disclosed constitutes agency action unlawfully withheld to the extent the statutory prerequisites for relief under § 706(1) are satisfied.

63. Parker has been adversely affected by that withholding because it prevents him from determining whether covered government records contain evidence within the categories he has *specifically sought to preserve.*

64. Parker therefore seeks an order compelling Defendant to perform any discrete disclosure duties that EFTA requires and that remain unlawfully unperformed.

## VIII. COUNT III

**ADMINISTRATIVE PROCEDURE ACT — ARBITRARY, CAPRICIOUS, OR OTHERWISE UNLAWFUL AGENCY ACTION**

**5 U.S.C. § 706(2)**

65. Parker incorporates paragraphs 1 through 64 as though fully set forth herein.

66. *Under 5 U.S.C. § 706(2)(A), a reviewing court shall hold unlawful and set aside agency* action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

67. Defendant's implementation of EFTA, including final decisions concerning disclosure, redaction, withholding, and retraction of covered materials, is subject to judicial review to the extent provided by the APA and applicable law.

68. To the extent Defendant has imposed redactions without a lawful statutory basis, withheld records that EFTA requires to be disclosed, retracted records without lawful justification, or failed adequately to explain disclosure decisions as required by law, those actions are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

69. Defendant's challenged actions impair Parker's ability to identify potentially responsive evidence within categories he has previously sought to preserve.

70. Parker therefore seeks appropriate relief under 5 U.S.C. § 706(2).

## IX. COUNT IV

**DECLARATORY RELIEF**

**28 U.S.C. §§ 2201–2202**

71. Parker incorporates paragraphs 1 through 70 as though fully set forth herein.

72. *An actual controversy exists concerning Defendant's compliance with the disclosure* obligations imposed by EFTA.

73. The controversy affects Parker because the challenged withholding, redaction, and retraction of records prevents him from determining whether government records contain potentially relevant evidence within categories he has previously identified.

74. A declaration concerning Defendant's obligations and the legality of the challenged disclosure practices would clarify the parties' respective legal rights and obligations.

75. Parker therefore requests declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 to the extent such relief is otherwise authorized.

## X. REQUEST FOR LIMITED RELIEF

WHEREFORE, Plaintiff-Intervenor Andrew Parker respectfully requests that the Court:

A. Declare that Defendant must comply with the disclosure requirements of the Epstein Files Transparency Act;

B. Declare unlawful any redactions, withholding, or retractions that are not authorized by EFTA or other applicable law;

C. Order Defendant to remove redactions that the Court determines are unlawful;

D. Order Defendant to provide the legally required basis or explanation for any redactions that remain;

E. Order Defendant to restore or reproduce covered materials that were previously produced and subsequently retracted without lawful justification;

F. Order Defendant to produce covered materials unlawfully withheld or omitted from the required production;

G. Require Defendant to preserve records whose disclosure or withholding remains at issue during the pendency of this action, to the extent necessary and authorized by law to preserve the Court's ability to provide effective relief;

H. Permit Parker, subject to reasonable limitations imposed by the Court, to identify categories of records in which he demonstrates a particularized evidentiary interest;

I. Grant declaratory and injunctive relief consistent with the relief sought in the underlying action and Parker's limited role as Plaintiff-Intervenor; and

J. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Andrew Parker**
Plaintiff-Intervenor, Pro Se
4374 Galen Court
Birmingham, AL 35242
Telephone: 205-587-0174
Email: drewparker958@gmail.com

Dated: August 20, 2026