**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE,<br>in his official capacity as Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**REPLY ON PROPOSED ORDER**

## I. Introduction

The Defendant, Attorney General Todd Blanche, objects—yet again—to complying with this Court's orders. On June 25, 2026, this Court issued a preliminary injunction directing the Defendant to, among other things: (1) Produce the FBI interview notes underlying several FD-302s that referenced President Donald J. Trump, or show cause why he could not; and (2) Publish the redaction log required by Section 2(c)(2) of the Epstein Files Transparency Act (the "Epstein Act" or the "Act"), or show cause why he could not.

The Defendant refused to comply, forcing this Court to hold a hearing on the matter. There, counsel for the Defendant repeated unsupported and unpersuasive arguments as to why it could not timely produce the FBI notes or redaction log. *See, e.g.*, Aug. 13, 2026 Hearing Tr. at 8 ("THE COURT: The defendant was directed to show cause why it [the FBI notes] should not be produced. What's the answer? MR. BLOCK: The answer, Your Honor, is that they are duplicative documents. THE COURT: Well, that's what the defendant says. The Court doesn't know that."); *id.* at 19 ("MR. BLOCK: Again, Your Honor, it [the redaction log] is forthcoming.

I don't have anything to say to the Court beyond I know it's in the process. THE COURT: I mean, Christmas is forthcoming. Let's be realistic.").

The Court ultimately directed Plaintiff to draft a proposed order on the FBI notes and redaction log, which Plaintiff did. ECF No. 32. Plaintiff also submitted a Notice demonstrating that despite Defendant's assertions otherwise, Defendant has produced numerous handwritten FBI interview notes underlying other FD-302 reports. ECF No. 33.

The Defendant ignores the Notice and opposes the proposed order, reiterating once more his general objection to producing the handwritten notes, but adding a twist: he now claims to have published the required redaction log in the Federal Register. The arguments on the FBI notes are unpersuasive, and the claimed "redaction log" utterly fails to comply with the Epstein Act. This Court should direct the Defendant to submit for in camera review the handwritten notes so the Court can determine whether the Defendant's objections are well-founded (as they clearly are not), and direct the Defendant to produce a redaction log that actually complies with the law.

## II. FBI Interview Notes

This Court, in its preliminary injunction order, directed Defendant to "either produce to the public the underlying FBI interview notes that formed the basis for the FD-302 interview reports bearing Bates numbers EFTA01245620, EFTA02858481, EFTA02858491, and EFTA02858495, with appropriate redactions to protect victims' information, or show cause why the notes should not be produced." ECF No. 15 at 2. The Defendant failed to comply, instead asserting that he did not need to produce the notes, *first* because they were "substantially similar" to the FD-302s that were already produced, and *second* because reviewing handwritten notes was unduly burdensome and might inadvertently reveal victim information.

The Epstein Act does not list "substantial similarity" as one of the bases for refusing to produce documents. *See* Epstein Act Sec. 2(a)(1)-(9). As the Court has repeatedly observed, it is not sufficient for the Defendant to merely assert without evidence that documents are substantially similar. *E.g.*, Aug. 13, 2026 Hearing Tr. at 10 ("MR. BLOCK. . . . the Department had determined that these documents were duplicative, so they fell outside – THE COURT: The Department may well be correct, but the Court needs to be in a position to say the Court either agrees with the Department or disagrees"). Something more is required to comply with the Court's order.

The Defendant's second argument—that handwritten documents cannot be reviewed for risk of accidental disclosure of victim information—is similarly unpersuasive. At oral argument, counsel for the Defendant incorrectly asserted that no handwritten notes for FBI reports had been produced. Aug. 13, 2026 Hearing Tr. at 8. But in fact, as Plaintiff noted, the Defendant has produced nearly 100 handwritten notes, including notes that formed the basis for other FBI FD-302 reports. ECF No. 33.

In his opposition, Defendant does not even try to argue that the handwritten notes mentioning the President at issue here are somehow more difficult to review than the hundreds of pages of handwritten notes Defendant already produced. Nor can he. The typed FD-302s for which Plaintiff seeks the underlying notes are, in total, just 25 pages; the handwritten notes are presumably not much longer, if at all. The Attorney General commands perhaps the largest law firm in America and can find a way to reliably review approximately 25 pages to ensure victim information is not revealed.

All parties share the objective of not releasing genuine victim information. Accordingly, the Court should direct Defendant to produce, within five days, the unredacted, underlying

handwritten notes for in camera review. The Court can then decide whether and how to publish these documents.

## III. Redaction Log

The Court, in its preliminary injunction order, directed the Defendant to "either publish in the Federal Register the redaction log required under Epstein Files Transparency Act Section 2(c)(2), and update it concurrently with each future release of redacted materials; or show cause why he cannot do so." ECF No. 15 at 2. After much foot-dragging the Defendant claims to have now complied with this direction, publishing in the Federal Register a six-page letter it produced to Congress more than six months ago. ECF No. 37 (citing 91 Fed. Reg. 55356, https://www.govinfo.gov/content/pkg/FR-2026-08-27/pdf/2026-17533.pdf). As explained below, this belatedly published letter is also offensively insufficient to comply with the Defendant's obligations under Section 2(c)(2).

The Epstein Act has two relevant disclosure obligations. Section 3 requires the Attorney General, within 15 days of otherwise complying with the Act, to submit to Congress a report describing the "categories of records released and withheld," the government officials and other "politically exposed persons" mentioned in the materials, and a "summary" of redactions made. Separately, Section 2(c)(2) of the Act requires the Defendant to explain each individual redaction, directing that "All redactions must be accompanied by a written justification published in the Federal Register and submitted to Congress."

In its filing, the Defendant tries to pass off its high-level letter required under Section 3 as the detailed redaction log required under Section 2(c)(2). It is obvious that the letter responds to Section 3—not Section 2(c)(2)—because the Defendant, himself, says so. The very first sentence of the letter begins "Section 3 of the Epstein Files Transparency Act ("the Act") requires the

Department of Justice, within 15 days of completing the release required under the Act, to submit to the House and Senate Committees on the Judiciary, a report . . . ." 91 Fed. Reg. 55357. It continues, "Consistent with Section 3 of the Act, the Department provides the following information," *id.*, and proceeds to purport to provide the information called for by Section 3 of the Act.

The Defendant's apparent argument is that its reporting obligations under Section 2(c)(2) and Section 3 are the same. They are not. "[T]he cardinal rule of statutory interpretation [is] that no provision should be construed to be entirely redundant." *Kungys v. United States*, 485 U.S. 759, 778 (1988) (plurality opinion of Scalia, J.). Section 2(c)(2) requires an explanation for each individual redaction, while Section 3 requires only a summary of all redactions. Specifically, Section 2(c)(2) directs that "[a]ll redactions . . . be accompanied by a written justification," while Section 3 directs Defendant simply to produce a "summary of redactions." "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Congress could have used the word "summary" in Section 2(c)(2)—as it did in Section 3—but conspicuously chose not to.

The Attorney General has merely republished a summary he already made public to purportedly satisfy the requirements of Section 2(c)(2) and this Court's orders. This is painfully insufficient, and this Court should direct the Attorney General to publish, within 10 days, the "written justification" for "all redactions made", as is required by the Epstein Act.

## IV. Request for Stay

Finally, the Defendant once again argues that these proceedings should be stayed pending appeal. Previously, he argued that he could not appeal this case. ECF No. 19 ("the Government views the Court's Order as more in the nature of an (unappealable) show cause order . . . ."). His position appears to have now changed, and he has filed what he describes as a "protective notice of appeal." ECF No. 35. But the Defendant has not actually filed any motion to stay this Court's preliminary injunction or the current proceedings or made any substantive argument why these proceedings should be stayed. The Defendant's argument can be dismissed on that basis alone.

Nevertheless, even if the Defendant made these arguments in a motion, they would be losing ones. "In the D.C. Circuit, a court assesses four factors when considering a motion to stay an injunction pending appeal: (1) the moving party's likelihood of success on the merits of its appeal, (2) whether the moving party will suffer irreparable injury, (3) whether issuance of the stay would substantially harm other parties in the proceeding, and (4) the public interest." *Doe 2 v. Mattis*, 344 F. Supp. 3d 16, 20 (D.D.C. 2018). In granting her motion for preliminary injunction, the Court has already resolved factors (1), (3), and (4) in Plaintiff Katie Phang's favor. On the remaining factor—irreparable harm to the Defendant—the Defendant cannot circumvent "well-established jurisprudence recognizing that administrative burdens and staffing limitations fail to constitute irreparable harms in this manner." *Center For Biological Diversity, v. U.S. Office Of Surface Mining Reclamation And Enforcement, et al.*, No. CV 23-3343 (SLS), 2026 WL 2415735, at *4 (D.D.C. Aug. 19, 2026). The Attorney General of the United States must spend time and effort to follow the law, but that is not a harm, let alone an irreparable one.

## V. Conclusion

To compel the Defendant to follow the Epstein Files Transparency Act, as well as this Court's orders, the Court should direct an in camera review of the FBI interview notes, and direct Defendant to produce a complete redaction log.

Dated: September 2, 2026

Respectfully submitted,

/s/ Brendan Ballou

**Public Integrity Project**
Brendan Ballou
D.C. Bar No. 241592
Emily Gilman
D.C. Bar No. 1740641
ballou@publicintegrityproject.org
emily@publicintegrityproject.org
(917) 684-3900

*Attorneys for Plaintiff Katie Phang*