**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Two motions are pending before the Court: (1) Plaintiff's Motion to Compel Answer and Other Relief ("Mot. to Compel Answer"), *see* ECF No. 27;[1] and (2) Defendant's Motion to Stay All filing Deadlines *Nunc Pro Tunc* Pending Resolution of the Motion for Preliminary Injunction and Motion to Set Briefing Schedule ("Mot. to Stay Deadlines"), *see* ECF No. 28. For the reasons explained below, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's motion.

## I. Motion to Compel Answer

Defendant's deadline to respond to the Complaint was June 26, 2026. *See* Dkt. Entry (May 5, 2026). Defendant did not file a response. *See generally* Dkt. for Civil Action No. 26-1417. Nor

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

did he move for an extension of time to file a response prior to the deadline. *See generally id*. Nor did he move for an extension of time to file a response after the deadline had passed. *See generally id*. Plaintiff now moves the Court to enter a scheduling order requiring Defendant to file the Answer to the Complaint and to produce the Administrative Record by dates certain. Defendant did not file a response to Plaintiff's motion. *See generally id.*

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Pursuant to this authority, the Court will allow Defendant to late-file the Answer. Allowing Defendant to late-file the Answer even though Defendant has not moved to do so "comports with this Circuit's strong preference in 'favor of resolution of genuine disputes on their merits.'" *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 48 (D.D.C. 2014) (quoting *Jackson v. Beech*, 636 F.2d 831, 832 (D.C. Cir. 1980)). Accordingly, Defendant shall file his Answer to the Complaint by no later than September 24, 2026.

Plaintiff argues that the Court should not allow Defendant to late-file a motion to dismiss, however, because the Court has already rejected Defendant's jurisdictional arguments in its Memorandum Opinion and Order granting Plaintiff's Motion for

Preliminary Injunction, and because allowing Defendant to file a motion to dismiss will further delay the proceedings. *See* Mot. to Compel Answer, ECF No. 27 at 2. The Court agrees with Plaintiff. And because Defendant did not file a response to Plaintiff's motion, Defendant has conceded the issue. *Cf. Texas v. United States,* 798 F.3d 1108, 1110 (D.C. Cir. 2015) (stating that D.D.C. Local Rule 7(b) is "understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded" (internal citation omitted)).

Plaintiff also moves the Court to require Defendant to produce the Administrative Record. *See* Mot. to Compel Answer, ECF No. 27 at 3. Defendant has also conceded this issue. Local Civil Rule 7(n)(1) provides that

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

Accordingly, Defendant shall file a certified list of the contents of the Administrative Record by no later than October 1, 2026; and shall produce the Administrative Record to the Plaintiff by no later than October 15, 2026.

## II. Motion to Stay All Filing Deadlines Nunc Pro Tunc and to Set Briefing Schedule

A few minutes after Plaintiff filed her Motion to Compel Answer on August 5, 2026, Defendant filed his Motion to Stay Deadlines. *See* Mot. to Stay, ECF No. 28. Defendant asks the Court to: (1) stay all pending deadlines *nunc pro tunc*; and (2) require Defendant to respond to the Complaint within sixty (60) days "after resolution of Plaintiff's pending motion for preliminary injunction." *Id.* at 1. Defendant states that he intends to file a motion to dismiss and that the 60-day period reasonably aligns with his appellate rights. *Id.* at 3, 4.[2] Plaintiff opposes the motion, but also states that she does not oppose a short extension of time for Defendant to file an Answer to the Complaint. Opp'n, ECF No. 30 at 7.

Despite the Court's issuance of its Memorandum Opinion and Order granting Plaintiff's Motion for Preliminary Injunction, *see Phang v. Blanche*, Civil Action No. 26-1417, ___ F. Supp. 3d ___ (2026), 2026 WL 1831251 (D.D.C. 2026); Defendant maintains that the Court has not yet resolved "threshold issues—including subject-matter jurisdiction, standing, and the merits of Plaintiff's [Administrative Procedure Act ("APA")] claim" because the Court's ruling on the Preliminary Injunction Motion

[2] The Court notes that Defendant filed a Notice of Appeal of the Court's Preliminary Injunction Order on August 24, 2026. *See* Notice of Appeal, ECF No. 35.

is not final. Mot. to Stay, ECF No. 28 at 2, 3 n.2. Defendant's contention is without merit. The Court did resolve those issues in its Memorandum Opinion and Order when it rejected Defendant's jurisdictional arguments. That the Court also directed Defendant to take certain actions or show cause why such actions could not be taken does not mean that the Court did not resolve "subject-matter jurisdiction, standing, and the merits of Plaintiff's APA claim." *Id.* In granting the Motion for Preliminary Injunction, the Court largely adopted Plaintiff's proposed order, which Defendant did not address in his opposition to the motion for preliminary injunction. *See generally* Opp'n to Mot. for Prelim. Inj., ECF No. 12.

The Court may, for good cause, extend the time period for a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The factors the Court considers in determining when a late filing may constitute "excusable neglect" are "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Action*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). "Excusable

neglect is an equitable concept that considers 'all relevant circumstances' surrounding the failure to act.... Generally, 'excusable neglect' does not require counsel to have been faultless, and 'inadvertence, mistake, or carelessness' can fall within the rule... [if there is] 'some reasonable basis' for not meeting [the] filing deadline." *Cohen v. Bd. of Trustees of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (internal citations omitted).

As an initial matter, Defendant has not moved for an extension of time but for a stay of deadlines *nunc pro tunc*. *See generally* Mot. to Stay, ECF No. 28. Defendant has not provided an analysis of each factor the Court is to consider when determining whether the missed deadline was a result of "excusable neglect." *See generally id.* Defendant claims that the deadline for responding to the Complaint would have been "June 26, 2026 had this case proceeded on a regular case schedule" and states that

> [t]o the extent any deadline was missed, that oversight, while regrettable, was not intentional and was not made in disregard of the Court's deadline. Rather, it occurred while the Department was fully and visibly engaged in defending this action. Additionally, it has not caused Plaintiff any undue prejudice, as reflected in their continuous participation in the preliminary injunction litigation.

Mot. to Stay, ECF No. 28 at 4.

Plaintiff argues that Defendant's failure to file a motion to dismiss was not an "oversight," but rather was "a calculated decision not to respond to the Complaint until Defendant decided the preliminary injunction proceedings were concluded." Opp'n, ECF No. 30 at 5 (citing statement by counsel for Defendant that "requiring responsive pleadings before resolution of the preliminary relief motions would serve no purpose, given that the scope of any Answer may well be shaped by the Court's ruling" on preliminary relief motions (ECF No. 27-2 at 3)).

Defendant has failed to comply with Federal Rule of Civil Procedure 6(b) because he has not filed a motion for extension of time to respond to the Complaint. Defendant has provided no support for his apparent contention that Plaintiff's filing of her Motion for Preliminary Injunction excused him from needing to file a response to the Complaint or even to file a motion for extension of time to respond to the Complaint. Defendant asserts that the missed deadline was an unintentional oversight but has provided no information that would enable the Court to determine that there was a "'some reasonable basis' for not meeting [the] filing deadline." *Cohen*, 819 F.3d at 479. Defendant asserts that there is no prejudice to Plaintiff because she has participated in the case. However, Plaintiff would clearly be prejudiced by a 60-day stay and subsequent motions practice on a motion to dismiss. And Defendant failed to address the second and fourth

excusable neglect factors at all. For all these reasons, the Court **DENIES** Defendant's Motion.

**III. Conclusion and Order**

For the reasons explained above, it is hereby

**ORDERED** that Plaintiff's Mot. to Compel Answer, ECF No. 27 **GRANTED**; and it is further

**ORDERED** that Defendant's Mot. to Stay Deadlines, ECF No. 28 is **DENIED**; and it is further

**ORDERED** that Defendant shall file his Answer by no later than September 24, 2026; and it is further

**ORDERED** that Defendant shall file a certified list of the contents of the Administrative Record by no later than October 1, 2026; and it is further

**ORDERED** that Defendant shall produce the Administrative Record to the Plaintiff by no later than October 15, 2026.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**September 16, 2026**