APPEAL,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:26−cv−01417−EGS

PHANG v. BLANCHE
Assigned to: Judge Emmet G. Sullivan
Case in other court: USCA, 26−05299
Cause: 05:551 Administrative Procedure Act

Date Filed: 04/27/2026
Jury Demand: Plaintiff
Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**KATIE PHANG** represented by

**Emily Danya Gilman**
PUBLIC INTEGRITY PROJECT
1763 Columbia Road NW
Suite 175
Washington, DC 20009
708−476−9569
Email: emily@publicintegrityproject.org
*ATTORNEY TO BE NOTICED*

**Samuel Ward−Packard**
PUBLIC INTEGRITY PROJECT LLC
1763 Columbia Rd NW
Ste 175 #357995
Washington, DC 20009
262−949−0973
Email: sam@publicintegrityproject.org
*ATTORNEY TO BE NOTICED*

**Brendan Ballou**
PUBLIC INTEGRITY PROJECT LLC
1763 Columbia Rd NW
Ste 175 #357995
Washington, DC 20009
917−684−3900
Email: brendan@publicintegrityproject.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**TODD W. BLANCHE**
*in his official capacity as Acting Attorney General of the United States*

represented by

**Andrew Block**
DOJ−OASG
Office of the Associate Attorney General
950 Pennsylvania Ave., NW
Washington, DC 20530
202−372−7565

Email: andrew.block@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Saifuddin Kalolwala**
DOJ−USAO
Civil Division
601 D Street NW
Washington, DC 20530
202−252−2550
Email: saifuddin.kalolwala@usdoj.gov
*TERMINATED: 09/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Edmund Woodward , Jr.**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW
Washington, DC 20530
771−220−9755
Email: stanley.woodward@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**K.L. SMITH**
*TERMINATED: 09/16/2026*

represented by **K.L. SMITH**
3649 Evergreen Pkwy.
#504
Evergreen, CO 80437
720−404−5383
PRO SE

**Movant**

**JANE DOE**

represented by **Brittany Henderson**
EDWARDS HENDERSON
425 North Andrew Avenue
Ste 2
Fort Lauderdale, FL 33301
954−524−2820
Fax: 954−524−2822
Email: brittany@cvlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**JANE DOE**

represented by **Brittany Henderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**ANDREW PARKER**
*TERMINATED: 09/16/2026*

represented by **ANDREW PARKER**
4374 Galen Court
Birmingham, AL 35242
205−587−0174
PRO SE

**Movant**

**M. EUGENE GIBBS−SQUIRES**

represented by **M. EUGENE GIBBS−SQUIRES**
UNKNOWN
843−610−0674
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2026 | 1 | COMPLAINT *against Todd Blanche* against KATIE PHANG with Jury Demand ( Filing fee $ 405 receipt number ADCDC−12382373) filed by KATIE PHANG. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons)(Ballou, Brendan) (Entered: 04/27/2026) |
| 04/27/2026 | 2 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by KATIE PHANG (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(Ballou, Brendan) (Entered: 04/27/2026) |
| 04/27/2026 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: No signature − Civil Cover Sheet. Please file the signed document using the event Errata. All filings must have an original signature or /s/ Attorney Name to represent an electronic signature of the filer. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmtm) (Entered: 04/27/2026) |
| 04/27/2026 | 3 | ERRATA *Civil Cover Sheet* by KATIE PHANG re 1 Complaint. (Ballou, Brendan) (Entered: 04/27/2026) |
| 04/27/2026 | 4 | NOTICE of Appearance by Samuel Ward−Packard on behalf of KATIE PHANG (Ward−Packard, Samuel) (Entered: 04/27/2026) |
| 04/27/2026 | | Case Assigned to Judge Emmet G. Sullivan. (zmtm) (Entered: 04/27/2026) |
| 04/27/2026 | 5 | SUMMONS (2) Issued Electronically as to U.S. Attorney General TODD BLANCHE and U.S. Attorney (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 04/27/2026) |
| 04/28/2026 | | MINUTE ORDER granting 2 Sealed Motion for Leave to File Document Under Seal pursuant to Local Civil Rule 5.1(c). Signed by Judge Emmet G. Sullivan on 4/28/2026. (lcegs1) (Entered: 04/28/2026) |
| 04/28/2026 | 6 | SEALED DOCUMENT filed by KATIE PHANG. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 04/29/2026) |
| 05/01/2026 | 7 | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 05/01/26. (Attachment: # 1 Exhibit 1) (mac) (Entered: 05/01/2026) |

| | | |
|---|---|---|
| 05/05/2026 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/27/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 6/26/2025.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/04/2026. (Ballou, Brendan) (Entered: 05/05/2026) |
| 05/28/2026 | 9 | MOTION for Preliminary Injunction by KATIE PHANG. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Katie Phang, # 3 Declaration of Samuel T. Ward−Packard, # 4 Text of Proposed Order)(Ward−Packard, Samuel) (Entered: 05/28/2026) |
| 05/29/2026 | | MINUTE ORDER. In view of 9 Motion for Preliminary Injunction, the following deadlines shall govern this matter: (1) Defendants shall file their opposition brief by 6/5/2026; (2) Plaintiff shall file her reply brief by 6/8/2026; and (3) the hearing on the Motion for Preliminary Injunction shall take place on 6/16/2026 at 11:00 am in Courtroom 24A. Signed by Judge Emmet G. Sullivan on 5/29/2026. (lcegs1) (Entered: 05/29/2026) |
| 05/29/2026 | | Set/Reset Deadlines/Hearings: Defendants Opposition Brief due by 6/5/2026. Plaintiff Reply Brief due by 6/8/2026. Preliminary Injunction Hearing set for 6/16/2026 at 11:00 AM in Courtroom 24A− In Person before Judge Emmet G. Sullivan. (mac) (Entered: 05/29/2026) |
| 05/29/2026 | 10 | NOTICE of Appearance by Saifuddin Kalolwala on behalf of TODD BLANCHE (Kalolwala, Saifuddin) (Entered: 05/29/2026) |
| 05/29/2026 | 11 | Consent MOTION to Continue *Scheduled Hearing* by TODD BLANCHE. (Kalolwala, Saifuddin) (Entered: 05/29/2026) |
| 06/01/2026 | | MINUTE ORDER granting 11 Consent Motion to Reschedule Hearing. The hearing scheduled for June 16, 2026 is CANCELLED and RESCHEDULED for June 30, 2026 at 1:00 pm in Courtroom 24A. Government counsel is reminded of the obligation to file a proposed order with each motion. See LCvR 7(c). Signed by Judge Emmet G. Sullivan on 6/1/2026. (lcegs1) (Entered: 06/01/2026) |
| 06/02/2026 | | NOTICE OF HEARING: The hearing currently scheduled for June 30, 2026 at 1:00PM in Courtroom 24A before Judge Emmet G. Sullivan will be made accessible to the public telephonically via the Courtroom Public Access Line. The Public Access telephone number is 1−833−990−9400, and the meeting ID is 712190216. The Court DIRECTS that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. (mac) (Entered: 06/02/2026) |
| 06/05/2026 | 12 | Memorandum in opposition to re 9 MOTION for Preliminary Injunction filed by TODD BLANCHE. (Kalolwala, Saifuddin) (Entered: 06/05/2026) |
| 06/08/2026 | 13 | REPLY to opposition to motion re 9 Motion for Preliminary Injunction filed by KATIE PHANG. (Ballou, Brendan) (Entered: 06/08/2026) |
| 06/24/2026 | 14 | |

| | | |
|---|---|---|
| | | NOTICE *of Supplemental Materials* by KATIE PHANG (Attachments: # 1 Affidavit)(Ballou, Brendan) (Entered: 06/24/2026) |
| 06/25/2026 | | MINUTE ORDER. In view of 14 Notice of Supplemental Materials, Defendant is ORDERED to file a response, without repeating arguments previously made, by no later than 1:00 pm today, June 25, 2026. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/25/2026 | | Set/Reset Deadlines: Defendant Response due no later than 1:00PM on 6/25/2026. (mac) (Entered: 06/25/2026) |
| 06/25/2026 | 15 | ORDER granting 9 Motion for Preliminary Injunction. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/25/2026 | 16 | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/25/2026 | | MINUTE ORDER. In view of 15 , 16 , Memorandum Opinion and Order granting 9 Motion for Preliminary Injunction, the hearing scheduled for 6/30/2026 is HEREBY CANCELLED. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/26/2026 | 17 | NOTICE of Appearance by Stanley Edmund Woodward, Jr on behalf of All Defendants (Woodward, Stanley) (Entered: 06/26/2026) |
| 06/26/2026 | 18 | NOTICE of Appearance by Emily Danya Gilman on behalf of KATIE PHANG (Gilman, Emily) (Entered: 06/26/2026) |
| 07/02/2026 | 19 | RESPONSE TO ORDER TO SHOW CAUSE re 15 Order on Motion for Preliminary Injunction filed by TODD BLANCHE. (Woodward, Stanley) (Entered: 07/02/2026) |
| 07/06/2026 | | MINUTE ORDER. In view of 15 Response to Order to Show Cause, Ms. Phang shall file a response by no later than July 13, 2026. The Attorney General shall file a reply by no later than July 20, 2026. Signed by Judge Emmet G. Sullivan on 7/6/2026. (lcegs1) (Entered: 07/06/2026) |
| 07/06/2026 | | Set/Reset Deadlines: Plaintiff Response due by 7/13/2026. Defendant Reply due by 7/20/2026. (mac) (Entered: 07/06/2026) |
| 07/13/2026 | 20 | RESPONSE TO ORDER OF THE COURT re Order, filed by KATIE PHANG. (Attachments: # 1 Text of Proposed Order)(Ballou, Brendan) (Entered: 07/13/2026) |
| 07/15/2026 | 21 | MOTION to Intervene by K.L. SMITH. (Attachments: # 1 Exhibit)(mg) (Entered: 07/17/2026) |
| 07/20/2026 | 22 | RESPONSE TO ORDER TO SHOW CAUSE re Order, filed by TODD BLANCHE. (Woodward, Stanley) (Entered: 07/20/2026) |
| 07/25/2026 | 23 | Order requiring Defendant to submit documents for in camera review. The parties are directed to read the attached Order upon receipt. Signed by Judge Emmet G. Sullivan on 7/25/2026. (lcegs1) (Entered: 07/25/2026) |
| 07/27/2026 | | Set/Reset Deadlines: Defendant Submission due no later than 3:00PM on 7/30/2026. (mac) (Entered: 07/27/2026) |
| 07/30/2026 | 24 | NOTICE of Appearance− Pro Bono by Brittany Henderson on behalf of Jane Doe (Henderson, Brittany) (Entered: 07/30/2026) |

| | | |
|---|---|---|
| 07/30/2026 | 25 | NOTICE *of Compliance* by TODD BLANCHE re 23 Order (Woodward, Stanley) (Entered: 07/30/2026) |
| 07/30/2026 | 26 | MOTION to Intervene *Motion of Non−Party Jane Doe for Leave to Intervene for the Limited Purpose of Preserving Victim Redactions, and For Leave to Proceed Pseudonymously to Submit Her Identity Ex Parte and Under Seal* by JANE DOE. (Attachments: # 1 Text of Proposed Order)(Henderson, Brittany) (Entered: 07/30/2026) |
| 08/05/2026 | 27 | MOTION to Compel *Answer* by KATIE PHANG. (Attachments: # 1 Declaration Ballou Decl., # 2 Exhibit Ex. A)(Ballou, Brendan) (Entered: 08/05/2026) |
| 08/05/2026 | 28 | MOTION to Stay re 1 Complaint *Nunc Pro Tunc* by TODD BLANCHE. (Kalolwala, Saifuddin). Added MOTION for Briefing Schedule on 8/10/2026 (mg). (Entered: 08/05/2026) |
| 08/06/2026 | 29 | ORDER scheduling status hearing. The parties are directed to read the attached Order upon receipt. Signed by Judge Emmet G. Sullivan on 8/6/2026. (lcegs1) (Entered: 08/06/2026) |
| 08/06/2026 | 41 | MOTION for Leave to File MOTION to Intervene by M. EUGENE GIBBS−SQUIRES. (Attachments: # 1 Exhibit)(mg) (Entered: 09/02/2026) |
| 08/07/2026 | | NOTICE OF HEARING: The hearing currently scheduled for August 13, 2026 at 1:00PM in Courtroom 24A before Judge Emmet G. Sullivan will be made accessible to the public telephonically via the Courtroom Public Access Line. The Public Access telephone number is 1−833−990−9400, and the meeting ID is 712190216. The Court DIRECTS that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. (mac) (Entered: 08/07/2026) |
| 08/11/2026 | 30 | Memorandum in opposition to re 28 MOTION to Stay re 1 Complaint *Nunc Pro Tunc* MOTION for Briefing Schedule filed by KATIE PHANG. (Gilman, Emily) (Entered: 08/11/2026) |
| 08/12/2026 | 31 | NOTICE of Appearance by Andrew Block on behalf of TODD BLANCHE (Block, Andrew) (Entered: 08/12/2026) |
| 08/13/2026 | | Set/Reset Hearings: Status Conference set for 8/13/2026 at 1:00 PM in Courtroom 24A− In Person (Audio Line Available) before Judge Emmet G. Sullivan. (mac) (Entered: 08/13/2026) |
| 08/13/2026 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 8/13/2026. The Court Heard Oral Arguments From The Parties. (Court Reporter LORRAINE HERMAN.) (mac) (Entered: 08/13/2026) |
| 08/20/2026 | 32 | NOTICE of Proposed Order by KATIE PHANG (Gilman, Emily) (Entered: 08/20/2026) |
| 08/20/2026 | 33 | NOTICE *regarding handwritten FBI interview notes* by KATIE PHANG (Gilman, Emily) (Entered: 08/20/2026) |
| 08/20/2026 | 34 | |

| | | |
|---|---|---|
| | | TRANSCRIPT OF STATUS CONFERENCE and ORAL ARGUMENT PROCEEDINGS, before Judge Emmet G. Sullivan, held on August 13, 2026. Page Numbers: 1−48. Date of Issuance: August 20, 2026. Court Reporter: Lorraine Herman. Email: Lorraine_herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/10/2026. Redacted Transcript Deadline set for 9/20/2026. Release of Transcript Restriction set for 11/18/2026.(Herman, Lorraine) (Entered: 08/20/2026) |
| 08/21/2026 | | MINUTE ORDER. In view of 32 Notice of Proposed Order and 33 Notice regarding handwritten FBI interview notes, Defendant shall submit a response by no later than August 27, 2026; and Plaintiff shall submit a reply by no later than September 3, 2026. Signed by Judge Emmet G. Sullivan on 8/21/2026. (lcegs1) (Entered: 08/21/2026) |
| 08/21/2026 | | Set/Reset Deadlines: Defendant Response due by 8/27/2026. Plaintiff Reply due by 9/3/2026. (mac) (Entered: 08/21/2026) |
| 08/24/2026 | 35 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 15 Order on Motion for Preliminary Injunction by TODD BLANCHE. Fee Status: No Fee Paid. (Block, Andrew) (Entered: 08/24/2026) |
| 08/24/2026 | 36 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 35 Notice of Appeal to DC Circuit Court. (mg) (Entered: 08/24/2026) |
| 08/24/2026 | 38 | MOTION to Intervene by ANDREW PARKER. (Attachments: # 1 Proposed Complaint, # 2 Text of Proposed Order)(mg) (Entered: 09/01/2026) |
| 08/25/2026 | | USCA Case Number 26−5299 for 35 Notice of Appeal to DC Circuit Court filed by TODD BLANCHE. (mg) (Entered: 08/25/2026) |
| 08/27/2026 | 37 | RESPONSE TO ORDER OF THE COURT re Order, *dated 8/21/2026* filed by TODD BLANCHE. (Block, Andrew) (Entered: 08/27/2026) |
| 08/31/2026 | | DEPOSIT of Funds into the Court's Registry in the amount of $ $1.00, Receipt Number 212494. (mg) (Entered: 09/01/2026) |
| 09/01/2026 | 39 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TODD BLANCHE. Attorney Saifuddin Kalolwala terminated. (Kalolwala, Saifuddin) (Entered: 09/01/2026) |
| 09/02/2026 | 40 | |

| | | |
|---|---|---|
| | | RESPONSE re 37 Response to Order of the Court filed by KATIE PHANG. (Ballou, Brendan) (Entered: 09/02/2026) |
| 09/16/2026 | 42 | MEMORANDUM OPINION AND ORDER granting 27 Motion to Compel; denying 28 Motion to Stay; denying 28 Motion for Briefing Schedule. Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | 43 | MEMORANDUM OPINION AND ORDER addressing the parties' responses to the Court's June 25, 2026 Preliminary Injunction Order. Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | | MINUTE ORDER denying 21 Motion to Intervene due to movant's failure to provide "a statement of the specific points of law and authority that support the motion" as required by Local Civil Rule 7(a). Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | | MINUTE ORDER denying 41 Motion to Intervene due to movant's failure to provide "a statement of the specific points of law and authority that support the motion" as required by Local Civil Rule 7(a). Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | | MINUTE ORDER denying 38 Motion to Intervene due to movant's failure to provide "a statement of the specific points of law and authority that support the motion" as required by Local Civil Rule 7(a). Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/17/2026 | | Set/Reset Deadlines: Defendant Answer due by 9/24/2026. Defendant Certified List Of Administrative Record due by 10/1/2026. (mac) (Entered: 09/17/2026) |
| 09/17/2026 | 44 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 43 Memorandum & Opinion by TODD W. BLANCHE. Fee Status: No Fee Paid. (Block, Andrew) (Entered: 09/17/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Case No. 1:26-cv-1417 (EGS) |

**DEFENDANT'S NOTICE OF APPEAL**

Defendant respectfully files its notice appeal to the United States Court of Appeals for the D.C. Circuit of this Court's September 16, 2026, Order. ECF No. 43.

To the extent that any aspect of the order grants Plaintiff injunctive relief, it is immediately appealable under 28 U.S.C. § 1292(a)(1).

Dated: September 17, 2026

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ ANDREW J. BLOCK*
Andrew J. Block
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Andrew J. Block*
Andrew Block

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses the parties' responses to the Court's June 25, 2026 Preliminary Injunction Order in this matter.

## I. Procedural Background

### A. Plaintiff's Motion for Preliminary Injunction and the Court's Preliminary Injunction Order

On June 25, 2026, the Court granted Plaintiff's Motion for Preliminary Injunction and issued an accompanying Order. *See Phang v. Blanche*, Civil Action No. 26-1417, ___ F. Supp. 3d ___ (2026), 2026 WL 1831251 (D.D.C. 2026); Order, ECF No. 15.[1] Plaintiff sought relief for a limited list of apparent violations of the Epstein Files Transparency Act ("EFTA"). *See*

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

Appl. for Prelim. Inj., ECF No. 9; Mem. of Points and Auths. in Supp. of Appl. for a Prelim. Inj. (collectively "Mot."), ECF No. 9-1. Defendant did not respond substantively to Plaintiff's merits arguments, and in granting her motion, the Court largely adopted her proposed order, which Defendant did not address in his opposition to the Motion for Preliminary Injunction. *See generally* Opp'n, ECF No. 12. The Court ordered that by no later than July 2, 2026, the Defendant shall:

(1) either produce to the public the emails bearing Bates numbers EFTA00749245, EFTA01187999, EFTA01930501, ETFA01928255, EFTA00628112, EFTA02648868, EFTA02504630, and EFTA01022356 with sender and recipient names unredacted, or show cause why the redactions should not be removed;

(2) either produce to the public the DOJ documents bearing Bates numbers EFTA01703108 and EFTA00038227 with potential co-conspirator names unredacted, or show cause why the redactions should not be removed;

(3) either produce to the public the underlying FBI interview notes that formed the basis for the FD-302 interview reports bearing Bates numbers EFTA01245620, EFTA02858481, EFTA02858491, and EFTA02858495, with appropriate redactions to protect

victims' information, or show cause why the notes should not be produced;

(4) initiate review and production of foreign-language materials that may be subject to production under the EFTA, and provide notice to the Court and all parties that such review is underway; and

(5) either publish in the Federal Register the redaction log required under EFTA § 2(C)(2), and update it concurrently with each future release of redacted materials; or show cause why he cannot do so.

Order, ECF No. 15.

**B. The Parties' Responses**

Defendant filed his response on July 2, 2026, *see* Def.'s Resp. to Order to Show Cause ("Def.'s Resp."), ECF No. 19; Plaintiff filed her response on July 13, 2026, *see* Pl.'s Resp. to Court Order and Motion to Enforce ("Pl.'s Resp."), ECF No. 20; and Defendant filed his reply on July 20, 2026, *see* Def.'s Reply, ECF No. 22. The parties' respective responses are discussed below.

Regarding (1), Defendant states that the redacted information in six of the emails were the names of victims and that the redacted information in the remaining two emails were email addresses. *See* Def.'s Resp., ECF No. 19 at 10-12. Regarding the redaction of email addresses, Defendant stated

that email addresses were redacted pursuant to the Privacy Act as set forth in the EFTA First Level Review Protocol ("Review Protocol"). *Id.* at 11 (citing *EFTA First Level Review Protocol* at 8 (Jan. 4, 2026). In response, Plaintiff argues that to the extent Defendant contends that producing the email addresses would violate the Privacy Act, the EFTA "trumps" it because the EFTA was more recently enacted, but she provides no legal support for her position. *See* Pl.'s Resp., ECF No. 20 at 7.

Regarding (2), Defendant states that the redactions in the "from" and "to" email lines of EFTA00038227 are for law enforcement personnel, including both names and official email addresses. Def.'s Resp., ECF No. 19 at 12. Defendant cites the Review Protocol, which requires the redaction of the names of law enforcement personnel and their email addresses. *Id.* Defendant further states that three of the four names listed under the "co-conspirator" heading are victims. *Id.*

Defendant states that "EFTA01703108 is a draft indictment from the Southern District of Florida, bearing handwritten notation on page 1 stating 'OLD Draft'". *Id.* at 13. "The redactions appearing in this document were present in the original file; the Department has not been able to locate an unredacted version of this specific photocopy." *Id.* "The Department does, however, possess unredacted versions of substantially similar documents, including EFTA00194840, which

confirm that all of the redacted names are, once again, victims." *Id.* Plaintiff did not specifically respond to this explanation.

Regarding (3), Defendant states that he did not publish the underlying FBI interview notes that formed the basis for certain FD-302 reports for two reasons. First, they are "substantially similar to" and therefore duplicative of the typewritten reports. *Id.* at 14. Second, there is a risk of inadvertent disclosure of victim information because the notes are handwritten. *Id.* In response, Plaintiff argues that: (1) Defendant has neither argued nor provided any evidence in support of his contention that the specific handwritten notes are substantially similar; (2) the EFTA does not contain an exemption for documents that are "substantially similar"; and (3) the EFTA does not provide an exception for documents that are difficult to redact. Pl.'s Resp., ECF No. 20 at 6.

Regarding (4), Defendant states that the "Court should not supplant Congress's acceptance of [its] explanation" that it did not review any foreign language documents because "it was not practicable for a first-level reviewer to determine the responsiveness of a foreign language document." Def.'s Resp., ECF No. 19 at 14. Defendant provides no legal support for his position, stating only that "the Government continues to believe that the Court lacks the authority to" "supplant Congress's

acceptance of this explanation." *Id.* Plaintiff responds that "[w]hether Congress subsequently objected to [Defendant's] violation of the law is utterly irrelevant to whether the Attorney General must, in fact, follow the law." Pl.'s Resp., ECF No. 20 at 3. Defendant does not respond to these arguments in his Reply. *See generally* Reply, ECF No. 22.

Regarding (5), Defendant states that there is no deadline for submission of the redaction information and that "the notice for publication in the Federal Register" pursuant to section 2(c)(2) of the Act will be submitted. Def.'s Resp., ECF No. 19 at 15.

### C. The Court's *In Camera* Review Order, Status Hearing, Plaintiff's Proposed Order, and Defendant's and Plaintiff's Responses

On July 25, 2026, the Court issued an order requiring Defendant to submit unredacted copies of certain documents for the Court's *in camera* review. *See* Order, ECF No. 23. The Court further required Defendant to provide documentation supporting Defendant's representation that the names that were redacted in the published version of the relevant documents are the names of victims and to provide documentation supporting Defendant's representation that the names in the "to" and "from" lines that were redacted in the published version of the relevant documents are the names of law enforcement personnel. Defendant timely

complied with the Court's order on July 30, 2026. *See* Notice of Compliance, ECF No. 25.

On August 6, 2026, the Court issued an order scheduling a status hearing for August 13, 2026 to address some, but not all, of the issues arising out of Defendant's responses to the Court's Preliminary Injunction Order and the Court's *in camera* review. *See* Order, ECF No. 29. Specifically, the Court stated that Defendant had not provided documentation to support his representation that certain names that were redacted in the published version of certain documents are the names of victims and directed Defendant to be prepared to discuss what documentation he will provide to support. *Id.* at 2. At the status hearing, Defendant submitted additional documents to the Court for its *in camera* review.

Regarding Defendant's explanation for why he did not publish (with appropriate redactions) the underlying FBI interview notes that formed the basis for certain FD-302 interview reports in response to the Court's Preliminary Injunction Order, the Court observed that Defendant did not point to a provision in the EFTA that contains an exception for "substantially similar" or duplicative documents, Def.'s Resp., ECF No. 19 at 13; and observed that Defendant has acknowledged publishing "substantially similar" draft indictments. *See id.* at 13. The Court ordered Defendant to be prepared to explain why

the handwritten notes cannot be redacted manually or why the redactions cannot be accomplished in another way. Rather than provide such an explanation at the status hearing, Defendant stated that the handwritten notes were not published because "the determination had been made that the handwritten notes were duplicative of materials that had already been produced." Hr'g Tr., ECF No. 34 at 6:22-24 (Aug. 13, 2026).

Finally, regarding the section 2(c)(2) provision of the EFTA requiring "[a]ll redactions [to] be accompanied by a written justification published in the Federal Register and submitted to Congress," the Court ordered Defendant to be prepared to discuss his timing for complying with this requirement. Order, ECF No. 29 at 3. Rather than being prepared to discuss such timing, counsel for Defendant stated that the only information he could provide was that the Federal Register publication is "forthcoming." Hr'g Tr., ECF No. 34 at 19:3-5 (Aug. 13, 2026). In response to Defendant's failure to provide the information the Court requested, Plaintiff's counsel suggested "an interim step," specifically that the Court "order a declaration that fully explains what steps are being taken, what information is going to be submitted, when it was going to be submitted." *Id.* at 25:7-10. At the conclusion of the status hearing, the Court directed Plaintiff's counsel to submit a proposed order for the Court's consideration. *Id.* at 34:8-10.

On August 20, 2026, Plaintiff submitted the proposed order. *See* Proposed Order, ECF No. 32. On August 27, 2026, Defendant responded to the proposed order claiming, among other things, that he had published the EFTA section 2(c)(2) written justification in the Federal Register that day. *See* Def.'s Resp. to Minute Order, ECF No. 37 at 1.

## II. Analysis of Defendant's Responses to the Court's Preliminary Injunction Order

### A. Eight E-mails With Redacted Names

The Court has reviewed the documents Defendant submitted to the Court at the August 13, 2026 status hearing. The Court finds that Defendant has provided adequate documentation to support his representation that names of victims were redacted in the following documents: (1) EFTA01930501; (2) ETFA01928255; and (3) EFTA02648868. Accordingly, the Order to Show Cause as to these documents will be **DISCHARGED.**

Defendant has not, however, provided any documentation to support his representation that the information redacted in the following documents are the names of victims: (1) EFTA01187999: the first and last name that was redacted twice; (2) EFTA02504630: the first and last name that was redacted and that appears before a complete email address that was also redacted; and (3) EFTA01022356: the first and last name that was redacted and that appears before a complete email address that was also

redacted. Accordingly, pursuant to the Court's "inherent authority to review . . . material *ex parte*, *in camera* as part of its judicial review function," *see Jibril v. Mayorkas*, 101 F.4th 857, 866 (D.C. Cir. 2024) (citation modified); the Court will order Defendant to provide documentation for the Court's *in camera* review to support his representation that these redactions are the names of victims.

Regarding EFTA00749245 and EFTA00628112, Defendant states that the redacted portions of these emails contain private email addresses, which were redacted pursuant to the Review Protocol which provided for withholdings under the Privacy Act, including email addresses. *See EFTA First Level Review Protocol* at 8 (Jan. 4, 2026). The Review Protocol is a Department of Justice memorandum that memorialized the protocol for attorneys conducting responsiveness review of the Epstein files and provided guidance on redacting victim identifying information and "other protected categories of information." *EFTA First Level Review Protocol* at 1 (Jan. 4, 2026). The Review Protocol required attorneys to redact personally identifying information including email addresses pursuant to the Privacy Act. *Id.* at 8. The Court's *in camera* review of these documents confirms that the redactions are of private email addresses.

Whether the EFTA permits Defendant to redact information pursuant to the Privacy Act is not presently before the Court,

as Plaintiff did not move for preliminary injunctive relief on this issue. *See generally* Mot., ECF No 9-1. Defendant's December 19, 2025 letter to Congress described the Review Protocol and attached the Review Protocol to the letter. *See* Letter from Todd Blanche, Deputy U.S. Att'y Gen., to Members of Congress at 2 (Dec. 19, 2025), Exhibit D to Ward-Packard Decl., ECF No. 9-3. Plaintiff was therefore on notice that redactions were made pursuant to the Privacy Act. The legal question of whether the EFTA permits redactions under the Privacy Act can be raised by Plaintiff in subsequent proceedings. Accordingly, the Order to Show Cause as to the redactions in EFTA00749245 and EFTA00628112 will be **DISCHARGED.**

### B. Redaction of Potential Co-Conspirator Names, and Names and Email Addresses of Government Personnel

The Court has reviewed the documents Defendant submitted to the Court at the August 13, 2026 status hearing. The Court finds that Defendant has provided adequate documentation to support his representation that the names of victims have been redacted in EFTA00038227 and EFTA00194840. EFTA00194840 is substantially similar to EFTA01703108, which was cited in the Court's Preliminary Injunction Order and for which Defendant has been unable to locate an unredacted version. The Court also finds that the unredacted documents indicate that the other redactions in the documents are the names of a government attorney and law

enforcement personnel and their email addresses. The Review Protocol requires the redactions of government personnel and their email addresses. See *EFTA First Level Review Protocol* at 8 (Jan. 4, 2026). Accordingly, the Order to Show Cause as to EFTA00038227 and EFTA01703108 will be **DISCHARGED.**

### C. Withholding of Underlying FBI Interview Notes

The Court rejects Defendant's assertion that the underlying handwritten FBI notes that formed the basis for certain FD-302 reports were properly withheld because they are "substantially similar to" and therefore duplicative of the typewritten reports. Def.'s Resp., ECF No. 19 at 14. The Review Protocol contains no directive requiring the withholding of "substantially similar" or "duplicative" documents. *See generally EFTA First Level Review Protocol* (Jan. 4, 2026). The Review Protocol does provide guidance regarding duplicate documents, *see id.* at 3; but the documents at issue here are not duplicate documents. The underlying handwritten notes are not duplicates of the FD-302 interview reports. Furthermore, "Plaintiff has identified nearly 100 additional examples of handwritten interview notes produced by Defendant." Notice to Court, ECF No. 33 at 2.

Pursuant to the Court's "inherent authority to review . . . material *ex parte*, *in camera* as part of its judicial review function," *see Jibril v. Mayorkas*, 101 F.4th 857, 866 (D.C. Cir.

2024) (citation modified); the Court will order Defendant to submit to the Court the underlying FBI interview notes that formed the basis for the FD-302 interview reports bearing Bates numbers EFTA01245620, EFTA02858481, EFTA02858491, and EFTA02858495 in both redacted and unredacted versions.

Defendant contends that ordering *in camera* review of documents here would set a bad precedent and requests that the Court stay its request for *in camera* review so Defendant can appeal the jurisdictional issues. Def.'s Resp. to Minute Order, ECF No. 37 at 2-3. As an initial matter, Defendant has already provided documents to the Court for its *in camera* review. And Defendant has already appealed the jurisdictional issues, and the Court of Appeals for the District of Columbia Circuit has entered a scheduling order requiring procedural motions to be filed by September 24, 2026, and dispositive motions to be filed by October 9, 2026. *See Phang v. Blanche*, Case No. 26-5299 (D.C. Cir.). Accordingly, the Court will not stay its order.

**D. Review of Foreign Language Materials**

As stated above, Defendant did not respond substantively to Plaintiff's merits arguments in her Motion for Preliminary Injunction, resting entirely on his arguments that her claims fail as a matter of law based on his jurisdictional arguments. *See* Opp'n, ECF No. 12 at 14. Nor did he respond substantively to her proposed order. *See generally id.* In the Preliminary

Injunction Order, the Court ordered Defendant to initiate review and production of foreign-language materials that may be subject to production under the EFTA, and to provide notice to the Court and all parties that such review is underway by no later than July 2, 2026. Order, ECF No. 15 at 2. In response, Defendant states that the "Court should not supplant Congress's acceptance of [its] explanation" that it did not review any foreign language documents because "it was not practicable for a first-level reviewer to determine the responsiveness of a foreign language document." Def.'s Resp., ECF No. 19 at 14. Defendant provides no legal support for his position, stating only that "the Government continues to believe that the Court lacks the authority to" "supplant Congress's acceptance of this explanation." *Id.*

In Plaintiff's response to Defendant's response to the Court's Preliminary Injunction Order, she argues that the Court should find Defendant in civil contempt based on, among other things, his failure to begin reviewing and producing foreign language documents. *See* Pl.'s Resp., ECF No. 20 at 10. The Court recognizes that its Preliminary Injunction Order did not give Defendant the option to show cause why he could not comply with the foreign-language materials portion of the order. This was appropriate at the time given his lack of response to Plaintiff's merits arguments in his Opposition to her Motion for

Preliminary Injunction. *See* Opp'n, ECF No. 12 at 23. However, Defendant has now stated his rationale for not initiating the review, and so a civil contempt finding at this juncture would be premature.

The Court concludes that Defendant's rationale for not initiating the review of the foreign language materials is without merit. As the Court has previously stated, the EFTA is an unprecedented disclosure law requiring the Attorney General to make publicly available in a searchable and downloadable database all unclassified Department of Justice files related to its investigation of the notorious sexual predator and child sex trafficker Jeffrey Epstein, the child sex trafficker Ghislaine Maxwell, and their associates, subject to certain exceptions and permitted withholdings. Recognizing that the obligations under the EFTA extend to relevant materials in any language, Defendant informed Congress on January 30, 2026, that foreign language materials had not been reviewed or produced "[b]ecause it was not practicable for a first-level reviewer to determine the responsiveness of a foreign-language document." Letter from Todd Blanche, Deputy U.S. Att'y Gen., Re: Epstein Files Transparency Act – Production of Department Materials at 5 (Jan. 30, 2026), Exhibit E to Ward-Packard Decl., ECF No. 9-3. Defendant cites no authority for the proposition that administrative inconvenience excuses him from meeting his statutory obligations. Nor does he

cite any authority for his apparent contention that Congressional silence in response to the January 30, 2026 letter functions as an implied amendment to the EFTA. Defendant's rationale is without merit.

Having rejected Defendant's rationale, the Court will order Defendant to initiate review and production of foreign-language materials that may be subject to production under the EFTA and provide notice to the Court and all parties that such review is underway by a date certain.

"[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "A contempt finding is proper where 'the putative contemnor has violated an order that is clear and unambiguous' and the violation of an order is 'proved by clear and convincing evidence.'" *Phillips v. Mabus*, 894 F. Supp. 2d 71, 91 (D.D.C. 2012) (quoting *Armstrong v. Exec. Off. of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (citation modified)). To the extent Defendant is of the opinion that the Court's Memorandum Opinion and Order is not "clear and unambiguous," *id.*; he shall seek clarification from the Court by no later than September 21, 2026.

**E. Compliance with EFTA § 2(c)(2)**

Section 2(c)(2) of the EFTA provides that "[a]ll redactions must be accompanied by a written justification published in the Federal Register and submitted to Congress." EFTA § 2(c)(2). Section 3 of the EFTA requires that upon the completion of the release of documents required by the EFTA, Defendant submit a report to Congress listing: (1) all categories of records released and withheld; (2) a summary of redactions made, including legal basis; and (3) a list of all government officials and politically exposed persons named or referenced in the released materials, with no redactions permitted under subsection (b)(1). EFTA § 3. Defendant submitted the Section 3 Report on February 14, 2026. *See* Letter from Todd Blanche, Deputy U.S. Att'y Gen. to Chairman Chuck Grassley, Ranking Member Dick Durbin, Chairman Jim Jordan, Ranking Member Jamie Raskin (Feb. 14, 2026), Exhibit F to Ward-Packard Decl., ECF No. 9-3. On August 27, 2026, Defendant published the February 14, 2026 Section 3 Report to Congress in the Federal Register and claims that this satisfies section 2(c)(2) of the EFTA. *See* Def's Resp. to Minute Order, ECF No. 37.

Plaintiff argues that Defendant's reporting obligations under section 2(c)(2) and section 3 of the EFTA are different reporting requirements and that the Section 3 Report is "offensively insufficient to comply with the Defendant's

obligations under Section 2(c)(2)." Reply to Proposed Order, ECF No. 40 at 4. However, Plaintiff did not move for preliminary injunctive relief on what the EFTA requires the section 2(c)(2) "written justification" to contain. In her Motion for Preliminary Injunction, Plaintiff argued that Defendant violated the EFTA by failing to publish the section 2(c)(2) "written justification" at the same time any redacted files were produced. Mot., ECF No. 9-1 at 30-31. She describes the "written justification" as a log, but she does not move for preliminary injunctive relief on what specific information the EFTA requires the written justification to include. *See id.* at 30-31. Accordingly, the Order to Show Cause as to Defendant's compliance with section 2(c)(2) of the EFTA will be **DISCHARGED.** The legal question of whether the Section 3 Report to Congress satisfies the section 2(c)(2) provision can be raised by Plaintiff in subsequent proceedings.

**III. Conclusion and Order**

For the reasons stated above, it is **HEREBY**

**ORDERED** that the Order to Show Cause as to the redactions in (1) EFTA01930501; (2) ETFA01928255; (3) EFTA02648868; (4) EFTA00038227; and (5) EFTA01703108 is **HEREBY DISCHARGED**; and it is further

**ORDERED** that Defendant shall provide, by no later than September 24, 2026 at 11:00 am, documentation for the Court's *in*

*camera* review to support his representation that the following redactions are the names of victims: (1) EFTA01187999: the first and last name that was redacted twice; (2) EFTA02504630: the first and last name that was redacted and that appears before a complete email address that was also redacted; and (3) EFTA01022356: the first and last name that was redacted and that appears before a complete email address that was also redacted; and it is further

**ORDERED** that the Order to Show Cause as to the redactions in (1) EFTA00749245 and (2) EFTA00628112 is **HEREBY DISCHARGED;** and it is further

**ORDERED** that Defendant shall submit to the Court for its *in camera* review the underlying FBI interview notes that formed the basis for the FD-302 interview reports bearing Bates numbers EFTA01245620, EFTA02858481, EFTA02858491, and EFTA02858495 in both redacted and unredacted versions on September 24, 2026 at 11:00 am; and it is further

**ORDERED** that Defendant shall initiate review and production of foreign-language materials that may be subject to production under the EFTA and provide notice to the Court and all parties that such review is underway by no later than September 24, 2026; and it is further

**ORDERED** that to the extent Defendant is of the opinion that the Court's order to initiate review and production of foreign-language materials that may be subject to production under the EFTA and provide notice to the Court and all parties that such review is underway by no later than September 24, 2026 is not "clear and unambiguous," he shall seek clarification from the Court by no later than September 21, 2026; and it is further

**ORDERED** that the Order to Show Cause as to Defendant's compliance with section 2(c)(2) of the EFTA is **HEREBY DISCHARGED.**

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**September 16, 2026**