**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States,<br><br>Defendant. | Case No. 1:26-cv-1417 (EGS) |

# DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A PARTIAL STAY PENDING APPEAL

Plaintiff's opposition confirms that a stay pending appeal is warranted to preserve the status quo and facilitate appellate resolution of the important questions presented. Plaintiff seeks to prevent the D.C. Circuit from addressing whether she can privately enforce the Epstein Files Transparency Act (EFTA). But in support of that position, Plaintiff primarily relies on inapt procedural arguments. When it comes to the stay factors, Plaintiff has little to offer. She does not dispute that denying a stay would require the review and production of documents and could therefore have the effect of mooting an appeal. That would severely and irreparably harm Defendant. And on the merits, Plaintiff merely points to her prior arguments. At a minimum, and especially given that Congress is considering *amending* the EFTA to add a private right of action, Plaintiff cannot dispute that Defendant has raised serious questions that warrant a meaningful opportunity for appellate review.

This Court should grant a stay pending appeal. In any event, Plaintiff does not address Defendant's alternative request for a temporary stay while the D.C. Circuit considers a motion for stay pending appeal. Consistent with this Court's prior approach, that issue is "conceded." ECF

16 at 36 (treating Defendant's merits arguments as conceded for purposes of Plaintiff's motion for a preliminary injunction in reliance on D.D.C. Local Rule 7(b)). Defendant previously sought a ruling by September 21, 2026, at 5pm EST. In light of the briefing schedule set by the Court, Defendant now requests a ruling as soon as practicable and by September 21, 2026, at 8pm EST, so that Defendant may file a motion in the D.C. Circuit in advance of this Court's September 24 deadline.

## ARGUMENT

### I. The Relevant Factors Warrant A Stay Pending Appeal.

#### A. Defendant Will Suffer Severe Irreparable Harm Without A Stay.

The requirement that Defendant initiate review and production of foreign language documents by September 24 will have the effect of "irreversibly altering" the status quo. *See Adams v. Vance*, 570 F.2d 950, 953 (D.C. Cir. 1978) (emphasis added). Indeed, "[f]ailure to grant a stay" could "entirely destroy appellants' rights to secure meaningful review," *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979), because the review and production of such documents "would effectively moot any appeal." *Center for National Security Studies v. U.S. Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002).

Plaintiff does not meaningfully argue otherwise. Instead, all Plaintiff musters is that "the Court has . . . left it to Defendant's discretion which documents in fact must be produced." ECF 47 at 10. It is unclear what Plaintiff means by this. The Court has ordered Defendant to review and produce documents that may be subject to production under the EFTA. That the Court has not specifically identified "which documents in fact must be produced," ECF 47 at 10, does not change the fact that such production would moot an appeal.

Plaintiff also downplays the resources required to review and produce documents as "administrative burdens." ECF 47 at 10. But that ignores the actual nature of the irreparable harm

at issue. It is not just a matter of "allocating resources," including to "train new or existing staff"—though those burdens are irreparable and severe. *District of Columbia v. USDA*, 444 F. Supp. 3d 1, 35 (D.D.C. 2020) (holding that state government entities showed irreparable harm on that basis). It is also that "the Government is harmed by 'an improper intrusion by a federal court into the workings of a coordinate branch of government.'" *Make the Road New York v. Mullin*, 179 F.4th 16, 25 (D.C. Cir. 2026) (quoting *INS v. Legalization Assistance Proj.*, 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers). Indeed, Plaintiff's irreparable harm argument appears to contemplate a need for close judicial oversight of the review and production process. *See id.* ("[T]he court has, *for now*, left it to Defendant's discretion . . ."). That nod to judicial supervision of the Executive Branch is all the more reason to stay these proceedings pending appeal.

### B. Defendant Is Likely To Succeed On The Merits (And At Least Raises Serious Questions).

Given the severe irreparable harm that Defendant faces, Defendant need only show that "a serious legal question is presented" on the merits. *Loving v. I.R.S.*, 920 F. Supp. 2d 108, 110 (D.D.C. 2013). Respectfully, Defendant is likely to succeed on the merits, because this Court's order rests on several legal errors. Plaintiff cannot enforce the EFTA. She lacks Article III standing and a right of action (under the EFTA, APA, or otherwise). The Court's order improperly gives Plaintiff all the relief she seeks at the preliminary-injunction stage. And although a party cannot forfeit arguments at that stage, the order leads to the same result. The parties disagree about those errors. But at a minimum, the order implicates several "novel" "issues of first impression" that weigh in favor of a stay. *Ctr. For Int'l Env't L. v. Off. of U.S. Trade Representative*, 240 F. Supp. 2d 21, 22 (D.D.C. 2003) (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844-45 (D.C. Cir. 1977). Plaintiff does not meaningfully argue otherwise.

Instead, Plaintiff raises two merits points. Neither cuts against a stay pending appeal.

*First*, Plaintiff emphasizes that she is suing under the APA. ECF 47 at 8. Defendant's stay motion addressed that contention at length. ECF 46-1 at 15–18. If a general right of action were available to any interested person under the APA, it is unclear why Congress would be contemplating amending the EFTA to provide a *narrower* right of action for victims and certain officials. *See id.* at 18. In Plaintiff's view, FOIA cannot constitute an adequate remedy (defeating any APA right of action) because FOIA applicants have been directed to the EFTA. ECF 47 at 9. But that is not a "discrepancy," let alone a material one. *Id.* The EFTA required broader disclosure to the public than FOIA, which contains various exemptions. But FOIA's disclosure regime still offers relief of the "same genre," which is all that matters. *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009). Plaintiff cannot use the absence of a right of action—and the practical result that a private litigant is unable to obtain the EFTA records that she wants—to circularly argue that the APA must provide a right of action to obtain those same records.

*Second*, Plaintiff acknowledges "the standard for relief under 5 U.S.C. § 706(1), . . . which empowers this Court to 'compel agency action unlawfully withheld or unreasonably delayed.'" ECF 47 at 9. Notably, Plaintiff does not dispute that the § 706(1) standard, as described in *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004), and *Telecomms. Rsch. & Action Ctr. V. FCC*, 750 F.2d 70 (D.C. Cir. 1984), should apply to her APA claim. Instead, Plaintiff says it is "too late" for the correct standard "to be considered" in these proceedings. EF 47 at 9; *see also id.* at 6-7 (arguing that "Defendant is improperly attempting to expand the record on appeal").

But that is exactly the point. As Defendant has explained—and Plaintiff cannot dispute—"a party addressing only issues of preliminary relief should not ordinarily be bound by its abbreviated and only partially informed presentation of the merits." 11A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2950 n.14 (3d ed. Apr. 2026 update); *see* ECF 46-1 at

20. Yet if Plaintiff obtains all the relief she seeks in this lawsuit at the preliminary-injunction stage, Defendant will have effectively been bound to those arguments. To be sure, Defendant has submitted additional points and explanations during the show-cause phase of proceedings. But those unique proceedings all occurred against the backdrop of the Court's June 25 order. Defendant should not be deemed to have waived or forfeited Defendant's right to a full merits presentation by engaging in the show-cause process springing from that order. That result would undermine the Court's "collaborative spirit" in engaging with the parties on these complex issues. *Greater Boston Television Corp. v. FCC*, 444 F.2d 841, 851–52 (D.C. Cir. 1970). And of course, Plaintiff's argument that the June 25 order provided definitive injunctive relief requiring immediate compliance, ECF 47 at 5; *see also infra* pp. 7–9, is contrary to Plaintiff's position that Defendant has already had a genuine opportunity to present arguments regarding the foreign-language documents beyond those presented in its opposition to Plaintiff's motion for a preliminary injunction. Plaintiff cannot have it both ways.

## II. <u>Any Harm To Plaintiff Is Outweighed By Harm To Defendant, And The Public Interest Favors A Stay</u>

Issuance of a stay will not substantially injure Plaintiff. She argues that her "profession and livelihood depend[]" on receiving these documents. ECF 47 at 12. But to oppose a stay pending appeal (which Defendant will move to expedite), Plaintiff must show harm resulting *from the stay itself*. Plaintiff does not even attempt to do so. Nor could she, given her own delay of nearly four months before moving for a preliminary injunction. *See* ECF 46-1 at 23. Regardless, any unexplained harm Plaintiff might suffer pales in comparison with the harm of Defendant potentially losing Defendant's appeal rights, among other harms. The records that Plaintiff seeks are not going anywhere, and can be reviewed by her in the future. But they cannot be unreviewed or unproduced in the future.

The public also has a strong interest in an appellate resolution of the issues presented. Defendant's only contrary argument invokes the need for Defendant to "comply with the law." ECF 12. That puts the cart before the horse, because "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 1 Cranch 137, 177 (1803). In this case, the relevant law concerns the ability of private parties like Plaintiff to enforce the EFTA. The D.C. Circuit should have an opportunity to say what the law is.

## III. <u>Plaintiff's Procedural Arguments Do Not Weigh Against A Stay Pending Appeal</u>

Tellingly, Plaintiff's main arguments have nothing to do with the factors that govern whether a stay pending appeal is warranted. And those arguments do not support, let alone compel, denial of Defendant's motion.

### A. Local Civil Rule 7(m) Does Not Warrant Denial Of Defendant's Motion

Plaintiff argues that this Court should deny a stay, with the potential result of preventing the D.C. Circuit from ever resolving the important issues presented, based on Local Civil Rule 7(m)'s meet-and-confer requirement. But Defendant has repeatedly raised the issue of a stay pending appeal, and Plaintiff has already made clear that she opposes a stay—many times over. *See* ECF 13 at 21 ("there is no basis for a stay"); ECF 20 at 11–12 ("The Court Should Not Grant a Stay"); ECF 40 at 6 (arguing against "Request for Stay").

Even if Local Rule 7(m) technically applied, courts do not deny motions based on that rule when doing so "would not meaningfully further [its] purposes" and "would conflict with the general judicial preference for resolving motions on their merits rather than dismissing them on technicalities." *Steele v. United States*, No. 1:14-cv-1523-RCL, 2023 WL 6215790, at *8 (D.D.C. Sept. 25, 2023) (Lamberth, J.) (quoting *Niedermeir v. Off. Of Baucus*, 153 F. Supp. 2d 23, 27 (D.D.C. 2001)); *accord, e.g.*, *Mannina v. District of Columbia*, 437 F. Supp. 3d 1, 7 (D.D.C. 2020) (declining to rely on meet-and-confer requirement where "failure to meet and confer did not

prejudice" the non-movant given that the movant had "repeatedly informed" the opposing party of its position). Given Plaintiff's repeated statements opposing any stay and the important merits issues presented, that reasoning applies with full force here.[1]

**B. Defendant Is Seeking A Stay Of An Appealable Injunction**

As Plaintiff acknowledges, "a preliminary injunction is immediately appealable under 28 U.S.C. § 1291(a)(1)." ECF 47 at 3. Plaintiff further acknowledges that "an order that modifies a previously entered injunction" is appealable. *Id.* at 4 (citing *Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co.*, 76 F.3d 1320, 1326 (11th Cir. 2014)). But Plaintiff emphasizes that orders enforcing a preliminary injunction are not appealable. *Id.* at 3–4.

Defendant is plainly seeking to stay an appealable order. As Defendant's motion explains, "Defendant asks the Court to stay pending appeal the portion of the September 16 Order that requires Defendant to 'initiate review and production' of certain documents and to certify that Defendant has done so by September 24, 2026." ECF 46-1 at 1. Because the September 16 Order definitively resolved the foreign-language documents issue, required Defendant to take affirmative action, and imposed a deadline for Defendant to do so, it constitutes an appealable preliminary injunction.

Plaintiff's contrary argument relies on the Court's June 25 order—but overlooks multiple aspects of both orders. Defendant previously sought a stay of the June 25 order to the extent it would be appealable. *See* ECF 16 at 48 (denying request for stay). But both Defendant and the

[1] In the future, out of an abundance of caution, Defendant's counsel will seek to meet and confer with Plaintiff's counsel even when Plaintiff has repeatedly briefed its position and doing so appears futile. Had Defendant's counsel been aware that certain of Plaintiff's counsel would be observing Yom Kippur, Defendant's counsel would have been amenable to a stipulated schedule that delayed the September 24 deadline by a few days to allow for briefing and potential recourse to the D.C. Circuit.

Court have noted ambiguity as to whether the June 25 order constituted an appealable preliminary injunction. *See* ECF 34 at 33 (acknowledging "questions" about whether the earlier "order is appealable"); ECF 35 (filing a "protective" notice of appeal given "inconclusive" appealability). To the extent the earlier order conferred definitive injunctive relief—despite the Court's ongoing consideration of Defendant's rationales regarding foreign language documents—the September 16 order modified the earlier, open-ended order by setting an imminent deadline and is therefore appealable. *Dunlap v. Presidential Advisory Comm'n*, 944 F.3d 945, 948 (D.C. Cir. 2019) (an order that "changes the legal relationship of the parties" modifies an injunction); *Sansom Committee by Cook v. Lynn*, 735 F.2d 1552, 1553 (3d Cir. 1984) (order extending deadline to comply with consent decree was "in the nature of a preliminary injunction" and "appealable").

Regardless, Defendant's motion should be construed as seeking a stay of both orders (to the extent necessary). After all, Defendant timely filed a notice of appeal regarding the earlier order precisely to preserve Defendant's appellate rights as the dialogue between the Court and parties continued. Just as a "notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated . . . appealable order," such that "[i]t is not necessary to designate those orders in the notice of appeal," *see* Fed. R. App. P. 3(c)(4), Defendant was not required to take the hyper-technical step of expressly and independently seeking to renew (or seek reconsideration of) its request for a stay of the June 25 order in its motion to stay the imminent requirement that it review and produce foreign language documents.

To the extent there is any doubt or ambiguity about this issue, the Court should clarify its rulings in the June 25 and September 16 orders in a manner that ensures the D.C. Circuit has an adequate opportunity to review the important issues presented before the September 24 deadline takes effect. *See* ECF 43 at 16 (contemplating that Defendant may "seek clarification from the

Court by no later than September 21, 2026"). Respectfully, the issues presented are sufficiently important to the parties and the public to warrant an appellate resolution.

### C. Defendant's Request Is Timely

For all the same reasons, Defendant has not delayed in bringing this stay motion. Defendant preemptively sought a stay of the June 25 order before it even issued, filed a protective notice of appeal regarding that order, and then sought a stay of the September 16 order within two days. On Plaintiff's telling (*see* ECF 47 at 5–6), Defendant should have rushed an emergency appeal as soon as the June 25 order issued, despite Defendant's doubts about its appealability. But that (again) would have undermined this Court's "collaborative spirit" in seeking to resolve the questions presented. *Greater Boston Television Corp.*, 444 F.2d at 851–52. The Court should not adopt Plaintiff's argument and therefore disincentivize parties from engaging in dialogue with district courts on complex matters.

Plaintiff also ignores that there was no imminent deadline in the June 25 order, so the need for an immediate stay and appeal to preserve Defendant's appellate rights did not arise until the September 16 order. For the same reasons, Plaintiff's additional argument that that any purported delay "diffuses" Defendant's claimed irreparable harm, *see* ECF 47 at 6, falls flat.

## IV. <u>In The Alternative, The Court Should Grant A Stay Pending The D.C. Circuit's Resolution Of A Motion For Stay Pending Appeal</u>

If the Court denies Defendant's request for a stay pending appeal, the Court should at least grant a stay while the D.C. Circuit considers a further motion for stay pending appeal. ECF 46-1 at 24. By this Court's rules and approach to motions practice in this litigation, Plaintiff has "conceded" that such a temporary stay is warranted. ECF 16 at 36 (citing D.D.C. Local Rule 7(b)).

## CONCLUSION

For the reasons set forth above, this Court should stay pending appeal the September 16 Order to the extent the Order requires Defendant to initiate review and production of foreign language documents. The Court should also stay and/or clarify the July 25 order to the extent necessary to facilitate appellate review of the pertinent legal questions. In the alternative, this Court should enter a temporary stay that enables Defendant to seek a full stay pending appeal from the D.C. Circuit.

Defendant previously requested a decision by September 21, 2026, at 5pm EST on this motion. This Court then ordered Defendant to file this reply brief by that same time. Defendant has filed this brief early in an effort to facilitate this Court's review. In Defendant's continuing effort to avoid leapfrogging this Court while it considers important issues, Defendant now requests a ruling as soon as practicable and by September 21, 2026, at 8pm EST.

Respectfully submitted,

Dated: September 21, 2026

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ ANDREW J. BLOCK*
Andrew J. Block
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Andrew J. Block*
Andrew J. Block