**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**ORDER**

On September 16, 2026, the Court issued a Memorandum Opinion and Order addressing the parties' responses to the Court's June 25, 2026 Preliminary Injunction Order in this matter. *See* Mem. Op. & Order ("Order"), ECF No. 43. Now pending before the Court is Defendant's Motion for a Partial Stay Pending Appeal of the Court's September 16, 2026 Order. *See* Mot. for Partial Stay, ECF No. 46. Defendant seeks a stay of the portion of the Order requiring him to initiate review and production of foreign-language materials that may be subject to production under the Epstein Files Transparency Act ("EFTA") and provide notice to the Court and all parties that such review is underway by no later than September 24, 2026. *See id.* Plaintiff has filed an opposition to the motion, ECF No. 47; and Defendant has filed a reply, ECF No. 48. Upon careful consideration of the

motion, opposition, and reply, and for the reasons explained below, the Court denies the motion.

Local Civil Rule 7(m) sets forth litigants' duty to confer on nondispositive motions. It provides that

> [b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCivR 7(m). Defendant's motion to stay is nondispositive since, if granted, it "would result [n]either in the determination of particular claim on the merits or elimination of such a claim from the case." *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997). It would merely stay enforcement of a portion of the Court's September 16, 2026 Order. Defendant was therefore obligated to consult with Plaintiff before filing the motion and certify that he had done so. *Oceans v. U.S. Dep't of Interior*, No. 24-cv-141-RCL, 2024 WL 1885543, at *3 (D.D.C. Apr. 30, 2024) ("But just conferring is not enough: the party must also certify whether it has done so and whether the motion is opposed."). Defendant did neither. He filed the motion on Friday, September 18, 2026, at 8:45 pm and requested that the Court rule on the motion by Monday, September

21, 2026 by 5:00 pm. Mot. for Partial Stay, ECF No. 46 at 25.[1] Because he did not comply with the duty to confer, Defendant provided no notice to Plaintiff that he would be filing a motion for partial stay and requesting a ruling on an expedited basis over the Jewish Yom Kippur holiday.

It is settled precedent that "a litigant's violation of Local Rule 7(m) is, on its own, reason the deny their motion." *Johnson v. ACB Ideas, LLC*, No. 23-cv-2944-RCL, 2024 WL 3225994, at *2 (D.D.C. June 28, 2024) (Lamberth, J.) (quoting *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018)). Some courts in this District, however, exercise their discretion and for reasons of judicial economy consider the merits of a motion even if the moving party has violated the rule. *See Indiana v. Haaland*, Civil Action No. 24-1665, 2024 WL 5213401, at *5 (D.D.C. Dec. 24, 2024).

Defendant questions whether Local Rule 7(m) "technically" applies, apparently because he has previously raised the issue of a stay pending appeal with Plaintiff, and Plaintiff has been clear that she opposes a stay. Reply, ECF No. 48 at 6. Defendant provides no legal authority to support his suggestion that the rule may not "technically" apply here. And while some courts

[1] In his Reply briefing, Defendant requested that the Court rule on the motion by 8:00 pm on September 21, 2026. Reply, ECF No. 48 at 10.

choose to consider the merits despite noncompliance with the rule, this Court, in its discretion, declines to do so here. Local Civil Rule 7(m) applies, and Defendant failed to comply with his duty to confer. Accordingly, the motion will be denied.

Even if the Court did not deny the motion because of Defendant's failure to comply with the duty to confer, however, the Court would deny it on the merits. Assuming, without deciding, that the Court's September 16, 2026 is appealable, the Court would deny the motion for partial stay for the reasons explained in the Court's Memorandum Opinion granting Plaintiff's Motion for Preliminary Injunction, ECF No. 16.

Because of the fast-approaching deadline for Defendant to initiate review and production of foreign-language materials that may be subject to production under the EFTA and provide notice to the Court and all parties that such review is underway, however, the Court will temporarily stay that portion of its September 16, 2026 Order so that Defendant may file a motion for stay pending appeal with the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Defendant states that he will move to expedite his motion to stay pending appeal. *See* Reply, ECF No. 48 at 5.

For the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion for a Partial Stay Pending Appeal of the Court's September 16, 2026 Order, ECF No. 46, is **DENIED**; and it is further

**ORDERED** that the portion of the Court's September 16, 2026 Order requiring Defendant to initiate review and production of foreign-language materials that may be subject to production under the EFTA and provide notice to the Court and all parties that such review is underway by no later than September 24, 2026 is **TEMPORARILY STAYED.** The parties shall file a joint Notice with recommendations for further proceedings by no later than three days after the D.C. Circuit resolves Defendant's forthcoming motion to stay in that court.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**September 21, 2026**