**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KATIE PHANG**,

*Plaintiff*,

v.

**TODD BLANCHE**, in his official capacity as Attorney General of the United States,

*Defendant*.

Case No. 1:26-cv-1417-EGS

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Todd Blanche, in his official capacity as Attorney General of the United States, submits the following Answer to Katie Phang's ("Plaintiff's") Complaint, ECF No. 1. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendant refers the Court to all referenced external documents as the best evidence of their contents. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation.

Defendant responds to the separately numbered paragraphs of the Complaint as follows:

1. This paragraph consists of Plaintiff's characterization of its claims to which no response is required. To the extent a response is required, this paragraph is denied.

2. This paragraph consists of Plaintiff's characterization of public interest to which no response is required. To the extent a response is required, this paragraph is denied.

3. Defendant admits that, as the leader of the most transparent Presidential Administration in the history of this great Nation, President Trump signed into law the Epstein Files Transparency Act ("EFTA"). Prior to the enactment of this law, there were several legal

prohibitions on the government releasing the material that is now public. Defendant denies the remainder of this paragraph.

4. Defendant admits that the EFTA is a public disclosure law that required the Attorney General to make available to the public certain records. All other statements in this paragraph are legal conclusions to which no response is required. Any remaining factual allegations in this paragraph are denied.

5. This paragraph consists of legal conclusions and/or Plaintiff's characterization of the law, to which no response is required.

6. Denied.

7. Denied.

8. The Government lacks specific knowledge as to the reasons behind "Phang's inability to report with substance" and "fulfill her mission" but categorically denies that it has failed to comply with the Act and any implication that any of Phang's shortcomings are attributable to the Government's publication of the Epstein Files.

9. Defendant lacks knowledge sufficient to form a belief about the truth of why Plaintiff brings this case, and on that basis the first clause of the first sentence is denied. The remainder of this paragraph consists of legal allegations or conclusions to which no response is required. To the extent a response is required, any allegations are denied.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis it is denied.

11. Defendant admits that Todd Blanche is the Attorney General of the United States. All other allegations are denied.

12. This paragraph consists of legal conclusions, to which no response is required.

13. This paragraph consists of legal conclusions, to which no response is required.

14. Defendant admits that Jeffrey Epstein was charged with sex trafficking and conspiracy to commit sex trafficking by the United States Attorney in the United States District Court for the Southern District of New York. The remainder of the allegations consist of Plaintiff's characterization of allegations or evidence to which no response is required. To the extent a response is required, the allegations are denied.

15. Defendant admits that Jeffrey Epstien died by suicide while in custody and that his criminal trial did not occur. The remainder of the allegations consist of Plaintiff's characterization of public interest to which no response is required. To the extent a response is required, the allegations are denied.

16. Defendant admits that—as the leader of the most transparent Presidential Administration in the history of this great Nation—President Trump signed into law the Epstein Files Transparency Act ("EFTA"). Defendant denies the remainder of this paragraph

17. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

18. This paragraph—including all subparagraphs—consists of legal conclusions and/or Plaintiff's characterization of the law, to which no response is required. Defendant refers the Court to the text of the statute for a complete and accurate statement of its contents and denies any inconsistent allegations.

19. This paragraph consists of legal conclusions and/or Plaintiff's characterization of the law, to which no response is required. Defendant refers the Court to the text of the statute for a complete and accurate statement of its contents and denies any inconsistent allegations.

20. This paragraph consists of legal conclusions and/or Plaintiff's characterization of the law, to which no response is required. Defendant refers the Court to the text of the statute for a complete and accurate statement of its contents and denies any inconsistent allegations.

21. This paragraph consists of legal conclusions and/or Plaintiff's characterization of the law, to which no response is required. Defendant refers the Court to the text of the statute for a complete and accurate statement of its contents and denies any inconsistent allegations.

22. This paragraph consists of legal conclusions and/or Plaintiff's characterization of the law, to which no response is required. Defendant refers the Court to the text of the statute for a complete and accurate statement of its contents and denies any inconsistent allegations.

23. Denied.

24. Defendant admits that on December 19, 2025, the Department of Justice produced documents consistent with the EFTA. Defendant admits that a public statement was also published on that date and he respectfully refers the Court to the letter which contains a full and accurate accounting of that statement. All other allegations are denied.

25. Defendant admits that the Department of Justice made iterative productions of documents in its compliance with the EFTA. In total, the Department produced millions of pages following the Herculean task of reviewing millions and millions of potentially responsive documents. Respecting characterizations of the Department's letter, Defendant refers the Court to the entire document for a full, complete, and accurate representation of its contents. Any other factual allegations are denied.

26. Defendant admits that the Department continued to work with victims and counsel for victims –in an iterative process – to fully redact all victims' names and identifying information. Any other factual allegations are denied.

27. This paragraph consists largely of conclusions of law, rather than allegations of fact, to which no response is required. Any other factual allegations are denied.

28. The Department admits that it made redactions consistent with the EFTA and the processes outlined in the Deputy Attorney General's Attorney Review Protocol for Epstein Files memorandum dated January 4, 2026, and publicly posted on the DOJ website. Specifically, that memo states:

> In order to maintain a steady stream of underage girls to perform sexual acts, Epstein also directed others, including some of his victims, to recruit other minor girls to engage in sexualized massages. Some victims brought just one or two friends, while others brought Epstein dozens of other girls … For purposes of this review (and relevant redactions), victims include individuals identified as victims, or potential victims, through the Department's prior prosecutions of Epstein and Maxwell as well as all individuals who have (directly or through counsel) been identified, including self-identified, to the Department as potential victims of state or federal offenses or other claims of sexual exploitation or misconduct by Epstein or Maxwell.

Any characterization of the redactions a legal conclusion to which no response is required. To the extent any factual allegations remain unanswered, they are denied. Respecting subparagraphs (a)–(f), Defendant refers the Court to the Epstein Files library for the complete publicly available versions of these documents and its *ex parte*, *in camera* productions for the full and complete unredacted versions of these documents. The Department avers that redactions were made consistent with the Attorney Review Protocol and denies any inference or allegation of "inappropriate redactions."

29. This paragraph consists largely of conclusions of law, rather than allegations of fact, to which no response is required. The Defendant admits that although the Act allows for withholding for items necessary "to be kept secret in the interest of national defense or foreign policy"—no files were withheld or redacted on that basis. Any remaining allegations of fact are denied.

30. This paragraph consists of conclusions of law and characterizations of other statements to which no response is required. Any factual allegations are denied.

31. Denied. The Department has complied with the law and produced millions of pages of records. Plaintiff, herself, identified several documents in this litigation already that contain highly spurious, uncorroborated, prejudicial statements, thereby defeating her own allegation here.

32. This paragraph is too vague and ambiguous to put the Government on notice as to the substance of this allegation. To the extent a response is required, it is Denied.

33. This paragraph contains sensationalized and spurious allegations entirely unrelated to the litigation and appears only to be a vehicle for Plaintiff and her attorneys to attack their political opponents. The fact that a witness is interviewed has no bearing on the witness's credibility. To the extent any factual allegations are actually contained in this in this paragraph they are Denied.

34. This paragraph is too vague and ambiguous to put the Defendant on notice as to the substance of this allegation and it is, for that reason alone, deficient. For instance, the Plaintiff alleges "according to logs" without stating what logs. At bottom, this paragraph appears to allege that there is a delta between documents that exist and documents produced and imply that such a delta is per se evidence of a violation of the EFTA. To the extent that is what Plaintiff alleges, it is denied as there are several grounds on which documents were withheld. *See, e.g.*, Attorney Review Protocol and Letters from the Deputy Attorney General to Members of Congress dated December 19, 2025, and January 30, 2026 (explaining that duplicative documents need not be reviewed, redacted, and produced multiple times).

35. This paragraph contains Plaintiff's characterization of documents to which no response is required. To the extent that any response is required, it is denied.

36. This paragraph contains Plaintiff's characterization of events and documents to which no response is required. The paragraph also contains vague and ambiguous references to documents not identified such that the Defendant has insufficient information about the substance of the allegation to admit or deny it. To the extent that this paragraph alleges that the files posted to the public facing Epstein Files library are insufficient or incomplete, that allegation is denied.

37. The Department has produced millions of pages of documents in the Epstein Library. As the Privacy Notice on the Epstein Library landing page states:

> In view of the Congressional deadline, all reasonable efforts have been made to review and redact personal information pertaining to victims, other private individuals, and protect sensitive materials from disclosure. That said, because of the volume of information involved, this website may nevertheless contain information that inadvertently includes non-public personally identifiable information or other sensitive content, to include matters of a sexual nature. In the event a member of the public identifies any information that should not have been posted, please notify us immediately by email at EFTA@usdoj.gov so we can take steps to correct the problem as soon as possible.

*See* DOJ Disclosures available at https://www.justice.gov/epstein/doj-disclosures. In such instances, material would be removed, the appropriate redactions would be applied, and the documents would be re-posted to the publicly available library. The Defendant admits that, at times, specific, discrete documents were removed from the Epstein Library when—consistent with the Privacy Notice—the Department was made aware of material that was posted without redaction where redaction was appropriate, whether by a victim or member of the public. Any characterizations of any interview, document, or reason why an action was or was not taken contained in this paragraph is denied.

38. This consists only of the Plaintiff's characterization of unidentified documents to which no response is required. To the extent a response is required this paragraph is denied.

39. This paragraph continues Plaintiff's abuse of the Judicial process to make spurious, sensationalized, and uncorroborated allegations against the President of the United State. This paragraph—containing only Plaintiff's characterization of an unidentified document—is entirely unrelated to any claim for relief and entirely irrelevant. To the extent a response is required, the paragraph is denied.

40. This paragraph consists only of the Plaintiff's characterization of unidentified documents and public statements of one Congressman's opinion. To the extent a response is required, the paragraph is denied.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis it is denied.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis it is denied.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis it is denied.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis it is denied.

45. The Defendant categorically denies that the Department has failed to comply with the Act or left any redactions unexplained. Indeed, the redactions were explained in several documents including the Attorney Review Protocol, the letters to Congress, and the January 30, 2026, letter addressing the production of Department materials (all of which are available on the Epstein Files Library) and again in the Federal Register Notice dated August 26, 2026. *See* 91 FR 55356, https://www.govinfo.gov/content/pkg/FR-2026-08-27/pdf/2026-17533.pdf. All of these documents are attached to this Answer and incorporated into the Government's pleadings.

46. This paragraph consists only of the Plaintiff's characterization of a series of public events and statements of individual members of Congress to which no response is required. To the extent a response is required this paragraph is denied.

47. The Defendant categorically denies that it has failed to comply with the Act. The Defendant denies that Plaintiff has a right to any information not already produced or that she has any specific or individualized right to anything. The remainder of this paragraph consists of Plaintiff's characterizations and speculation of future events to which no response is required. To the extent a response is required, they are denied.

**Count One – Violation of the APA 5 U.S.C. § 706(2)(B)–(C)**

48. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendant's previous responses.

49. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

50. This first sentence is an (inaccurate) conclusion of law, rather than allegations of fact, to which no response is required. To the extent a response is required, it is denied. The Defendant admits that on January 30, 2026, he transmitted a letter to Congress and refers the Court to the entire document for an accurate representation of its contents. Any other factual allegations are denied.

51. This paragraph—including each of its subparts—consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, any factual allegations are denied.

**Count Two – Violation of the APA 5 U.S.C. § 706(2)(A)**

52. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendant's previous responses.

53. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

54. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

55. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is required, it is denied.

**Count Three – Ultra Vires Agency Action**

56. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendant's previous responses.

57. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

58. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

59. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

60. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

**Count 4 – Declaratory Judgment Act**

61. This paragraph refers to the preceding paragraphs of the Complaint, which are addressed in turn by Defendant's previous responses.

62. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

63. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

64. This paragraph consists of conclusions of law, rather than allegations of fact, to which no response is required.

**Affirmative Defenses**

1. The Court lacks subject-matter jurisdiction over one or more claims or requests for relief in the Complaint.

2. One or more claims or requests for relief in the Complaint fail to state a claim upon which relief can be granted.

3. There is no "final agency action" within the meaning of 5 U.S.C. § 704 for this Court to review.

4. Plaintiff has no basis or standing to bring a claim under 5 U.S.C. § 706 to "compel agency action unlawfully withheld."

5. Plaintiff has no cause of action available to her. To the extent she alleges informational injury, the Freedom of Information Act provides her remedy.

6. The Complaint states no basis for an *ultra vires* action.

7. The Declaratory Judgment Act authorizes a remedy, not an independent cause of action. Plaintiff is also not entitled to any declaratory relief.

8. Plaintiff lacks any individualized harm and, therefore, has no standing.

9. Plaintiff's "ability to do her job" has been unchanged; she routinely criticizes the Government's handling of this issue; and has even appeared on Cable television to discuss this

case. Any insinuation that she has been prevented from speaking on the Epstein Files, the Department of Justice's compliance with the Act, or any other topic conceivably related is categorically false. Plaintiff has, in no way, been restrained from speaking on this topic.

Dated: September 24, 2026

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

*/s/ Andrew J. Block*
ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

/s/ *Andrew J. Block*
Andrew Block