**U.S. Department of Justice**

Office of the Deputy Attorney General

The Deputy Attorney General

*Washington, DC 20530*

**MEMORANDUM**

**Subject**: Attorney Review Protocol for Epstein Files

**Date**: January 4, 2026

==========================================================================

This memorandum memorializes the protocol for conducting a responsiveness review of the Jeffrey Epstein files and to assist in providing guidance on redactions for victim identifying information and other protected categories of information. Please review the entire protocol before beginning your review.

It is of paramount importance to the Department that this review is thorough and that victim information is properly protected. If you have any questions about this protocol or about the documents under review, please escalate them promptly by emailing your question to EFTAreview@usdoj.gov.

**BACKGROUND ON CRIMINAL CHARGES**

The criminal charges against Jeffrey Epstein and Ghislaine Maxwell arise from a years-long scheme to recruit and entice minor girls into engaging in commercial sex acts, specifically sexualized massages and related sexual activity in exchange for money, in locations including Manhattan and Palm Beach, Florida. In both Florida and New York, the charged scheme operated in a nearly identical fashion: Epstein victimized minor girls who were brought to his homes to give Epstein erotic "massages," in exchange for hundreds of dollars, and then paid those individuals to recruit additional minor victims, who typically ranged in age from 14 to 17 years old. Once the victims were alone with Epstein, the "massages" became increasingly sexual. Epstein's conduct included masturbating in front of victims; fondling their breasts; placing a vibrator on their genitals; and/or directly touching their genitals. Some victims also continued to engage in such acts with Epstein after they were no longer minors. The victims were typically paid by Epstein or his employees in cash. After their first visit to Epstein's residences, victims usually were contacted via telephone by individuals who worked for Epstein (including Maxwell) to arrange additional massages. In order to maintain a steady stream of underage girls to perform sexual acts, Epstein also directed others, including some of his victims, to recruit other minor girls to engage in sexualized massages. Some victims brought just one or two friends, while others brought Epstein dozens of other girls.

While the above description summarizes the charges against Epstein and Maxwell, note that the Department is not limiting its redactions to victims of the charged offenses. For purposes of this review (and relevant redactions), victims include individuals identified as victims, or potential victims, through the Department's prior prosecutions of Epstein and Maxwell as well as

all individuals who have (directly or through counsel) been identified, including self-identified, to the Department as potential victims of state or federal offenses or other claims of sexual exploitation or misconduct by Epstein or Maxwell.

## I. Responsiveness

### A. Overview

The Epstein Files Transparency Act, Pub. L. 119-38, 139 Stat. 656 (the "Act"), requires the Attorney General to produce "all unclassified records, documents, communications, and investigative materials" in DOJ possession that "relate to:

(1) Jeffrey Epstein including all investigations, prosecutions, or custodial matters.

(2) Ghislaine Maxwell.

(3) Flight logs or travel records, including but not limited to manifests, itineraries, pilot records, and customs or immigration documentation, for any aircraft, vessel, or vehicle owned, operated, or used by Jeffrey Epstein or any related entity.

(4) Individuals, including government officials, named or referenced in connection with Epstein's criminal activities, civil settlements, immunity or plea agreements, or investigatory proceedings.

(5) Entities (corporate, nonprofit, academic, or governmental) with known or alleged ties to Epstein's trafficking or financial networks.

(6) Any immunity deals, non-prosecution agreements, plea bargains, or sealed settlements involving Epstein or his associates.

(7) Internal DOJ communications, including emails, memos, meeting notes, concerning decisions to charge, not charge, investigate, or decline to investigate Epstein or his associates.

(8) All communications, memoranda, directives, logs, or metadata concerning the destruction, deletion, alteration, misplacement, or concealment of documents, recordings, or electronic data related to Epstein, his associates, his detention and death, or any investigative files.

(9) Documentation of Epstein's detention or death, including incident reports, witness interviews, medical examiner files, autopsy reports, and written records detailing the circumstances and cause of death." Act § 2(a).

### B. Responsiveness Tags

There are five choices for responsiveness tags in the review platform; please choose only one tag for each document. Each document should be evaluated on its own, irrespective of its relationship to other documents. For example, an email and its attachments should each be evaluated standing alone for responsiveness.

- Responsive—apply this tag if a document relates to any of the nine topics above
- Non-responsive—apply this tag if a document does not relate to any of the nine topics above
  - If non-responsive, move on to the next document (*i.e.*, no need to apply redactions or any other tags)
- Duplicate—apply this tag if the document is a duplicate. For example, if the document is an email chain and the most-inclusive email (*i.e.*, containing all the back-and-forth) has already been reviewed and redacted as appropriate for production, the interstitial back-and-forth can be marked as duplicates. This is also the case for any materials already publicly released through official channels; for example, the Department's prior release of the flight log, contact book, and masseuse list.
  - If a duplicate, move on to the next document (*i.e.*, no need to apply redactions or any other tags)
- Error—apply this tag if there is a technical issue with viewing the document
- Foreign language—apply this tag if a document is in a foreign language

If you have any questions about whether a document is responsive, please email your question to EFTAreview@usdoj.gov.

If a document is tagged responsive, please proceed to evaluating whether it needs a content tag listed below to track the materials that are produced.

- 2(a)(3) Flight Logs—apply this tag if a document relates to the third topic above ("Flight logs or travel records, including but not limited to manifests, itineraries, pilot records, and customs or immigration documentation, for any aircraft, vessel, or vehicle owned, operated, or used by Jeffrey Epstein or any related entity.")
- 2(a)(6) Deals—apply this tag if a document relates to the sixth topic above ("Any immunity deals, non-prosecution agreements, plea bargains, or sealed settlements involving Epstein or his associates.")
- 2(a)(7) Charging—apply this tag if a document relates to the seventh topic above ("Internal DOJ communications, including emails, memos, meeting notes, concerning decisions to charge, not charge, investigate, or decline to investigate Epstein or his associates.")
- 2(a)(8) Destruction—apply this tag is a document relates to the eighth topic above ("All communications, memoranda, directives, logs, or metadata concerning the destruction, deletion, alteration, misplacement, or concealment of documents, recordings, or electronic data related to Epstein, his associates, his detention and death, or any investigative files.")
- 302s—apply this tag to all FBI 302s

Finally, for the report to Congress, please use the "Notes" box to list any "government officials and politically exposed persons named or referenced in the released materials." Act § 3 (emphasis added). Be specific; if the material provides the person's name, list the name.




Do **NOT** use this "Notes" box for questions, notes, or explanatory comments – those should be addressed using the "Freeform Codes" instead, as explained below. The "Notes" box should be used only for listing the names of "government officials and politically exposed persons named or referenced in the released materials." Likewise, when making redactions in the review platform, there is also a "Notes" option. Do NOT use it; enter any necessary notes via a "Freeform Code" instead.

Questions should be emailed to EFTAreview@usdoj.gov rather than notated in the review platform. However, there are a few "Freeform Codes" that allow for "Reviewer Note" text entry. These should be used sparingly:

- "RN-Redaction"—to be used for a note about redaction, such as when there is no applicable tag (*e.g.*, tax records, SARs)
- "RN-Other"—other note

## II. Permitted Withholdings and/or Redactions

### A. Overview

Even if a document is responsive, the Act allows for certain withholdings and redactions, except that "no record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political sensitivity, including to any government official, public figure, or foreign dignitary." Act. § 2(b).

Permitted withholdings or redactions under the Act fall into the following five categories:

"(1) Contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(2) Depict or contain child sexual abuse materials (CSAM) as defined under 18 U.S.C. 2256 and prohibited under 18 U.S.C. 2252–2252A;

- [Note that this includes all descriptions of sexual abuse contained within victim and witness statements, police reports, etc. Redact only the child sexual abuse descriptions and leave in the surrounding information.]

(3) Would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary;

(4) Depict or contain images of death, physical abuse, or injury of any person; or

- [Note that this language is "any person," not just to victims, and also includes "injury" and not just death.]

(5) Contain information specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified pursuant to such Executive order." Act § 2(c)(1).

In addition, as detailed further below, certain personal identifying information (PII) and protected health information (PHI) must be redacted to comply with existing federal law.

Please mark all redactions using the review platform's redaction tool.[1] After marking the redactions, please select all the bases for the redactions you have marked. If a document would be entirely redacted such that the document will not get produced, please choose "z_Redacted in Full" and also select the applicable category in "Redaction."

The applicable bases in the "Redaction" category to select include:

- Classified—please immediately raise to your POC if you come across any documents that appear to be classified under EO 13526. Documents that are designated as "confidential" for purposes of discovery are not classified.
- Depict/contain CSAM
- Images of Death/Abuse/Injury
- Ongoing federal investigation
- PII
- Victim PII
- Sealed—for records indicating on their face that they were filed under seal, or sealed by a court

### B. Redaction of Victim Information

Victim names, personal identifying information, private health information, and other third-party names or identifying details that, if disclosed, would reveal the identity of the victim must be redacted. This pertains to all victims, even victims who later became perpetrators.[2]

---

[1] Again, this is necessary only if the document is responsive. If a document is a duplicate or is non-responsive, there is no need to make line redactions so long as it is coded as a "Duplicate" or "Non-responsive."

[2] One thing to note is that victim records—*e.g.*, school, immunization records, yearbooks—should be treated as non-responsive rather than responsive. Therefore, for those records, there is no need to apply redactions. *See supra* at 5 n.1.

**1. Victim and Associate Names**

Attached is a highly confidential list of victim names that must be redacted. These names should be highlighted in [ ] in the review platform as a tool to assist your review. The highlighting may be both underinclusive (for example, not highlighting a misspelling of a name) and overinclusive (capturing names not on the victim list), so please undertake a careful review of the entire document for third-party names.

**Important Note:** the highlighting function does NOT work for Excel files, and image files. Thus, for any images or Excel files, please review carefully for any potential victim PII.

If you see a third-party name in a document, please check the list to see whether the third party is a victim. Please note that you should check the names of both male and female third parties, as the victim list also includes some family members and significant others of victims whose names must be redacted to protect the privacy of victims.

In the Maxwell trial, certain associates of victims (along with certain victims) were permitted by the Court to testify under pseudonyms to avoid revealing a victim's identity, so it is important to pay close attention to all third-party names irrespective of gender. For example, [redacted] ([redacted] was permitted to testify as "Matt," and [redacted] ([redacted] was permitted to testify as "Brian." These pseudonyms (first name only)—along with the names Kate and Shawn—are not included on the redaction list because they are very common first names. If you see these names standing alone in documents or emails, please consider whether the name is being used to refer to the witness who testified under a pseudonym. If it is, please redact the name and any other information in the document that could be used to identify the person. This is an illustration—as explained further below—of how the relatives and associates of victims must also be redacted to protect a victim's identity.

Context in a document may also suggest that a third party is a victim. If based on the contents of a document, you believe you have identified a victim who is not on the list we have circulated, please escalate (i) the document number, (ii) a brief description of why you believe the document shows that the person is a victim, and (iii) the victim's name to EFTAreview@usdoj.gov. A document, for example, indicating that a minor was recruited to give a massage to Epstein is one that should be escalated if the name of the minor is not already on our list of victims.

If, after examining the contents and context of the document and reviewing the attached list of victim names, you are still in doubt about whether a third party may be a victim or could be used to identify a victim based on the context of the document, please email your question to EFTAreview@usdoj.gov.

**2. Images**

With the exception of Maxwell and any well-known female public figures, all images of women should have their faces redacted (as we cannot determine from the image whether the person is a victim).

All facial images and names of apparent minors should be redacted.

A reviewer should err on the side of partial redactions if possible. If it is impossible to "segregate" CSAM, or partial redactions may still reveal information that would constitute "a clearly unwarranted invasion of personal privacy," please choose the "z_Redacted in Full" and "Depict/contain CSAM" tags.

**3. Victim Identifying Information / Health Information**

Below is a non-exhaustive list of PII / PHI that must be redacted:

- Date of birth
- Place of Birth (city, state, and zip code)
- Home address (street address, city, state, and zip code)
- Social security number (SSN)
- Email address
- Current and former employers, including any television shows/movies on which victims have appeared
- Telephone number
- Social media handles
- Financial information, *e.g.*., bank account and credit card numbers
- Medical history and diagnoses, treatment plans, medications, etc.
- Counseling notes and therapy records

The Act also permits the redaction or withholding of information akin to personal and medical files "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Act. § 2(c)(1)(A). This could include, for example, a victim's school records. If you have questions about whether something in a document could be redacted or withheld on this basis, please email EFTAreview@usdoj.gov.

**4. Other Information that Would Reveal Victim Identity**

While names and identifiers may be used to identify a victim, and must be redacted, consider whether other information in the document requires further redaction to protect the victim's identity or privacy. Here are some examples:

- Names of a victim's family members.

- Information about when and where the victim went to school, or where and when a victim worked in a particular job.

- Information about associates of a victim (redact the victim's name and also the names of the associates).

- A victim's medical information.

## C. Other Permitted Withholdings

### 1. Privacy Act Redactions

You must also redact PII that may be present in the documents:

- Names of Government employees (AUSAs and DOJ, law enforcement, BOP employees, OIG employees, contractors at USAO/FBI, etc.), ***except***:
  - Those occupying Presidentially-nominated, Senate-confirmed positions, including if in an Acting role (U.S. Attorney, federal judges, etc.);
  - Public affairs officers or other media-facing individuals;
  - The two BOP prison guards who were prosecuted – Michael Thomas and Tova Noel
- Names of confidential sources or cooperating witnesses
- Email addresses
- Dates of birth
- Personal street addresses (street, city, state, zip), ***except*****:**
  - Epstein's addresses:
  - 9 East 71st Street New York, NY
  - 6100 Red Hook Boulevard Little Saint James, USVI
  - 358 El Brillo Way Palm Beach, FL
- Telephone numbers
- Social security numbers (SSN)
- Driver's license numbers, passport numbers, license plate numbers, VINs
- Bank/financial account numbers, credit card numbers
- Other ID numbers (badge number, medical ID number, taxpayer ID number)

You must also redact PHI, such as medical history and diagnoses, treatment plans, medications, etc.

For Epstein (and any of his entities), redact his SSN and any phone numbers. Do not redact anything else, including his email addresses.

For Maxwell, do not redact her name but redact the rest of her PII, including her email address(es), and PHI.

If you are in doubt about whether PII or PHI should be redacted, please email EFTAreview@usdoj.gov.

**2. Privilege**

Also review if any of the following might apply:

- Deliberative-Process Privilege—"[D]ocuments reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quotation omitted).

- Work-Product Privilege—Documents that, for example, reflect "the mental processes of the attorney," *United States v. Nobles*, 422 U.S. 225, 238 (1975), in the "contemplation of litigation," *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975).

- Attorney-Client Privilege—"[C]onfidential communications between Government officials and Government attorneys." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011).
  - If a document contains ACP material between Epstein/his attorney(s); Maxwell/her attorney(s); or the two of them (common defense), the document should be redacted.

If a privilege applies, please mark the redaction using the review platform's redaction tool and select the basis or bases for the privilege. When a document is entirely privileged, such that the document will not get produced, please also choose "z_Redacted in Full."

Do not liberally apply these bases for redaction. If you have a question about whether a privilege is applicable to a particular document, please email EFTAreview@usdoj.gov.

**3. Other**

- Tax records: for tax records generally, redact only to the extent it reveals PII. If the "tax record" is a tax return, choose "z_Redacted in Full" and make a note of it in the "RN-Redaction" freeform text field.

- Defense counsel names: do not redact. (Their PII, such as email, phone number, addresses, are redacted.)

- SARs: redact; choose "z_Redacted in Full" and make a note of it in the "RN-Redaction" freeform text field.