**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATIE PHANG,

*Plaintiff*,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States,

*Defendant*.

Case No. 1:26-cv-01417 (EGS)

**Motion for Leave of Court to Postpone Deadline**

In this civil action, Plaintiff has attempted to circumvent the Freedom of Information Act ("FOIA") by bringing suit pursuant to a statute—the Epstein Files Transparency Act—that does not otherwise provide a private cause of action. She does this seeking information—as relevant here, an administrative record—that is already available pursuant to FOIA, the statute Plaintiff ought to use to obtain the information she seeks. Accordingly, requiring the government to expend resources to prepare a record that will ultimately prove unnecessary because this case is likely to be dismissed is not a good use of the Court's time or taxpayer resources.

Accordingly, Defendant Todd Blanche, in his official capacity as Attorney General of the U.S. Department of Justice ("Department"), respectfully moves this Court for leave to postpone its prior order (ECF No. 42 at 8) requiring the Defendant to file a "certified list of the contents of the Administrative Record by no later than October 1, 2026," and any requirement to produce the Administrative Record in due course thereafter pending the resolution of the Defendants Rule contemporaneously-filed Rule 12(c) Motion for Judgment on the Pleadings. In support of this motion Defendant states:

This matter involves the federal government's compliance with a general disclosure statute. Plaintiff contends that Defendant has failed to meet the requirements imposed on the Department by Congress and Defendant contends that Plaintiff lacks a private right of action to enforce the law, lacks Article III standing, and, in any event, that the Defendant has complied with the law's requirements.

The Local Rules of this Court require that "[i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." LCvR 7(n). However, when dispositive motions only present legal questions, the government often asks—and courts in this district often allow—for the requirements of LCvR 7(n) to be held in abeyance. *See Am. First Legal Found. v. Bondi*, Case No. 1:24-cv-3105, 2025 WL 2220034, at *4 (D.D.C. Aug. 5, 2025) (granting the Department of Justice's motion for "excusal from this obligation because their motion to dismiss raises only threshold questions of law and does not rely on any materials that would be part of the administrative record."); *see also Nohria v. Renaud*, Case No. 1:20-cv-2085, 2021 WL 950511, at *4 FN 3 (D.D.C. Mar. 14, 2021) ("Following the practice of other courts in this jurisdiction, the Court grants USCIS's motion to waive compliance with Local Civil Rule 7(n) because 'the administrative record is not necessary for [the court's] decision.'") (collecting cases).

Here, there is good cause to postpone the requirement of an Administrative Record. First, there are no material facts in dispute. Thus, an Administrative Record provides no additional information necessary to resolve the case. To the extent any documents are required to resolve the case, such documents are attached to the pleadings. *See generally* ECF No. 50. Any documents

that might arguably resolve a dispute of fact (i.e. the identity of individuals behind redactions or documents substantiating their status as a victim) have already been submitted to the Court for *ex parte*, *in camera* review. And such documents would not be part of an Administrative Record anyway.

Finally, any other documents—which would not typically fit into the category of an "Administrative Record"— the Court or a party might wish to rely in this case have already been published on the Department of Justice's Epstein Library and/or on the FBI Vault, the FBI's electronic FOIA library. Specifically, on the FBI's Vault is a section titled "Records regarding the review of the Investigative Holdings related to Jeffrey Epstein"[1] which contains emails and records evincing how documents now hosted on the Epstein Library were collected, reviewed, and redacted for publication. Between the FBI Vault and the DOJ Disclosures[2] the Department has already published records relating to how the Epstein Library itself was created and how records were processed.

In other words, undersigned counsel is not now aware of any records that would be a part of an Administrative Record that are not already publicly available.

**CONCLUSION**

For these reasons, the Defendant respectfully asks the Court for Leave to postpone the requirement to file a certified list of the contents of the Administrative Record until after the resolution of the contemporaneously-filed Rule 12(c) motion.

---

[1] *Available at* https://vault.fbi.gov/records-regarding-the-review-of-the-investigative-holdings-related-to-jeffrey-epstein.
[2] *Available at* https://www.justice.gov/epstein/doj-disclosures.

**CERTIFICATE OF COMPLIANCE**

Pursuant to LCvR 7(m), the undersigned counsel hereby certifies that before filing this non-dispositive motion, counsel conferred with opposing counsel in good faith to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement. Counsel for Plaintiff represents that they oppose the relief sought in this motion and requested the following be included as Plaintiff's position:

> Plaintiff stated that Defendant's request should be denied on its face, because: (1) L.R. 7(n)(1) requires an agency to file the certified contents of the Administrative Record simultaneously with the filing of a dispositive motion; and (2) the filing of a Rule 12(c) motion does not otherwise provide any basis for Defendant to continue to delay his obligation to file the certified contents of the Administrative Record and produce the Administrative Record. Plaintiff will submit further briefing on the issue if the Court so requires.

Dated: October 1, 2026

Respectfully submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ Andrew J. Block*

ANDREW J. BLOCK
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Andrew J. Block*
Andrew J. Block