**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE,<br>in his official capacity as Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO POSTPONE**

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT ........................................................................................................................4

I. The Court should deny Defendant's motion to postpone because it violates the Court's standing order. ....................................................................................4

II. The Court should deny Defendant's motion to postpone because it improperly seeks reconsideration of previously litigated issues. ............................5

III. The Court should deny the motion to postpone on its merits. ................................7

CONCLUSION ...................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs.*,
No. 18-cv-2112 (JDB), 2018 WL 5777397 (D.D.C. Nov. 2, 2018) ....................................11

**Amgen Inc. v. Hargan*,
285 F. Supp. 3d 397 (D.D.C. 2017) ....................................9, 11

*Anatolie Stati v. Republic of Kazakhstan*,
302 F. Supp. 3d 187 (D.D.C. 2018), *aff'd*, 773 F. App'x 627 (D.C. Cir. 2019)....................6

*AsylumWorks v. Mayorkas*,
No. 20-cv-3815 (BAH), 2021 WL 2227335 (D.D.C. June 1, 2021) ....................................4

*Chi. Mercantile Exch. v. Selig*,
No. 26-cv-2157 (CKK) (D.D.C. Aug. 27, 2026) ....................................8, 11

**Est. of Gaither ex rel. Gaither v. District of Columbia*,
771 F. Supp. 2d 5 (D.D.C. 2011) ....................................6

**Farrell v. Tillerson*,
315 F. Supp. 3d 47 (D.D.C. 2018) ....................................10

*FBME Bank Ltd. v. Mnuchin*,
249 F. Supp. 3d 215 (D.D.C. 2017) ....................................5

**Fund for Animals v. Williams*,
245 F. Supp. 2d 49 (D.D.C. 2003),
*vacated on other grounds*, 428 F.3d 1059 (D.C. Cir. 2005) ....................................11

*Fund for Animals v. Williams*,
391 F. Supp. 2d 191 (D.D.C. 2005) ....................................9

*Jackson v. Beech*,
636 F.2d 831 (D.C. Cir. 1980) ....................................1

*Jordan v. BOP*,
No. 20-cv-01478 (CKK) (D.D.C. Dec. 23, 2020)....................................8

**Ludlam v. U.S. Peace Corps*,
970 F. Supp. 2d 19 (D.D.C. 2013) ....................................6, 7

*McKoy v. Spencer*,
271 F. Supp. 3d 25 (D.D.C. 2017) ....................................9

*Nohria v. Renaud*,
Case No. 20-cv-2085, 2021 WL 950511 (D.D.C. Mar. 14, 2021) ..........7

*Robinson v. District of Columbia*,
296 F. Supp. 3d 189 (D.D.C. 2018) ..........6

*SEC v. Bilzerian*,
729 F. Supp. 2d 9 (D.D.C. 2010) ..........6

*Swedish Am. Hosp. v. Sebelius*,
691 F. Supp. 2d 80 (D.D.C. 2010) ..........10

*Tahavori v. Blinken*,
No. 23-cv-1460 (JDB) (D.D.C. Mar. 28, 2024) ..........7

*US Inventor, Inc. v. U.S. Pat. & Trademark Off.*,
No. 22-cv-2218 (JDB) (D.D.C. July 12, 2023) ..........7

*Vargus v. McHugh*,
87 F. Supp. 3d 298 (D.D.C. 2015) ..........9

**Walter O. Boswell Mem'l Hosp. v. Heckler*,
749 F.2d 788 (D.C. Cir. 1984) ..........9

*Wannall v. Honeywell Int'l, Inc.*,
292 F.R.D. 26 (D.D.C. 2013), *aff'd*, 775 F.3d 425 (D.C. Cir. 2014) ..........7

**Rules**

D.D.C. LCvR 7(n)(1) ..........2, 3, 5, 8, 12

Fed. R. Civ. P. 12(a)(2) ..........1

Fed. R. Civ. P. 12(d) ..........8

Fed. R. Civ. P. 54(b) ..........5

Fed. R. Civ. P. 55(a) ..........1

## INTRODUCTION

On September 19, 2026, the Court ordered Defendant to file an administrative record index by October 1 and to produce the administrative record to Plaintiff by October 15. ECF 42. Instead of complying with the Court's order, Defendant waited until after the close of Court on October 1, 2026 to request a stay of both deadlines. ECF 51. At the same time, Defendant filed a Rule 12(c) motion for judgment on the pleadings and a lengthy supporting brief. ECF 52, 52-1.

Defendant argues that because his Rule 12(c) motion raises no issues of fact, he should be excused from producing the administrative record while the Court considers that motion. But Defendant's request for yet another extension comes far too late, fails to comply with the Court's standing order, and attempts to relitigate matters already litigated and resolved. And it is entirely baseless—Defendant's Rule 12(c) motion *does* raise issues of fact (in addition to legal arguments this Court has already rejected). Defendant's motion can only be understood as the latest step in Defendant's ongoing campaign to delay resolution of this case on the merits.

The Court should repudiate Defendant's gamesmanship, deny the motion, order Defendant to file the certified list of the contents of the administrative record immediately, and order Defendant to produce the administrative record by his original deadline—October 15, 2026.

## BACKGROUND

For months, Defendant's disregard for his deadlines has delayed consideration of the merits of this case. Defendant first failed to answer the Complaint by his June 26, 2026 deadline. *See* Fed. R. Civ. P. 12(a)(2). Defendant did not move the Court for an extension of his deadline or otherwise request a stay of proceedings, such that he was in default under Rule 55(a) of the Federal Rules of Civil Procedure. *See Jackson v. Beech,* 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant

fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.").

As a professional courtesy, Plaintiff's counsel notified Defendant's counsel of the default on July 31, 2026. *See* ECF 27-1. Defendant then affirmatively *refused* to answer the Complaint. *Id.* And because Defendant did not answer the Complaint, he improperly avoided his obligation to file the certified list of the contents of the administrative record, as required by LCvR 7(n)(1).

Plaintiff was forced to seek intervention from the Court. Recognizing that a default judgment is an extraordinary remedy, Plaintiff moved on August 5, 2026 to compel Defendant to answer the Complaint, file the certified list of contents of the administrative record, and produce the administrative record, so that this case could proceed expeditiously to summary judgment. ECF 27.

Minutes after Plaintiff filed her motion, Defendant filed a motion to stay all filing deadlines in this case and set a briefing schedule for a dispositive motion. Although the Court had already granted Plaintiff's motion for preliminary injunction, and rejected Defendant's threshold arguments, on June 25, 2026 (ECF 16), Defendant argued that "the Motion for Preliminary Injunction remain[ed] undecided" and a stay was warranted because the Court had not yet resolved "threshold issues—including subject-matter jurisdiction, standing, and the merits of Plaintiff's APA claim." ECF 28 at 2. Defendant further asserted that "the Complaint is subject to dismissal by a dispositive motion, and the Department intends to file one on a schedule so ordered by the Court." *Id.* at 3. Defendant did not respond to Plaintiff's motion to compel, and he did not contest Plaintiff's request for an order requiring him to produce the administrative record.

On September 19, 2026 the Court granted Plaintiff's motion to compel and denied Defendant's motion to stay his deadlines and set a dispositive motion briefing schedule. ECF 42.

The Court explicitly rejected Defendant's suggestion that the litigation needed to be stayed until the Court resolved "threshold issues," explaining that it "resolve[d] those [threshold] issues in its Memorandum Opinion and Order when it rejected Defendant's jurisdictional arguments." *Id.* at 5. The Court held that Defendant was not entitled to a general stay of his deadlines or "subsequent motions practice on a motion to dismiss," because both would "clearly" prejudice Plaintiff. *Id.* at 7. The Court ordered that Defendant answer the Complaint by September 24, 2026. *Id.* at 8.

The Court further found that Defendant had conceded any argument that he should not have to produce the administrative record and so ordered Defendant to: (1) "file a certified list of the contents of the Administrative Record by no later than October 1, 2026"; and (2) "produce the Administrative Record to the Plaintiff by no later than October 15, 2026." *Id.* at 3, 8.

But, as is now a common theme in this case, Defendant yet again decided not to comply with a court order—or LCvR 7(n)(1), which independently requires Defendant to file the certified list of the contents of the administrative record with the Court "simultaneously with the filing of a dispositive motion[.]" Instead, at 9:18 p.m. on October 1, 2026—well after the close of Court, and in defiance of the Court's standing order—Defendant filed a motion to postpone his deadline to file the certified list of the contents of the administrative record and produce the administrative record (together, the "AR deadlines") until after the Court resolves his contemporaneously filed Rule 12(c) motion for judgment on the pleadings. ECF 51.

Defendant's Rule 12(c) motion relies on a handful of documents, including one agency record, that Defendant also attached as exhibits to his Answer and that plainly raise issues of fact. *See* ECF 52-1 at 23–25. In his motion to stay, Defendant nevertheless asserts that there is good cause for a stay because "there are no material facts in dispute" and the administrative record "provides no additional information necessary to resolve this case." ECF 51 at 2.

## ARGUMENT

### I. The Court should deny Defendant's motion to postpone because it violates the Court's standing order.

Defendant's motion to postpone should be denied for flagrantly violating this Court's standing order. That order requires that a motion "for a continuance or other scheduling change" (i) be filed "three business days prior to the scheduled hearing or other deadline" absent "extenuating circumstances," and (ii) "include alternative dates that have been agreed to by all parties." ECF 7 ¶ 10. Defendant filed his motion to postpone the AR deadlines on October 1, *the day of* his first deadline, *after* the Court closed, and his motion did not include alternative dates agreed to by Plaintiff. *See* ECF 51.

Defendant points to no extenuating circumstances that could excuse his compliance failure. And there are none. Defendant's request for an extension is based only on his pending motion for judgment on the pleadings, which he also filed on October 1. It is reasonable to assume that Defendant was preparing that motion and its 27-page supporting memorandum at *least* three days in advance of his October 1 deadline. But instead of requesting a timely extension so that the Court could rule prior to the deadline, Defendant waited until the eleventh hour to file his motion—impermissibly granting himself the extension he seeks. *See AsylumWorks v. Mayorkas*, No. 20-cv-3815 (BAH), 2021 WL 2227335, *3 n.7 (D.D.C. June 1, 2021) ("Filing deadlines imposed by rule or by court order remain effective unless expressly extended. Defendants may view the filing of their motion for a stay to give them some form of automatic relief from otherwise applicable filing deadlines. This view is incorrect.").

The Court should not condone such litigation tactics. Defendant could have—and should have—complied with the standing order, and his motion to postpone should be denied because of his noncompliance.

**II. The Court should deny Defendant's motion to postpone because it improperly seeks reconsideration of previously litigated issues.**

Defendant's motion to postpone should also be denied as an improperly presented and entirely unsupported motion for reconsideration. Plaintiff's motion to compel expressly asked the Court to set firm deadlines for Defendant to file the certified index and produce the administrative record. ECF 27. Defendant did not oppose that request. *See* ECF 42 at 3 ("Defendant did not file a response to Plaintiff's motion[.]"). The Court accordingly ruled that Defendant conceded the issue and imposed the AR deadlines that Defendant now seeks to extend. ECF 42 at 3, 8. And even had the Court not affirmatively imposed the AR deadlines, LCvR 7(n)(1) unequivocally requires Defendant to file the certified list of the contents of the administrative record "simultaneously with the filing" of a motion for judgment on the pleadings. Defendant previously moved the Court to stay "all filing deadlines," which necessarily includes the deadline imposed by LCvR 7(n)(1). *See* ECF 28. The Court denied that request, finding that "Plaintiff would clearly be prejudiced by a 60-day stay and subsequent motions practice on a motion to dismiss." ECF 42 at 7. Though styled as a "motion to postpone," Defendant's motion thus asks the Court to reconsider not just one but two prior rulings. There is no basis to do so.

Under Rule 54(b) of the Federal Rules of Civil Procedure, a district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied." *FBME Bank Ltd. v. Mnuchin*, 249 F. Supp. 3d 215, 222 (D.D.C. 2017). Typically, the moving party must demonstrate that "the Court misunderstood the parties, made a decision beyond the issues presented, failed to consider controlling decisions, or that there was a significant

change in the law or the facts." *Ludlam v. U.S. Peace Corps*, 970 F. Supp. 2d 19, 22 (D.D.C. 2013) (Sullivan, J.).

Here, Defendant fails to cite the standard for reconsideration, much less satisfy it. And he does not, and cannot, contend that the Court misunderstood the parties, made a decision beyond the issues presented, or failed to consider controlling decisions when it granted Plaintiff's motion to compel and denied Defendant's motion for stay. Nor has there been any change in the governing law or the facts. Defendant plainly has not provided the Court with any reason to reconsider its prior rulings. *See Ludlam*, 970 F. Supp. 2d at 22.

Further, "[i]n this Circuit, it is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" *Est. of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)). In *Gaither*, the court denied a motion for reconsideration that raised "arguments that should have been, but were not, raised" in prior briefing and "recycle[d] . . . arguments already pressed and rejected." *Id.* The court warned that "filing a motion of this kind is almost never appropriate" and "is, frankly, a waste of the limited time and resources of the litigants and the judicial system." *Id.* at 11. Similarly, in *Anatolie Stati v. Republic of Kazakhstan*, the court denied a motion for reconsideration where the moving party repeated "arguments made unsuccessfully before and couple[d] them with arguments it chose not to raise at that time." 302 F. Supp. 3d 187, 197–98 (D.D.C. 2018), *aff'd*, 773 F. App'x 627 (D.C. Cir. 2019). And in *Robinson v. District of Columbia*, the court found that a motion for reconsideration was "premised on what appears to be a refinement of" the moving party's "prior argument," holding that "on this basis alone, the motion is properly denied."

296 F. Supp. 3d 189, 192–93 (D.D.C. 2018) (citation modified).

Like the motions denied in these cases, Defendant's motion to postpone raises arguments that Defendant already raised (or could have raised) in prior briefing and requests relief that the Court already denied. Defendant could have argued for other deadlines when he responded Plaintiff's motion to compel. Instead, he said nothing, and the Court rightly imposed the requested deadlines. ECF 42 at 3. Further, Defendant previously requested a stay of all filing deadlines in this case. ECF 28 at 2. The Court denied that request, finding that it would prejudice Plaintiff. ECF 42 at 4–8. The "litigants have once battled for the court's decision, [and] they should neither be required, nor without good reason permitted, to battle for it again." *Ludlam*, 970 F. Supp. at 20; *see also Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30 (D.D.C. 2013), *aff'd*, 775 F.3d 425 (D.C. Cir. 2014).

**III. The Court should deny the motion to postpone on its merits.**

Defendant's motion to postpone should also be denied on its merits. Defendant argues that the Court should postpone the AR deadlines because his Rule 12(c) motion for judgment on the pleadings presents "only legal questions" and puts "no material facts in dispute." ECF 51 at 2. Not only is that patently wrong, but Defendant understates the showing he must make to excuse his obligation to produce an administrative record. To obtain that relief, Defendant must show that the administrative record is "unnecessary to resolve the current motion." *See, e.g.*, *US Inventor, Inc. v. U.S. Pat. & Trademark Off.*, No. 22-cv-2218 (JDB), slip op. at 17 (D.D.C. July 12, 2023); *Tahavori v. Blinken*, No. 23-cv-1460 (JDB), slip op. at 5 (D.D.C. Mar. 28, 2024).[1] Defendant cannot make that showing here for at least half a dozen reasons.

[1] Defendant's "only legal questions" framing is one circumstance that may sometimes satisfy the standard, but it is not the standard itself. Defendant appears to concede as much by quoting the correct standard in a parenthetical. ECF 51 at 2 (quoting *Nohria v. Renaud*, Case No. 20-cv-2085, 2021 WL 950511, at *4 n.3 (D.D.C. Mar. 14, 2021)).

First, a record is necessary because Defendant's Rule 12(c) motion makes a series of factbound arguments. Specifically, the motion asks the Court to hold that Plaintiff's APA claims fail because Defendant's redaction of non-victim information under the Privacy Act and withholding of foreign-language materials do not violate the Epstein Act. ECF 52-1 at 23–25. Defendant is wrong on both counts, but the Court need not decide those questions today. Any such ruling necessarily turns on facts only an administrative record can supply—for instance, whether there are additional review protocols other than the one Defendant relies on; whether reviewers followed those protocols; whether non-victim information was redacted or withheld for reasons other than those Defendant now invokes; whether materials referring to President Trump were withheld; and what quality control measures were taken. *See* ECF 52-1 at 21, 23–25.[2] When asked to resolve these sorts of factual issues, courts deny motions for relief from LCvR 7(n)(1), even where the legal question is a threshold one like standing. *See Jordan v. BOP*, No. 20-cv-01478 (CKK), slip op. at 2–3 (D.D.C. Dec. 23, 2020); *Chi. Mercantile Exch. v. Selig*, No. 26-cv-2157 (CKK), slip op. at 2 (D.D.C. Aug. 27, 2026). Here, where Defendant's factbound arguments go straight to the merits, the need for a record is plain.

Second, and relatedly, the Rule 12(c) motion relies on several characterizations of the Department's conduct: for instance, that it "went to great lengths to comply," undertook "extensive efforts," or made "a good-faith effort." ECF 52-1 at 1, 23–24. Those are sweeping factual assertions about the agency's overall process that, again, can be tested only against a record.

Third, the Rule 12(c) motion relies on documents outside the Complaint: the first-level Attorney Review Protocol attached to the Answer (ECF 50-1); the Federal Register notice

[2] For this reason and others, Defendant's motion is not a proper Rule 12(c) motion, and Plaintiff expects to argue in opposing it that it must be evaluated as a motion for summary judgment. Fed. R. Civ. P. 12(d).

generated in response to this very litigation (ECF 50-5); the Department's Section 3 report and production letter posted on its website (ECF 52-1 at 21, 23–25); and even a news article (ECF 52-1 at 3–4). The law in this circuit is crystal clear: Defendant may not rely on selected record (and extra-record) documents while at the same time denying Plaintiff access to a comprehensive record. *See Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("For review to go forward on a partial record, we would have to be convinced that the selection of particular portions of the record was the result of mutual agreement between the parties after both sides had fully reviewed the complete record."); *McKoy v. Spencer*, 271 F. Supp. 3d 25, 39 (D.D.C. 2017) ("[T]he Court is not prepared to grant summary judgment at this time because it is not convinced that the entire record is before the Court."); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 302 (D.D.C. 2015).

Fourth, and relatedly, without a complete record, neither Plaintiff nor the Court can tell which agency documents were before which decision-makers and when. An adequate administrative record here would include "all documents and materials directly or indirectly considered by agency decision-makers" at the time Defendant determined that the Department's production satisfied its obligations under the Act. *Amgen Inc. v. Hargan*, 285 F. Supp. 3d 397, 404 (D.D.C. 2017) (citation modified). And importantly, insofar as the Department at any point acted inconsistently with its review and quality control protocols, Defendant must also produce records explaining any resulting redactions and withholdings. *Id.* (administrative record must "include evidence contrary to the agency's position"); *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005) ("The agency may not skew the record in its favor by excluding pertinent but unfavorable information."). Plaintiff is entitled to a record that is adequate in these respects before she responds to a motion that seeks merits resolution. *See Vargus*, 87 F. Supp. 3d at 301–02.

Fifth, the Rule 12(c) motion relies on prior *ex parte*, *in camera* submissions that Plaintiff has not seen. Specifically, Defendant argues that Plaintiff cannot obtain relief from certain redactions "as demonstrated through the *ex parte*, *in camera* productions" made to comply with the preliminary injunction order. ECF 52-1 at 10. But if the documents substantiating Defendant's redaction decisions bear on the motion—and plainly they do, since Defendant is citing them to support it—they are part of the record and must at least be identified (even if withheld).

Sixth, Plaintiff's Count II alleges that Defendant's determination that the Department's productions satisfied the Act was arbitrary and capricious. ECF 1 ¶¶ 54–55. As a general rule, such claims cannot be evaluated without the record of the agency's decision-making. *Farrell v. Tillerson*, 315 F. Supp. 3d 47, 69 (D.D.C. 2018); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 89 (D.D.C. 2010). Defendant provides no reason to think this case will be the very rare exception. To the contrary, as Defendant has bemoaned time and again, complying with the Epstein Act was a complex and resource-intensive undertaking. The idea that this Court could resolve an arbitrary-and-capricious claim respecting such an undertaking without ever consulting the administrative record beggars belief.

As a final note, Plaintiff will fully address Defendant's underdeveloped arguments about the proper scope of the record (*see* ECF 51 at 3) at the appropriate juncture, after Plaintiff has reviewed the certified list and, where necessary, the produced record itself. But briefly, counsel's unverified representation that he "is not now aware of any records that would be a part of an Administrative Record that are not already publicly available" (*id.*) cannot substitute for a certified index. Even assuming that all materials properly in the record are already publicly available (a doubtful proposition), Defendant is wrong to suggest that it is *Plaintiff's* responsibility to comb through publicly available documents and divine which ones were "directly or indirectly

considered by *agency decision-makers*" at the time Defendant determined that the Department's production completed its obligations under the Act. *Amgen*, 285 F. Supp. 3d at 404 (emphasis added). "Common sense and precedent dictate" that when compiling an administrative record, "[i]t is the agency that did the considering, and that therefore is in a position to indicate initially which of the materials were before it—namely, were directly or indirectly considered." *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 57 (D.D.C. 2003), *vacated on other grounds*, 428 F.3d 1059 (D.C. Cir. 2005) (citation modified). If Defendant intends to claim that the Department's decision-makers relied on each and every publicly available Epstein Library document but not a single nonpublic one, he still must formally certify that and provide an index.

Much more could be said—and will be, when Plaintiff opposes the Rule 12(c) motion on its merits. But for present purposes, the above reasons suffice to illustrate why Defendant's motion to postpone lacks any merit. The administrative record is plainly necessary for Plaintiff to have a fair opportunity to oppose the motion in full, and for the Court to resolve it. The only issues raised in Defendant's Rule 12(c) motion that may not require a review of the administrative record are the same "threshold issues" that this Court already "resolved" at the preliminary injunction stage "when it rejected Defendant's jurisdictional arguments." ECF 42 at 5. To be sure, Defendant may attempt to relitigate those issues at the merits stage. But they cannot justify prejudicing Plaintiff through further delay. *See* ECF 42 at 7 (denying Defendant "subsequent motions practice on a motion to dismiss" because it would "clearly" prejudice Plaintiff). Defendant's jurisdictional and standing arguments "may equally be considered" after production of the administrative record. *See Chi. Mercantile Exch.*, No. 26-cv-2157 (CKK), slip op. at 3 (quoting *Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs.*, No. 18-cv-2112 (JDB), 2018 WL 5777397, at *3 (D.D.C. Nov. 2, 2018)).

Accordingly, Defendant's last-minute request to excuse his noncompliance with LCvR 7(n)(1) and extend the Court-ordered deadline to produce the administrative record should be denied.

**CONCLUSION**

Defendant's motion to postpone should be denied, Defendant should be ordered to file the certified list of the contents of the administrative record immediately, and Defendant should be ordered to produce the administrative record by the existing deadline of October 15, 2026.

Dated: October 8, 2026

Respectfully submitted,

/s/ *Emily D. Gilman*

**Public Integrity Project**
Brendan Ballou
D.C. Bar No. 241592
Emily D. Gilman
D.C. Bar No. 1740641
Samuel T. Ward-Packard
D.C. Bar No. 90005484
ballou@publicintegrityproject.org
emily@publicintegrityproject.org
sam@publicintegrityproject.org
(240) 473-3259

*Attorneys for Plaintiff Katie Phang*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE,<br>in his official capacity as Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**[PROPOSED] ORDER**

In view of Defendant's Motion for Leave of Court to Postpone Deadline, Plaintiff's Response in Opposition, and Defendant's Reply, it is hereby

**ORDERED** that Defendant shall file a certified list of contents of the Administrative Record by no later than the day this order is issued; and it is further

**ORDERED** that Defendant shall produce the Administrative Record to the Plaintiff by no later than October 15, 2026.

**SO ORDERED**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**October __, 2026**

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on October 8, 2026, she filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

/s/ *Emily D. Gilman*
Emily D. Gilman