**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KATIE PHANG**,<br><br>*Plaintiff*,<br><br>v.<br><br>**TODD BLANCHE**, in his official capacity as Attorney General of the United States,<br><br>*Defendant.* | Case No. 1:26-cv-1417 (EGS) |

**DEFENDANT'S NOTICE OF COMPLIANCE WITH COURT ORDER (DKT. 57)**

Defendant Todd Blanche, in his official capacity as Attorney General of the United States (the "Government" or "Department"), through counsel, respectfully submits this Notice of Compliance with the Order of this Court dated October 9, 2026, requiring Defendant to produce certain additional documentation to the Court for *in camera* review. Dkt. 57.

At 10:55 a.m. on Friday, October 16, 2026, the Defendant submitted, via hand delivery to the Court's chambers, a binder containing the following documents: Handwritten notes underlying the typewritten FD-302 interview reports Bates numbers EFTA01245620, EFTA02858481, and EFTA02858491 are provided, in fully redacted and as marked for redaction at documents stamped 3501.045-002, 3501.045-004, and 3501.045-006, respectively.

On September 16, 2026, the Court ordered the Government to produce the handwritten notes that formed the basis of the FD-302 reports identified above. Dkt. 43. On September 24, 2026, the Department produced unredacted copies of said notes to the Court. Dkt. 54. At that time, the redacted copies, as provided to the Court today, did not exist because, as the Government has articulated, the EFTA does not require the production of duplicative records. The United States

had concluded that the documents—submitted unredacted on September 24 and again today—were duplicative and, therefore, had not processed them for production to the public-facing Epstein Library.

The Government understands the Court's Order of October 9. 2026, Dkt. 57, to direct the United States to *add redactions* to documents the United States had previously determined were duplicative. Accordingly, the Government has reviewed and redacted the handwritten notes, consistent with the Department's January 4, 2026, Attorney Review Protocol for Epstein Files, and earlier today provided redacted marked-for-redaction copies of these documents to the Court.

That said, this should not be taken as a representative sample of what could be done, or what would happen, if the Department were required to redact and produce handwritten notes on a larger scale. The existence of some hand-written notes on the public library does not mean that *all handwritten* notes were similarly processed, reviewed, and prepared for publication to the library. So the fact that Plaintiff has identified "nearly 100" examples of redacted handwritten interview notes does not undermine Defendant's arguments. As the Attorney General stated in his January 30, 2026, letter:

> Considering various factors, including the volume of documents reviewed, the presence of duplicative and partially duplicative documents, and the number of attorneys and reviewers involved, *inconsistencies will likely exist* in how reviewers applied redactions. The multiple-layered review process, including quality control check, was designed to minimize inconsistencies, but variations are inevitable given the volume of materials reviewed, the necessity for manual review, the importance of redacting victim information, and the iterative nature of the various elements of the protocol.

Finally, to the extent that the Court is considering ordering the Department to publish these handwritten interview notes, submitted today for the Court's *in camera* review, the Government would respectfully request that the Court stay any order requiring their production to allow the Government time to consider seeking appellate review. As this Court has recognized, if a party is

not "satisfied with the judge's order" they "ought to appeal it, if there are legitimate bases to do so." Dkt. 34 at 39:24–40:01. But any order of the Court to produce these documents—either to Plaintiff or the public—without a stay, means that the government would not have a chance to seek meaningful appellate review. *See e.g.*, Dkt. 46-1 at 1, 6–7.

Dated October 16, 2026

Respectfully Submitted,

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ Andrew J. Block*
Andrew J. Block
Senior Counsel to the Associate Attorney General
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

*Counsel for the United States of America*