IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States,<br><br>Defendant. | Case No. 1:26-cv-1417 (EGS) |

**JOINT NOTICE**

Pursuant to the Court's Order of September 21, 2026 (ECF No. 49), the parties submit this joint notice relating to "recommendations for further proceedings." On the morning of Wednesday, October 28, 2026, the United States Court of Appeals for the District of Columbia Circuit issued a *per curiam* order denying Defendant's motion for stay pending appeal of this Court's June 25, 2026 (ECF No. 15) and September 16, 2026 (ECF No. 43) orders. *Phang v. Blanche*, Nos. 26-5299, 26-5334 (D.C. Cir. Oct. 28, 2026) (Doc. 2200619). In so doing, the Court of Appeals explained that:

> [T]he government has failed to show that it is irreparably harmed by merely initiating review of foreign-language documents under the Epstein Files Transparency Act. To the extent the government objects to producing documents before the merits of the case are resolved, production does not appear to be imminent. [Citation removed.] Nor could the government show irreparable harm during the pendency of the appeal from production of foreign-language documents as to which the government does not substantively dispute its production obligation. As appellee observes, the government in that instance would "only produce documents that" it itself "concludes must be disclosed by law." Phang Opp. 37. By contrast, insofar as the government may conclude after its "initial review" that it has a substantive basis to redact or withhold production of "certain foreign-language documents" and the parties disagree about whether such "documents have been properly redacted or withheld," appellee acknowledges that "such disputes will need to be resolved through further litigation." *Id.* at 37 n.4. The possibility of disclosure only after "further litigation" is not present irreparable harm.

## I. Defendant's Recommendations on Further Proceedings

By way of an update, the government has begun its review of records that were previously tagged as foreign language documents. The government is reviewing for responsiveness and then will ensure that any responsive documents are properly redacted, consistent with the attorney review protocol and the EFTA.

With respect to recommendations for further proceedings, the government proposes that it file another update in 30 days to advise on the status of its review. Defendant respectfully requests that the Court refrain from entering an order requiring the production of all foreign language documents within a set timeframe. Obviously, reviewing documents in foreign languages comes with additional challenges—the scope of which will not be known until each document is reviewed.

The government responds to Plaintiff's recommendations below by stating that: 1) Status reports are not a invitation to direct interrogatories to the government and inquire about "manhours" "progress" or any other question which Plaintiff might think of. Nor does a litigant or the Court possess the jurisdiction to direct an executive branch agency's allocation of its resources. The government also expressly rejects all allegations of "past noncompliance." 2) The government has, at all times, complied with the Court's orders or sought timely relief from the Court's orders and rejects any allegations to the contrary.

## II. Plaintiff's Recommendations on Further Proceedings

Plaintiff respectfully recommends that the Court order the following compliance measures with respect to foreign-language record review:

1. Consistent with the 30-day deadline Congress set for review and production in the Epstein Files Transparency Act itself, Defendant should be ordered to complete its

long-overdue review of foreign-language documents within 30 days from the Court of Appeals' decision, corresponding to a deadline of Friday, November 27, 2026.

2. Consistent with this Court's two previous orders that production is required, not just review—and in accordance with the Court of Appeals' ruling that the government cannot "show irreparable harm during the pendency of the appeal from production of foreign-language documents as to which the government does not substantively dispute its production obligation"—Defendant should be ordered to produce records that it determines are subject to production under the Epstein Files Transparency Act on a rolling basis as review proceeds and such records are identified.

3. To allow Plaintiff and the Court to establish a baseline for evaluating Defendant's progress toward compliance, Defendant should be ordered to answer the following questions pertinent to compliance on or before Friday, November 6:

   a. How many records were "previously tagged as foreign-language documents" and do those records constitute the entire universe of foreign-language records currently under review?

   b. On what date did the "review" described in Defendant's Position begin and how far has that review progressed?

   c. How many DOJ personnel are working on the review, and how many manhours per week are committed to review?

   d. How is DOJ ensuring accurate first-level review given that the records are in foreign languages?

4. To allow Plaintiff and the Court to monitor the progress of review, Defendant should be ordered to provide weekly status updates each Friday until review concludes. Those

status updates should indicate (i) number of records reviewed; (ii) number of records still to be reviewed; (iii) number of documents identified as responsive and produced; (iv) number of documents identified as responsive but withheld under the Epstein Files Transparency Act's enumerated withholding criteria; (v) number of documents identified as responsive but withheld on any non-enumerated basis; and (vi) number of documents determined to be nonresponsive.

5. Given Defendant's past record of noncompliance with the preliminary injunction order, Defendant should be ordered to notify Plaintiff's counsel and the Court immediately if at any point Defendant determines that DOJ will be unable to meet the November 27 review deadline. Such notice should describe, in detail, the reasons for the delay and identify the steps Defendant intends to take to mitigate the delay.

Plaintiff will file a proposed order consistent with the above recommendations.

Plaintiff also wishes to provide the following explanation as to why the Court is not receiving a single joint proposal.

On Wednesday, October 28, Plaintiff's counsel contacted Defendant's counsel to request Defendant's position on whether, when, and how DOJ would comply with this Court's preliminary injunction order and enforcement order.[1] After several further requests, Defendant's counsel responded substantively on Sunday, November 1, by providing a short draft Joint Notice. Although that draft stated that DOJ had "begun its review of records that were previously tagged as foreign language documents," it proposed no specifics as to the timing, scope, or procedures for that review. Nor did it state Defendant's position on whether or when DOJ would *produce* documents

[1] The email exchange between Plaintiff's counsel and Defendant's counsel is attached as Exhibit A.

deemed to be subject to production under the Epstein Files Transparency Act.

Plaintiff's counsel promptly responded with questions about Defendant's proposed review procedures, a request for Defendant's position on production, a comprehensive statement of Plaintiff's initial position on both review and production procedures, and an invitation to negotiate a compromise proposal to jointly present to this Court. Defendant's counsel, in turn, responded with a single sentence to the effect that Plaintiff could express such concerns through this position statement. Plaintiff's counsel then requested confirmation that Defendant was declining to answer any questions about review, declining even to state a position on production, and declining to negotiate a compromise proposal.

Defendant's counsel confirmed this morning that DOJ was refusing to answer questions—including, apparently, even the fundamental one of whether DOJ intended to comply with this Court's orders to produce foreign-language documents. Defendant's counsel nevertheless asserted that he was not "declining to confer or attempt to narrow disputes," claimed that he had stated "the government's proposal" and invited a counter-proposal. Defendant's counsel did not acknowledge that Plaintiff had already provided her initial proposal the day before, nor did he provide sufficient specifics for Plaintiff's counsel to evaluate Defendant's proposal. Plaintiff's counsel accordingly concluded that further attempts to negotiate were not likely to be fruitful and prepared this statement.

Dated: November 2, 2026

/s/ _*Samuel T. Ward-Packard*_____

**Public Integrity Project**
Brendan Ballou
D.C. Bar No. 241592
Emily D. Gilman
D.C. Bar No. 1740641
Samuel T. Ward-Packard
D.C. Bar No. 90005484

ballou@publicintegrityproject.org
emily@publicintegrityproject.org
sam@publicintegrityproject.org
(240) 473-3259

*Attorneys for Plaintiff Katie Phang*

STANLEY E WOODWARD, JR.
Associate Attorney General

*/s/ Andrew J. Block*
Andrew J. Block
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendant*