# Exhibit A

Public Integrity PROJECT

**Sam Ward-Packard <sam@publicintegrityproject.org>**

## Phang v. Blanche - joint notice filing

**Block, Andrew (OASG)** <Andrew.Block@usdoj.gov> Mon, Nov 2, 2026 at 8:15 AM
To: Sam Ward-Packard <sam@publicintegrityproject.org>
Cc: Brendan Ballou <brendan@publicintegrityproject.org>, Emily Gilman <emily@publicintegrityproject.org>

I don't have an objection to quoting more of the opinion if that's what you would like to do.

We are declining to answer questions though, yes.

I'm not declining to confer or attempt to narrow disputes. I've told you the government's proposal, if you have a counter-proposal please let us know.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Sam Ward-Packard <sam@publicintegrityproject.org>
**Sent:** Sunday, November 1, 2026 4:07 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Brendan Ballou <brendan@publicintegrityproject.org>; Emily Gilman <emily@publicintegrityproject.org>
**Subject:** Re: [EXTERNAL] Phang v. Blanche - joint notice filing

Andrew,

I understand your response to mean that you are declining to join a complete and accurate joint statement of the contents of the Court of Appeals' order, declining to answer any of our questions about the government's position on review, declining even to state the government's position on production, and declining our invitation to confer and attempt to narrow the parties' apparent disputes.

If my understanding is incorrect in any respect, please let me know as soon as possible. Otherwise, we will send a revised Joint Notice including Plaintiffs' position tomorrow morning.

All the best,

Sam

On Sun, Nov 1, 2026 at 1:31 PM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

> Sam,
>
> I think it makes sense for you to put that into a "Plaintiff's position" statement in the Joint Notice then.
>
> Best Regards,
>
> Andrew J. Block
>
> Senior Counsel
>
> Office of the Associate Attorney General
>
> Andrew.Block@usdoj.gov
>
> (c) (202) 372-7565
>
> ---
>
> **From:** Sam Ward-Packard <sam@publicintegrityproject.org>
> **Sent:** Sunday, November 1, 2026 1:40 PM
> **To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
> **Cc:** Brendan Ballou <brendan@publicintegrityproject.org>; Emily Gilman <emily@publicintegrityproject.org>
> **Subject:** Re: [EXTERNAL] Phang v. Blanche - joint notice filing
>
> Andrew,
>
> Thank you for sending a proposed joint notice earlier this morning. I am responding to your proposal here, on our existing email chain relating to that notice, rather than the email chain about expedited briefing of the appeal, which is not at issue here.
>
> Going forward, when we are under an order to provide joint notice, please provide your initial position at least one business day before the notice is due, as we now have little time to negotiate a resolution of several apparent disagreements.
>
> Regarding the text of the joint notice, we will have more specific line edits tomorrow during normal working hours, but for now, we note that your draft omits the following essential portion of the Court of Appeals' order: "Nor could the government show irreparable harm during the pendency of the appeal from production of foreign-language documents as to which the government does not substantively dispute its production obligation. As appellee observes, the government in that instance would 'only produce documents that' it itself 'concludes must be

disclosed by law.'"

Your draft omits that key point, yet includes the Court of Appeals' concluding sentence, that "[t]he possibility of disclosure only after 'further litigation' is not present irreparable harm." The entire passage needs to be included.

Regarding review, our position is that the government should provide weekly, not monthly, updates; should provide qualitative progress metrics; and should conclude all aspects of its review of all foreign language documents within 30 days, corresponding to the 30 days Congress provided for review under EFTA itself.

We may be willing to agree to a somewhat more generous compromise timeline to avoid litigation, but we'd need answers to (for a start) the following questions to evaluate any proposal:

1. How many documents were previously tagged as foreign language documents?
2. On what date did the current review of those documents begin?
3. How many DOJ personnel have been assigned to work on the current review?
4. How far has the current review progressed?
5. Approximately how many manhours per week is DOJ expending on the current review?
6. Given current staffing levels, progress to date, and any planned changes to staffing or review protocols, when does DOJ estimate that it will conclude the current review?
7. How is DOJ ensuring accurate first-level review given that the documents are in foreign languages?

Insofar as you decline to answer these questions, our position will be that you should be ordered to do so.

Regarding production, we are puzzled that your draft of the joint notice fails to address it at all. The Court of Appeals opinion is very clear: the government has no basis to withhold "production of foreign-language documents as to which the government does not substantively dispute its production obligation." And DOJ has not ever substantively disputed its obligation to *produce* foreign-language documents as a category, only its obligation to review them. Accordingly, production should occur on a rolling basis as review progresses, except insofar as DOJ concludes that one of EFTA's enumerated withholding criteria applies to a specific document. Please provide your position on that point as soon as possible.

We are not available to confer today, Sunday, as we have various family and other commitments and as it is well documented that have been attempting to confer with you about this notice since Wednesday. We can be available to confer during normal business hours tomorrow, Monday, except from noon – 2 PM eastern.

All the best,

Sam

On Fri, Oct 30, 2026 at 10:56 AM Sam Ward-Packard <sam@publicintegrityproject.org> wrote:

> Andrew,
>
> Will the government be providing a compliance plan proposal today?
>
> All the best,
>
> Sam
>
> On Thu, Oct 29, 2026 at 7:58 AM Block, Andrew (OASG) <Andrew.Block@usdoj.gov> wrote:

Good morning, Sam –

Yes we saw the circuit court's order yesterday. Judge Sullivan's order, ECF No. 49, says that the "The parties shall file a joint Notice with recommendations for further proceedings by no later than three days after the D.C. Circuit resolves Defendant's forthcoming motion to stay in that court." A straightforward application of FRCP Rule 6 makes the deadline Monday, Nov. 2, not tomorrow.

In any event, we will endeavor to get you our proposal on next steps as soon as possible.

Best Regards,

Andrew J. Block

Senior Counsel

Office of the Associate Attorney General

Andrew.Block@usdoj.gov

(c) (202) 372-7565

---

**From:** Sam Ward-Packard <sam@publicintegrityproject.org>
**Sent:** Wednesday, October 28, 2026 9:22 PM
**To:** Block, Andrew (OASG) <Andrew.Block@usdoj.gov>
**Cc:** Brendan Ballou <brendan@publicintegrityproject.org>; Emily Gilman <emily@publicintegrityproject.org>
**Subject:** [EXTERNAL] Phang v. Blanche - joint notice filing

Andrew,

As you are no doubt aware, the D.C. Circuit denied Defendant Blanche's motion for a stay pending appeal this morning. The District Court's temporary stay order, ECF No. 49, accordingly requires the parties to file "a joint Notice with recommendations for further proceedings" no later than this Friday. Please let us know by close of business tomorrow (Oct. 29) (i) when and (ii) how Defendant plans to begin complying with the foreign-language document order. We will in turn promptly advise you of our position on your proposed compliance measures. And we will make ourselves available to confer on Friday as necessary before the joint filing deadline.

All the best,

Sam