**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are: (1) Defendant's motion for leave of court to postpone the deadline for Defendant to file the certified list of the contents of the Administrative Record ("AR") ("Mot. to Postpone"), ECF No. 51; and (2) Plaintiff's motion to extend deadline to respond to Defendant's Rule 12(c) motion for judgment on the pleadings, ECF No. 56. Plaintiff's motion is unopposed but proposes alternative orders contingent on the Court's ruling on Defendant's motion. *See generally id.* For the reasons explained below, Defendant's motion is **DENIED** and Plaintiff's motion is **GRANTED**.

Judicial review under the Administrative Procedure Act ("APA") is "based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402,

420, (1971). "The administrative record includes all materials 'compiled' by the agency,'" *James Madison Ltd. by Hecht v. Ludwig,* 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citing *Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 419); that were "before the agency at the time the decision was made," *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981).

Local Civil Rule 7(n)(1) provides that

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

"If the government files a [dispositive motion] that [it claims] does not rely on the administrative record, the government may simultaneously move to waive compliance with Local Rule 7(n)(1)." *M.O. v. Helland*, 26-cv-2279, 2026 WL 3218694, at *1 (D.D.C. Oct. 27, 2026). The general practice in this Court is to waive compliance with Local Civil Rule 7(n)(1) when "the administrative record is not necessary for the [the court's] decision." *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (alteration in original) (quoting *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d

116, 123 n.12 (D.D.C. 2017)); *see also PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014).[1]

Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c), *see* Mot. for J. on the Pleadings ("MJP"), ECF No. 52; and simultaneously filed the instant motion, requesting that the requirement to produce the certified list of the contents of the AR and the production of the AR be postponed until after the Court resolves the Rule 12(c) motion, *see* Mot. to Postpone, ECF No. 51 at 1.

Defendant argues that counsel is unaware of any records that would be part of an AR that are not already publicly available. *Id.* at 2-3; *see also* Reply, ECF No. 58 at 5 (stating that Defendant "has already disclosed all disclosable information that could conceivably go into an [AR]"). Defendant also points to documents available in the Federal Bureau of Investigation's ("FBI") electronic Freedom of Information Act library (the "FBI Vault"), which he states "contains emails and records evincing how documents now hosted on the Epstein Library were collected, reviewed, and redacted for publication." Mot. to Postpone, ECF No. 51 at 3.

[1] Accordingly, the Court does not address Plaintiff's procedural arguments nor her argument that the motion is an "improperly presented" motion for reconsideration. *See* Opp'n, ECF No. 55 at 8-11; Reply, ECF No. 58 at 1-3.

Defendant's Rule 12(c) motion relies on Department of Justice ("Department") documents that are publicly available. Specifically, Defendant cites the following Department documents: (1) Letter from Todd Blanche, Deputy U.S. Att'y Gen., Re: Epstein Files Transparency Act – Production of Department Materials at 1 (Jan. 30, 2026); (2) Letter from Todd Blanche, Deputy U.S. Att'y Gen. to Chairman Chuck Grassley, Ranking Member Dick Durbin, Chairman Jim Jordan, Ranking Member Jamie Raskin (Feb. 14, 2026); (3) Report Under Public Law 119-38, 91 Fed. Reg. 55356 (Aug. 27, 2026); (4) EFTA First Level Review Protocol (Jan. 4, 2026). Defendant also cites a news article, *see Members of Congress start reviewing unredacted Epstein files at Justice Department*, NBC NEWS (Feb. 9, 2026), https://perma.cc./F4QF-LUNX; and a press release, *see Khanna, Massie, Leger Fernández, Merkley, Luján Introduce "Epstein Files Transparency Act II,"* CONGRESSMAN RO KHANNA (Aug. 5, 2026), https://permacc/WL6A-QD6K.

Defendant provides no legal authority to support the proposition that because the Department documents Defendant has cited are publicly available, Defendant is excused from his obligation to provide a certified list of the contents of the AR. Furthermore, it is *Defendant's* obligation to identify the specific records upon which he relied in making the determination that he completed the release of information

required under the Epstein Files Transparency Act ("EFTA"). *See* LCvR 7(n)(1). It is not the Plaintiff's or the Court's obligation to comb through the FBI Vault.

Without a certified list of the AR contents, the Court does not know whether there are other records upon which Defendant relied in complying with the EFTA. For example, Defendant asserts that he complied with the EFTA section 2(c)(2) requirement that all redactions "be accompanied by a written justification published in the Federal Register and submitted to Congress" by publishing the February 15, 2026 report in the Federal Register on August 27, 2026. MJP, ECF No. 52-1 at 32. However, none of the Department documents Defendant cites explain the justification for Defendant's determination that the February 15, 2026 report to Congress satisfies the section 2(c)(2) requirement. Nor do the documents provide an explanation for the six-month time lag between the February 15, 2026 report and its publication in the Federal Register.

Similarly, Defendant argues that the EFTA does not require the production of foreign-language documents and seeks judgment on Plaintiff's claim that Defendant's failure to produce the documents is arbitrary and capricious. *Id.* at 30-31; *see also* Compl., ECF No. 1 ¶ 55. However, none of the Department documents Defendant cites explain the justification for Defendant's conclusion. Without the AR that "delineates the path by which

[Defendant] reached [his] decision" that compliance with the EFTA was complete, *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 339 (D.C. Cir. 1989); the Court cannot properly evaluate Plaintiff's claims that Defendant acted arbitrarily and capriciously. *See Farrell v. Tillerson*, 315 F. Supp. 3d 47, 69 (D.D.C 2018) (directing the government to comply with Local Civil Rule 7(n)(1) because without "a complete administrative record . . . the Court cannot properly evaluate the plaintiff's claims that the defendants acted arbitrarily and capriciously."); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 302 (D.D.C. 2015) (granting motion to compel production of the AR in an APA case involving arbitrary and capricious claim because "the Court cannot fully evaluate [the government's arguments in its motion to dismiss] without the [a]dministrative [r]ecord"); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010)(concluding that "[t]he court [wa]s unable to assess the merits of [the defendant's motion to dismiss] arguments without considering the administrative record" in an APA case involving an arbitrary and capricious claim).

Defendant also argues that the AR is not necessary for the Court's resolution of his Rule 12(c) motion because there are no material facts in dispute and that "[a]ny documents that might arguably resolve a dispute of fact (i.e. the identity of individuals behind redactions or documents substantiating their

status as a victim) have already been submitted to the Court for *ex parte*, *in camera* review." *See* Mot. to Postpone, ECF No. 51 at 2-3. The Court rejects this argument because the documents submitted to the Court for its *ex parte*, *in camera* review are relevant only to the narrow relief Plaintiff sought in her Motion for Preliminary Injunction.

Defendant argues that there are no factual issues in the MJP because the question of the interplay between the Privacy Act and the EFTA are legal questions, as is the question of whether Defendant has an obligation to process and review foreign language documents. Reply, ECF No. 58 at 4. Defendant's Rule 12(c) motion raises both jurisdictional questions, *see* MJP, ECF No. 52-1 at 12-25; and merits questions, *see id.* at 25-33. As illustrated above, the complete AR is necessary for the Court's evaluation of the merits questions Defendant raises.

In conclusion, and for the reasons explained above, Defendant's Rule 12(c) motion does rely on the AR, *see M.O.*, 2026 WL 3218694, at *1; and the AR is necessary for the Court's decision, *see Connecticut*, 344 F. Supp. 3d at 294.

Accordingly, it is **HEREBY**

**ORDERED** that Defendant's motion for leave of court to postpone the deadline for Defendant to file the certified list of the contents of the Administrative Record, ECF No. 51, is **DENIED**; and it is further

**ORDERED** that Plaintiff and Defendant shall confer regarding the list of the contents of the Administrative Record, and Defendant shall file a certified list of the contents of the Administrative Record by no later than November 17, 2026; and it is further

**ORDERED** that Defendant shall produce the Administrative Record to Plaintiff by no later than December 1, 2026; and it is further

**ORDERED** that Plaintiff's motion to extend deadline to respond to Defendant's Rule 12(c) motion for judgment on the pleadings, ECF No. 56, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall respond to Defendant's Rule 12(c) motion for judgment on the pleadings, ECF No. 55, by no later than December 31, 2026.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**November 9, 2026**