**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATIE PHANG,

Plaintiff,

v.

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Defendant.

Civil Action No. 26-1417 (EGS)

**ORDER**

On September 16, 2026, the Court issued a Memorandum Opinion and Order addressing the parties' responses to the Court's June 25, 2026 Preliminary Injunction Order in this matter. *See* Mem. Op. & Order ("Order"), ECF No. 43. On September 18, 2026, Defendant sought a stay of the portion of the Order requiring him to initiate review and production of foreign-language materials that may be subject to production under the Epstein Files Transparency Act ("EFTA") and to provide notice to the Court and all parties that such review is underway by no later than September 24, 2026. *See* Mot. for Partial Stay, ECF No. 46. The Court denied Defendant's motion for partial stay, but because of the then fast-approaching deadline for Defendant to comply with the Order, the Court temporarily stayed that portion of the Order so that Defendant could file a motion for

stay pending appeal with the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") and directed the parties to file a joint Notice with recommendations for further proceedings by no later than three days after the D.C. Circuit resolved Defendant's motion to stay in that court.

On October 28, 2026, the D.C. Circuit issued a *per curiam* order denying Defendant's motion for stay pending appeal of the Court's June 25, 2026 and September 16, 2026 Orders. *Phang v. Blanche*, Nos. 26-5299, 26-5334 (D.C. Cir. Oct. 28, 2026). Thereafter, the parties filed a Joint Notice on November 2, 2026. *See* Joint Notice, ECF No. 62.

Defendant states the government has begun its review of the foreign language documents and proposes that it file an update on the status of its review in 30 days. *See* Joint Notice, ECF No. 62 at 2. Defendant requests that the Court not order the production of the foreign language documents within a certain time frame because at this time, it is not known what the scope of the challenges the review of the documents will be. *Id.* By contrast, Plaintiff requests Defendant complete his review of the documents by November 27, 2026.

At this time, and based on Defendant's representation, the Court will not order Defendant to complete the review within a certain timeframe.

Accordingly, it is hereby

**ORDERED** that Defendant shall file a Status Report on December 10, 2026 informing the Court of the status of the review of the foreign language documents and the anticipated timing for commencing publication of the documents; and it is further

**ORDERED** that the Status Report shall be based upon a written declaration made by a person with personal knowledge, based upon information provided in that person's official capacity, and upon conclusions that person reached based on that knowledge or information such as the government provided in *Citizens for Responsibility and Ethics in Washington v. Office of Management and Budget. See Decl. of David Rowe, Citizens for Resp. & Ethics in Wash. v. Off. of Mgmt. & Budget*, Case No. 25-cv-1051 (D.D.C. Apr. 8, 2025), ECF No. 48-1.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**November 9, 2026**