APPEAL,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:26−cv−01417−EGS

PHANG v. BLANCHE
Assigned to: Judge Emmet G. Sullivan
Case in other court: USCA, 26−05299
USCA, 26−05334
Cause: 05:551 Administrative Procedure Act

Date Filed: 04/27/2026
Jury Demand: Plaintiff
Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**KATIE PHANG**

represented by

**Emily Danya Gilman**
PUBLIC INTEGRITY PROJECT
1763 Columbia Road NW
Suite 175
Washington, DC 20009
708−476−9569
Email: emily@publicintegrityproject.org
*ATTORNEY TO BE NOTICED*

**Samuel Ward−Packard**
PUBLIC INTEGRITY PROJECT LLC
1763 Columbia Rd NW
Ste 175 #357995
Washington, DC 20009
262−949−0973
Email: sam@publicintegrityproject.org
*ATTORNEY TO BE NOTICED*

**Brendan Ballou**
PUBLIC INTEGRITY PROJECT LLC
1763 Columbia Rd NW
Ste 175 #357995
Washington, DC 20009
917−684−3900
Email: brendan@publicintegrityproject.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**TODD W. BLANCHE**
*in his official capacity as Acting Attorney General of the United States*

represented by

**Andrew Block**
DOJ−OASG
Office of the Associate Attorney General
950 Pennsylvania Ave., NW
Washington, DC 20530
202−372−7565

Email: andrew.block@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Saifuddin Kalolwala**
DOJ−USAO
Civil Division
601 D Street NW
Washington, DC 20530
202−252−2550
Email: saifuddin.kalolwala@usdoj.gov
*TERMINATED: 09/01/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley Edmund Woodward , Jr.**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW
Washington, DC 20530
771−220−9755
Email: stanley.woodward@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**K.L. SMITH**
*TERMINATED: 09/16/2026*

represented by

**K.L. SMITH**
3649 Evergreen Pkwy.
#504
Evergreen, CO 80437
720−404−5383
PRO SE

**Movant**

**JANE DOE**

represented by

**Brittany Henderson**
EDWARDS HENDERSON
425 North Andrew Avenue
Ste 2
Fort Lauderdale, FL 33301
954−524−2820
Fax: 954−524−2822
Email: brittany@cvlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**JANE DOE**

represented by

**Brittany Henderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**ANDREW PARKER**
*TERMINATED: 09/16/2026*

represented by **ANDREW PARKER**
4374 Galen Court
Birmingham, AL 35242
205−587−0174
PRO SE

**Movant**

**M. EUGENE GIBBS−SQUIRES**

represented by **M. EUGENE GIBBS−SQUIRES**
UNKNOWN
843−610−0674
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2026 | 1 | COMPLAINT *against Todd Blanche* against KATIE PHANG with Jury Demand ( Filing fee $ 405 receipt number ADCDC−12382373) filed by KATIE PHANG. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons)(Ballou, Brendan) (Entered: 04/27/2026) |
| 04/27/2026 | 2 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by KATIE PHANG (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit)(Ballou, Brendan) (Entered: 04/27/2026) |
| 04/27/2026 | | NOTICE OF NEW CASE ERROR The following error(s) need correction: No signature − Civil Cover Sheet. Please file the signed document using the event Errata. All filings must have an original signature or /s/ Attorney Name to represent an electronic signature of the filer. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmtm) (Entered: 04/27/2026) |
| 04/27/2026 | 3 | ERRATA *Civil Cover Sheet* by KATIE PHANG re 1 Complaint. (Ballou, Brendan) (Entered: 04/27/2026) |
| 04/27/2026 | 4 | NOTICE of Appearance by Samuel Ward−Packard on behalf of KATIE PHANG (Ward−Packard, Samuel) (Entered: 04/27/2026) |
| 04/27/2026 | | Case Assigned to Judge Emmet G. Sullivan. (zmtm) (Entered: 04/27/2026) |
| 04/27/2026 | 5 | SUMMONS (2) Issued Electronically as to U.S. Attorney General TODD BLANCHE and U.S. Attorney (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 04/27/2026) |
| 04/28/2026 | | MINUTE ORDER granting 2 Sealed Motion for Leave to File Document Under Seal pursuant to Local Civil Rule 5.1(c). Signed by Judge Emmet G. Sullivan on 4/28/2026. (lcegs1) (Entered: 04/28/2026) |
| 04/28/2026 | 6 | SEALED DOCUMENT filed by KATIE PHANG. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 04/29/2026) |
| 05/01/2026 | 7 | STANDING ORDER: The parties are directed to read the attached Standing Order Governing Civil Cases Before Judge Emmet G. Sullivan in its entirety upon receipt. The parties are hereby ORDERED to comply with the directives in the attached Standing Order. Signed by Judge Emmet G. Sullivan on 05/01/26. (Attachment: # 1 Exhibit 1) (mac) (Entered: 05/01/2026) |

| | | |
|---|---|---|
| 05/05/2026 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 4/27/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 6/26/2025.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/04/2026. (Ballou, Brendan) (Entered: 05/05/2026) |
| 05/28/2026 | 9 | MOTION for Preliminary Injunction by KATIE PHANG. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Katie Phang, # 3 Declaration of Samuel T. Ward−Packard, # 4 Text of Proposed Order)(Ward−Packard, Samuel) (Entered: 05/28/2026) |
| 05/29/2026 | | MINUTE ORDER. In view of 9 Motion for Preliminary Injunction, the following deadlines shall govern this matter: (1) Defendants shall file their opposition brief by 6/5/2026; (2) Plaintiff shall file her reply brief by 6/8/2026; and (3) the hearing on the Motion for Preliminary Injunction shall take place on 6/16/2026 at 11:00 am in Courtroom 24A. Signed by Judge Emmet G. Sullivan on 5/29/2026. (lcegs1) (Entered: 05/29/2026) |
| 05/29/2026 | | Set/Reset Deadlines/Hearings: Defendants Opposition Brief due by 6/5/2026. Plaintiff Reply Brief due by 6/8/2026. Preliminary Injunction Hearing set for 6/16/2026 at 11:00 AM in Courtroom 24A− In Person before Judge Emmet G. Sullivan. (mac) (Entered: 05/29/2026) |
| 05/29/2026 | 10 | NOTICE of Appearance by Saifuddin Kalolwala on behalf of TODD BLANCHE (Kalolwala, Saifuddin) (Entered: 05/29/2026) |
| 05/29/2026 | 11 | Consent MOTION to Continue *Scheduled Hearing* by TODD BLANCHE. (Kalolwala, Saifuddin) (Entered: 05/29/2026) |
| 06/01/2026 | | MINUTE ORDER granting 11 Consent Motion to Reschedule Hearing. The hearing scheduled for June 16, 2026 is CANCELLED and RESCHEDULED for June 30, 2026 at 1:00 pm in Courtroom 24A. Government counsel is reminded of the obligation to file a proposed order with each motion. See LCvR 7(c). Signed by Judge Emmet G. Sullivan on 6/1/2026. (lcegs1) (Entered: 06/01/2026) |
| 06/02/2026 | | NOTICE OF HEARING: The hearing currently scheduled for June 30, 2026 at 1:00PM in Courtroom 24A before Judge Emmet G. Sullivan will be made accessible to the public telephonically via the Courtroom Public Access Line. The Public Access telephone number is 1−833−990−9400, and the meeting ID is 712190216. The Court DIRECTS that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. (mac) (Entered: 06/02/2026) |
| 06/05/2026 | 12 | Memorandum in opposition to re 9 MOTION for Preliminary Injunction filed by TODD BLANCHE. (Kalolwala, Saifuddin) (Entered: 06/05/2026) |
| 06/08/2026 | 13 | REPLY to opposition to motion re 9 Motion for Preliminary Injunction filed by KATIE PHANG. (Ballou, Brendan) (Entered: 06/08/2026) |
| 06/24/2026 | 14 | |

| | | |
|---|---|---|
| | | NOTICE *of Supplemental Materials* by KATIE PHANG (Attachments: # 1 Affidavit)(Ballou, Brendan) (Entered: 06/24/2026) |
| 06/25/2026 | | MINUTE ORDER. In view of 14 Notice of Supplemental Materials, Defendant is ORDERED to file a response, without repeating arguments previously made, by no later than 1:00 pm today, June 25, 2026. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/25/2026 | | Set/Reset Deadlines: Defendant Response due no later than 1:00PM on 6/25/2026. (mac) (Entered: 06/25/2026) |
| 06/25/2026 | 15 | ORDER granting 9 Motion for Preliminary Injunction. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/25/2026 | 16 | MEMORANDUM OPINION. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/25/2026 | | MINUTE ORDER. In view of 15 , 16 , Memorandum Opinion and Order granting 9 Motion for Preliminary Injunction, the hearing scheduled for 6/30/2026 is HEREBY CANCELLED. Signed by Judge Emmet G. Sullivan on 6/25/2026. (lcegs1) (Entered: 06/25/2026) |
| 06/26/2026 | 17 | NOTICE of Appearance by Stanley Edmund Woodward, Jr on behalf of All Defendants (Woodward, Stanley) (Entered: 06/26/2026) |
| 06/26/2026 | 18 | NOTICE of Appearance by Emily Danya Gilman on behalf of KATIE PHANG (Gilman, Emily) (Entered: 06/26/2026) |
| 07/02/2026 | 19 | RESPONSE TO ORDER TO SHOW CAUSE re 15 Order on Motion for Preliminary Injunction filed by TODD BLANCHE. (Woodward, Stanley) (Entered: 07/02/2026) |
| 07/06/2026 | | MINUTE ORDER. In view of 15 Response to Order to Show Cause, Ms. Phang shall file a response by no later than July 13, 2026. The Attorney General shall file a reply by no later than July 20, 2026. Signed by Judge Emmet G. Sullivan on 7/6/2026. (lcegs1) (Entered: 07/06/2026) |
| 07/06/2026 | | Set/Reset Deadlines: Plaintiff Response due by 7/13/2026. Defendant Reply due by 7/20/2026. (mac) (Entered: 07/06/2026) |
| 07/13/2026 | 20 | RESPONSE TO ORDER OF THE COURT re Order, filed by KATIE PHANG. (Attachments: # 1 Text of Proposed Order)(Ballou, Brendan) (Entered: 07/13/2026) |
| 07/15/2026 | 21 | MOTION to Intervene by K.L. SMITH. (Attachments: # 1 Exhibit)(mg) (Entered: 07/17/2026) |
| 07/20/2026 | 22 | RESPONSE TO ORDER TO SHOW CAUSE re Order, filed by TODD BLANCHE. (Woodward, Stanley) (Entered: 07/20/2026) |
| 07/25/2026 | 23 | Order requiring Defendant to submit documents for in camera review. The parties are directed to read the attached Order upon receipt. Signed by Judge Emmet G. Sullivan on 7/25/2026. (lcegs1) (Entered: 07/25/2026) |
| 07/27/2026 | | Set/Reset Deadlines: Defendant Submission due no later than 3:00PM on 7/30/2026. (mac) (Entered: 07/27/2026) |
| 07/30/2026 | 24 | NOTICE of Appearance− Pro Bono by Brittany Henderson on behalf of Jane Doe (Henderson, Brittany) (Entered: 07/30/2026) |

| | | |
|---|---|---|
| 07/30/2026 | 25 | NOTICE *of Compliance* by TODD BLANCHE re 23 Order (Woodward, Stanley) (Entered: 07/30/2026) |
| 07/30/2026 | 26 | MOTION to Intervene *Motion of Non−Party Jane Doe for Leave to Intervene for the Limited Purpose of Preserving Victim Redactions, and For Leave to Proceed Pseudonymously to Submit Her Identity Ex Parte and Under Seal* by JANE DOE. (Attachments: # 1 Text of Proposed Order)(Henderson, Brittany) (Entered: 07/30/2026) |
| 08/05/2026 | 27 | MOTION to Compel *Answer* by KATIE PHANG. (Attachments: # 1 Declaration Ballou Decl., # 2 Exhibit Ex. A)(Ballou, Brendan) (Entered: 08/05/2026) |
| 08/05/2026 | 28 | MOTION to Stay re 1 Complaint *Nunc Pro Tunc* by TODD BLANCHE. (Kalolwala, Saifuddin). Added MOTION for Briefing Schedule on 8/10/2026 (mg). (Entered: 08/05/2026) |
| 08/06/2026 | 29 | ORDER scheduling status hearing. The parties are directed to read the attached Order upon receipt. Signed by Judge Emmet G. Sullivan on 8/6/2026. (lcegs1) (Entered: 08/06/2026) |
| 08/06/2026 | 41 | MOTION for Leave to File MOTION to Intervene by M. EUGENE GIBBS−SQUIRES. (Attachments: # 1 Exhibit)(mg) (Entered: 09/02/2026) |
| 08/07/2026 | | NOTICE OF HEARING: The hearing currently scheduled for August 13, 2026 at 1:00PM in Courtroom 24A before Judge Emmet G. Sullivan will be made accessible to the public telephonically via the Courtroom Public Access Line. The Public Access telephone number is 1−833−990−9400, and the meeting ID is 712190216. The Court DIRECTS that the attendees using the public access telephone line shall adhere to the following: persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting any court proceedings (including those held by telephone or videoconference). Violation of these prohibitions may result in sanctions, including removal of court−issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the presiding Judge. (mac) (Entered: 08/07/2026) |
| 08/11/2026 | 30 | Memorandum in opposition to re 28 MOTION to Stay re 1 Complaint *Nunc Pro Tunc* MOTION for Briefing Schedule filed by KATIE PHANG. (Gilman, Emily) (Entered: 08/11/2026) |
| 08/12/2026 | 31 | NOTICE of Appearance by Andrew Block on behalf of TODD BLANCHE (Block, Andrew) (Entered: 08/12/2026) |
| 08/13/2026 | | Set/Reset Hearings: Status Conference set for 8/13/2026 at 1:00 PM in Courtroom 24A− In Person (Audio Line Available) before Judge Emmet G. Sullivan. (mac) (Entered: 08/13/2026) |
| 08/13/2026 | | Minute Entry for proceedings held before Judge Emmet G. Sullivan: Status Conference held on 8/13/2026. The Court Heard Oral Arguments From The Parties. (Court Reporter LORRAINE HERMAN.) (mac) (Entered: 08/13/2026) |
| 08/20/2026 | 32 | NOTICE of Proposed Order by KATIE PHANG (Gilman, Emily) (Entered: 08/20/2026) |
| 08/20/2026 | 33 | NOTICE *regarding handwritten FBI interview notes* by KATIE PHANG (Gilman, Emily) (Entered: 08/20/2026) |
| 08/20/2026 | 34 | |

| | | |
|---|---|---|
| | | TRANSCRIPT OF STATUS CONFERENCE and ORAL ARGUMENT PROCEEDINGS, before Judge Emmet G. Sullivan, held on August 13, 2026. Page Numbers: 1−48. Date of Issuance: August 20, 2026. Court Reporter: Lorraine Herman. Email: Lorraine_herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/10/2026. Redacted Transcript Deadline set for 9/20/2026. Release of Transcript Restriction set for 11/18/2026.(Herman, Lorraine) (Entered: 08/20/2026) |
| 08/21/2026 | | MINUTE ORDER. In view of 32 Notice of Proposed Order and 33 Notice regarding handwritten FBI interview notes, Defendant shall submit a response by no later than August 27, 2026; and Plaintiff shall submit a reply by no later than September 3, 2026. Signed by Judge Emmet G. Sullivan on 8/21/2026. (lcegs1) (Entered: 08/21/2026) |
| 08/21/2026 | | Set/Reset Deadlines: Defendant Response due by 8/27/2026. Plaintiff Reply due by 9/3/2026. (mac) (Entered: 08/21/2026) |
| 08/24/2026 | 35 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 15 Order on Motion for Preliminary Injunction by TODD BLANCHE. Fee Status: No Fee Paid. (Block, Andrew) (Entered: 08/24/2026) |
| 08/24/2026 | 36 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 35 Notice of Appeal to DC Circuit Court. (mg) (Entered: 08/24/2026) |
| 08/24/2026 | 38 | MOTION to Intervene by ANDREW PARKER. (Attachments: # 1 Proposed Complaint, # 2 Text of Proposed Order)(mg) (Entered: 09/01/2026) |
| 08/25/2026 | | USCA Case Number 26−5299 for 35 Notice of Appeal to DC Circuit Court filed by TODD BLANCHE. (mg) (Entered: 08/25/2026) |
| 08/27/2026 | 37 | RESPONSE TO ORDER OF THE COURT re Order, *dated 8/21/2026* filed by TODD BLANCHE. (Block, Andrew) (Entered: 08/27/2026) |
| 08/31/2026 | | DEPOSIT of Funds into the Court's Registry in the amount of $ $1.00, Receipt Number 212494. (mg) (Entered: 09/01/2026) |
| 09/01/2026 | 39 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TODD BLANCHE. Attorney Saifuddin Kalolwala terminated. (Kalolwala, Saifuddin) (Entered: 09/01/2026) |
| 09/02/2026 | 40 | |

| | | |
|---|---|---|
| | | RESPONSE re 37 Response to Order of the Court filed by KATIE PHANG. (Ballou, Brendan) (Entered: 09/02/2026) |
| 09/16/2026 | 42 | MEMORANDUM OPINION AND ORDER granting 27 Motion to Compel; denying 28 Motion to Stay; denying 28 Motion for Briefing Schedule. Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | 43 | MEMORANDUM OPINION AND ORDER addressing the parties' responses to the Court's June 25, 2026 Preliminary Injunction Order. Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | | MINUTE ORDER denying 21 Motion to Intervene due to movant's failure to provide "a statement of the specific points of law and authority that support the motion" as required by Local Civil Rule 7(a). Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | | MINUTE ORDER denying 41 Motion to Intervene due to movant's failure to provide "a statement of the specific points of law and authority that support the motion" as required by Local Civil Rule 7(a). Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/16/2026 | | MINUTE ORDER denying 38 Motion to Intervene due to movant's failure to provide "a statement of the specific points of law and authority that support the motion" as required by Local Civil Rule 7(a). Signed by Judge Emmet G. Sullivan on 9/16/2026. (lcegs1) (Entered: 09/16/2026) |
| 09/17/2026 | | Set/Reset Deadlines: Defendant Answer due by 9/24/2026. Defendant Certified List Of Administrative Record due by 10/1/2026. (mac) (Entered: 09/17/2026) |
| 09/17/2026 | 44 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 43 Memorandum & Opinion by TODD W. BLANCHE. Fee Status: No Fee Paid. (Block, Andrew) (Entered: 09/17/2026) |
| 09/18/2026 | 45 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 44 Notice of Appeal to DC Circuit Court. (mg) (Entered: 09/18/2026) |
| 09/18/2026 | 46 | Partial MOTION to Stay re 43 Memorandum & Opinion *Pending Appeal* by TODD W. BLANCHE. (Attachments: # 1 Memorandum in Support)(Block, Andrew) (Entered: 09/18/2026) |
| 09/19/2026 | | MINUTE ORDER. In view of 46 Defendant's Motion for a Partial Stay Pending Appeal of the Court's September 16, 2026 Order, it is HEREBY ORDERED that Plaintiff shall file a response by no later than 9:00 am on September 21, 2026; and Defendant shall file a reply by no later than 5:00 pm on September 21, 2026. Signed by Judge Emmet G. Sullivan on 9/19/2026. (lcesgs1) (Entered: 09/19/2026) |
| 09/21/2026 | 47 | Memorandum in opposition to re 46 Partial MOTION to Stay re 43 Memorandum & Opinion *Pending Appeal* filed by KATIE PHANG. (Ballou, Brendan) (Entered: 09/21/2026) |
| 09/21/2026 | | Set/Reset Deadlines: Plaintiff Response due no later than 9:00AM On 9/21/2026. Defendant Reply due no later than 5:00PM On 9/21/2026. (mac) (Entered: 09/21/2026) |
| 09/21/2026 | | |

| | | |
|---|---|---|
| | | USCA Case Number 26−5334 for 44 Notice of Appeal to DC Circuit Court filed by TODD W. BLANCHE. (mg) (Entered: 09/21/2026) |
| 09/21/2026 | 48 | REPLY to opposition to motion re 46 Motion to Stay filed by TODD W. BLANCHE. (Block, Andrew) (Entered: 09/21/2026) |
| 09/21/2026 | 49 | ORDER denying 46 Motion to Stay. Signed by Judge Emmet G. Sullivan on 9/21/2026. (lcegs1) (Entered: 09/21/2026) |
| 09/24/2026 | 50 | ANSWER to Complaint by TODD W. BLANCHE. (Attachments: # 1 Exhibit 1_Attorney Review Protocol, # 2 Exhibit 2_December 19 Letter, # 3 Exhibit 3_January 30 Letter, # 4 Exhibit 4_February 14 Letter, # 5 Exhibit 5_91 Fed. Reg. 55356)(Block, Andrew) (Entered: 09/24/2026) |
| 09/30/2026 | 53 | MOTION to Alter Judgment as to Order on Motion for Leave to File, by M. EUGENE GIBBS−SQUIRES. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(mg) (Entered: 10/05/2026) |
| 10/01/2026 | 51 | MOTION for Leave of Court to Postpone Deadline *regarding the Administrative Record* by TODD W. BLANCHE. (Block, Andrew) (Entered: 10/01/2026) |
| 10/01/2026 | 52 | MOTION for Judgment on the Pleadings by TODD W. BLANCHE. (Attachments: # 1 Memorandum in Support)(Block, Andrew) (Entered: 10/01/2026) |
| 10/02/2026 | | MINUTE ORDER directing Defendant to file, by no later than 12:00 pm on October 5, 2026, his Notice of Compliance in response to the Court's Memorandum Opinion and Order, ECF No. 43. The Notice shall consist of the same type of information that he provided on July 30, 2026 when he filed his Notice of Compliance with the Court's Order of July 25, 2026. See Notice of Compliance, ECF No. 25. Signed by Judge Emmet G. Sullivan on 10/2/2026. (lcegs1) (Entered: 10/02/2026) |
| 10/02/2026 | | MINUTE ORDER. In view of 51 Motion for Leave of Court to Postpone Deadline regarding the Administrative Record, Plaintiff shall file a response by no later than October 8, 2026; and Defendant shall file a reply by no later than October 13, 2026. Signed by Judge Emmet G. Sullivan on 10/2/2026. (lcegs1) (Entered: 10/02/2026) |
| 10/05/2026 | 54 | NOTICE *of Compliance* by TODD W. BLANCHE (Block, Andrew) (Entered: 10/05/2026) |
| 10/05/2026 | | Set/Reset Deadlines: Plaintiff Response due by 10/8/2026. Defendant Reply due by 10/13/2026. (mac) (Entered: 10/05/2026) |
| 10/08/2026 | 55 | Memorandum in opposition to re 51 MOTION for Leave of Court to Postpone Deadline *regarding the Administrative Record* filed by KATIE PHANG. (Gilman, Emily) (Entered: 10/08/2026) |
| 10/08/2026 | 56 | Unopposed MOTION for Extension of Time to File Response/Reply as to 52 MOTION for Judgment on the Pleadings by KATIE PHANG. (Gilman, Emily) (Entered: 10/08/2026) |
| 10/09/2026 | 57 | ORDER addressing the Court's in camera review of Defendant's September 24, 2026 submission. Signed by Judge Emmet G. Sullivan on 10/9/2026. (lcegs1) (Entered: 10/09/2026) |
| 10/13/2026 | 58 | REPLY to opposition to motion re 51 Motion for Miscellaneous Relief filed by TODD W. BLANCHE. (Attachments: # 1 Exhibit)(Block, Andrew) (Entered: 10/13/2026) |

| | | |
|---|---|---|
| 10/15/2026 | 60 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MOVANT EUGENE GIBBS−SQUIRES MOTION to Clarify. Reason(s): Filer is not a party to the case. (mg) (Entered: 10/22/2026) |
| 10/16/2026 | 59 | NOTICE *of Compliance* by TODD W. BLANCHE re 57 Order (Block, Andrew) (Entered: 10/16/2026) |
| 10/20/2026 | 61 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: MOVANT M. EUGENE GIBBS−SQUIRES' MOTION for Order. Reason(s): Filer is not a party to the case. (Attachments: # 1 Exhibit) (mg) (Entered: 10/23/2026) |
| 11/02/2026 | 62 | NOTICE *(JOINT) relating to recommendations for further proceedings* by KATIE PHANG re 49 Order on Motion to Stay (Attachments: # 1 Exhibit A (emails between counsel))(Ward−Packard, Samuel) (Entered: 11/02/2026) |
| 11/02/2026 | 63 | NOTICE of Proposed Order *on further proceedings* by KATIE PHANG re 62 Notice (Other) (Attachments: # 1 Text of Proposed Order)(Ward−Packard, Samuel) (Entered: 11/02/2026) |
| 11/09/2026 | 64 | ORDER addressing the Court's in camera review of Defendant's October 16, 2026 submission. Signed by Judge Emmet G. Sullivan on 11/9/2026. (lcegs1) (Entered: 11/09/2026) |
| 11/09/2026 | 65 | MEMORANDUM OPINION AND ORDER denying 51 Motion to Postpone Deadline; granting 56 Motion for Extension of Time to File Response/Reply. Signed by Judge Emmet G. Sullivan on 11/9/2026. (lcegs1) (Entered: 11/09/2026) |
| 11/09/2026 | 66 | ORDER addressing foreign language documents. Signed by Judge Emmet G. Sullivan on 11/9/2026. (lcegs1) (Entered: 11/09/2026) |
| 11/09/2026 | | MINUTE ORDER finding as moot 26 motion to intervene of Non−Party Jane Doe for Leave to Intervene for the Limited Purpose of Preserving Victim Redactions in view of 43 Memorandum Opinion and Order and 57 Order, subject to reconsideration for good cause shown by no later than November 24, 2026. Signed by Judge Emmet G. Sullivan on 11/9/2026. (lcegs1) (Entered: 11/09/2026) |
| 11/09/2026 | | MINUTE ORDER denying as patently insubstantial and frivolous 53 Motion to Alter Judgment. Signed by Judge Emmet G. Sullivan on 11/9/2026. (lcegs1) (Entered: 11/09/2026) |
| 11/10/2026 | | Set/Reset Deadlines: Defendant Administrative Record due by 11/17/2026. Plaintff Response To Defendant's Rule 12(c) Motion For Judgment On The Pleadings due by 12/31/2026 (mac) (Entered: 11/10/2026) |
| 11/10/2026 | | Set/Reset Deadlines: Defendant Status Report due by 12/10/2026 (mac) (Entered: 11/10/2026) |
| 11/10/2026 | | MINUTE ORDER re **60 Request for Leave to File Review, 61 Request for Leave to File Review.** Leave to file is denied. Filer is not a party to the case. Pro Se party has been notified by first class mail.Signed by Judge Emmet G. Sullivan on 11/10/2026. (lcegs1) (Entered: 11/10/2026) |
| 11/17/2026 | 67 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 64 Order by TODD W. BLANCHE. Fee Status: No Fee Paid. (Block, Andrew) (Entered: 11/17/2026) |
| 11/17/2026 | 68 | |

| | | |
|---|---|---|
| | | ADMINISTRATIVE RECORD by TODD W. BLANCHE. (Attachments: # 1 Certification of List of Contents, # 2 List of Contents of Administrative Record)(Block, Andrew) (Entered: 11/17/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Case No. 1:26-cv-1417 (EGS) |

**DEFENDANT'S NOTICE OF APPEAL**

Defendant respectfully files its notice appeal to the United States Court of Appeals for the D.C. Circuit of this Court's November 9, 2026, Order. ECF No. 64.

Dated: November 17, 2026

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ ANDREW J. BLOCK*
Andrew J. Block
*Senior Counsel to the Associate Attorney General*
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, thereby serving all counsel who have appeared in this case.

*/s/ Andrew J. Block*
Andrew Block

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**ORDER**

The Court has reviewed the documents Defendant submitted for the Court's *in camera* review on October 16, 2026 in response to the Court's October 9, 2026 Order, ECF No. 57. In that Order, the Court ordered Defendant to produce to the Court for its *in camera* review the underlying FBI interview notes that formed the basis for the FD-302 interview reports bearing Bates numbers EFTA01245620, EFTA02858481, and EFTA02858491 in redacted versions as required by the Epstein Files Transparency Act ("EFTA").

Defendant states that "the Government has reviewed and redacted the handwritten notes, consistent with the Department [of Justice's ("Department")] January 4, 2026, Attorney Review Protocol for Epstein Files." Def.'s Notice of Compliance with Court Order, ECF No. 59 at 2. Defendant states that the redacted

documents "should not be taken as a representative sample of what could be done, or what would happen, if the Department were required to redact and produce handwritten notes on a larger scale. The existence of some hand-written notes on the public library does not mean that *all handwritten* notes were similarly processed, reviewed, and prepared for publication to the library." *Id.* (emphasis in original). Defendant further requests that if the Court issues an order requiring the Department to publish the notes, it stay the order to allow the government time to consider seeking appellate review. *Id.*

The Court will not stay its order but rather will establish a deadline that gives Defendant adequate time—fourteen days—to appeal and request a stay of the order from the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Since Defendant states that the handwritten notes have been redacted pursuant to the Attorney Review Protocol for Epstein Files, the Court will **ORDER** Defendant to publish the redacted documents in the Epstein Library.

For the reasons stated above, it is **HEREBY**

**ORDERED** that Defendant shall publish in the Epstein Library the underlying FBI interview notes that formed the basis for the FD-302 interview reports bearing Bates numbers EFTA01245620, EFTA02858481, and EFTA02858491 redacted as required by the EFTA and consistent with the Department's January 4, 2026 Attorney

Review Protocol for Epstein Files by no later than fourteen days from the date of this Order, and it is further

**ORDERED** that Defendant shall file a Notice of Compliance on the docket in the case within twenty-four (24) hours of publication; and it is further

**ORDERED** that if Defendant moves for a stay of this Order and expedited review from the D.C. Circuit prior to the expiration of the fourteen-day period, the Order is **TEMPORARILY STAYED** pending the D.C. Circuit's resolution of any such motion.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**November 9, 2026**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KATIE PHANG,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>Defendant. | Civil Action No. 26-1417 (EGS) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are: (1) Defendant's motion for leave of court to postpone the deadline for Defendant to file the certified list of the contents of the Administrative Record ("AR") ("Mot. to Postpone"), ECF No. 51; and (2) Plaintiff's motion to extend deadline to respond to Defendant's Rule 12(c) motion for judgment on the pleadings, ECF No. 56. Plaintiff's motion is unopposed but proposes alternative orders contingent on the Court's ruling on Defendant's motion. *See generally id.* For the reasons explained below, Defendant's motion is **DENIED** and Plaintiff's motion is **GRANTED**.

Judicial review under the Administrative Procedure Act ("APA") is "based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402,

420, (1971). "The administrative record includes all materials 'compiled' by the agency,'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (citing *Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 419); that were "before the agency at the time the decision was made," *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981).

Local Civil Rule 7(n)(1) provides that

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

"If the government files a [dispositive motion] that [it claims] does not rely on the administrative record, the government may simultaneously move to waive compliance with Local Rule 7(n)(1)." *M.O. v. Helland*, 26-cv-2279, 2026 WL 3218694, at *1 (D.D.C. Oct. 27, 2026). The general practice in this Court is to waive compliance with Local Civil Rule 7(n)(1) when "the administrative record is not necessary for the [the court's] decision." *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (alteration in original) (quoting *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d

116, 123 n.12 (D.D.C. 2017)); *see also PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014).[1]

Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c), *see* Mot. for J. on the Pleadings ("MJP"), ECF No. 52; and simultaneously filed the instant motion, requesting that the requirement to produce the certified list of the contents of the AR and the production of the AR be postponed until after the Court resolves the Rule 12(c) motion, *see* Mot. to Postpone, ECF No. 51 at 1.

Defendant argues that counsel is unaware of any records that would be part of an AR that are not already publicly available. *Id.* at 2-3; *see also* Reply, ECF No. 58 at 5 (stating that Defendant "has already disclosed all disclosable information that could conceivably go into an [AR]"). Defendant also points to documents available in the Federal Bureau of Investigation's ("FBI") electronic Freedom of Information Act library (the "FBI Vault"), which he states "contains emails and records evincing how documents now hosted on the Epstein Library were collected, reviewed, and redacted for publication." Mot. to Postpone, ECF No. 51 at 3.

[1] Accordingly, the Court does not address Plaintiff's procedural arguments nor her argument that the motion is an "improperly presented" motion for reconsideration. *See* Opp'n, ECF No. 55 at 8-11; Reply, ECF No. 58 at 1-3.

Defendant's Rule 12(c) motion relies on Department of Justice ("Department") documents that are publicly available. Specifically, Defendant cites the following Department documents: (1) Letter from Todd Blanche, Deputy U.S. Att'y Gen., Re: Epstein Files Transparency Act – Production of Department Materials at 1 (Jan. 30, 2026); (2) Letter from Todd Blanche, Deputy U.S. Att'y Gen. to Chairman Chuck Grassley, Ranking Member Dick Durbin, Chairman Jim Jordan, Ranking Member Jamie Raskin (Feb. 14, 2026); (3) Report Under Public Law 119-38, 91 Fed. Reg. 55356 (Aug. 27, 2026); (4) EFTA First Level Review Protocol (Jan. 4, 2026). Defendant also cites a news article, *see Members of Congress start reviewing unredacted Epstein files at Justice Department*, NBC NEWS (Feb. 9, 2026), https://perma.cc./F4QF-LUNX; and a press release, *see Khanna, Massie, Leger Fernández, Merkley, Luján Introduce "Epstein Files Transparency Act II,"* CONGRESSMAN RO KHANNA (Aug. 5, 2026), https://permacc/WL6A-QD6K.

Defendant provides no legal authority to support the proposition that because the Department documents Defendant has cited are publicly available, Defendant is excused from his obligation to provide a certified list of the contents of the AR. Furthermore, it is *Defendant's* obligation to identify the specific records upon which he relied in making the determination that he completed the release of information

required under the Epstein Files Transparency Act ("EFTA"). *See* LCvR 7(n)(1). It is not the Plaintiff's or the Court's obligation to comb through the FBI Vault.

Without a certified list of the AR contents, the Court does not know whether there are other records upon which Defendant relied in complying with the EFTA. For example, Defendant asserts that he complied with the EFTA section 2(c)(2) requirement that all redactions "be accompanied by a written justification published in the Federal Register and submitted to Congress" by publishing the February 15, 2026 report in the Federal Register on August 27, 2026. MJP, ECF No. 52-1 at 32. However, none of the Department documents Defendant cites explain the justification for Defendant's determination that the February 15, 2026 report to Congress satisfies the section 2(c)(2) requirement. Nor do the documents provide an explanation for the six-month time lag between the February 15, 2026 report and its publication in the Federal Register.

Similarly, Defendant argues that the EFTA does not require the production of foreign-language documents and seeks judgment on Plaintiff's claim that Defendant's failure to produce the documents is arbitrary and capricious. *Id.* at 30-31; *see also* Compl., ECF No. 1 ¶ 55. However, none of the Department documents Defendant cites explain the justification for Defendant's conclusion. Without the AR that "delineates the path by which

[Defendant] reached [his] decision" that compliance with the EFTA was complete, *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 339 (D.C. Cir. 1989); the Court cannot properly evaluate Plaintiff's claims that Defendant acted arbitrarily and capriciously. *See Farrell v. Tillerson*, 315 F. Supp. 3d 47, 69 (D.D.C 2018) (directing the government to comply with Local Civil Rule 7(n)(1) because without "a complete administrative record . . . the Court cannot properly evaluate the plaintiff's claims that the defendants acted arbitrarily and capriciously."); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 302 (D.D.C. 2015) (granting motion to compel production of the AR in an APA case involving arbitrary and capricious claim because "the Court cannot fully evaluate [the government's arguments in its motion to dismiss] without the [a]dministrative [r]ecord"); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010)(concluding that "[t]he court [wa]s unable to assess the merits of [the defendant's motion to dismiss] arguments without considering the administrative record" in an APA case involving an arbitrary and capricious claim).

Defendant also argues that the AR is not necessary for the Court's resolution of his Rule 12(c) motion because there are no material facts in dispute and that "[a]ny documents that might arguably resolve a dispute of fact (i.e. the identity of individuals behind redactions or documents substantiating their

status as a victim) have already been submitted to the Court for *ex parte*, *in camera* review." *See* Mot. to Postpone, ECF No. 51 at 2-3. The Court rejects this argument because the documents submitted to the Court for its *ex parte*, *in camera* review are relevant only to the narrow relief Plaintiff sought in her Motion for Preliminary Injunction.

Defendant argues that there are no factual issues in the MJP because the question of the interplay between the Privacy Act and the EFTA are legal questions, as is the question of whether Defendant has an obligation to process and review foreign language documents. Reply, ECF No. 58 at 4. Defendant's Rule 12(c) motion raises both jurisdictional questions, *see* MJP, ECF No. 52-1 at 12-25; and merits questions, *see id.* at 25-33. As illustrated above, the complete AR is necessary for the Court's evaluation of the merits questions Defendant raises.

In conclusion, and for the reasons explained above, Defendant's Rule 12(c) motion does rely on the AR, *see M.O.*, 2026 WL 3218694, at *1; and the AR is necessary for the Court's decision, *see Connecticut*, 344 F. Supp. 3d at 294.

Accordingly, it is **HEREBY**

**ORDERED** that Defendant's motion for leave of court to postpone the deadline for Defendant to file the certified list of the contents of the Administrative Record, ECF No. 51, is **DENIED**; and it is further

**ORDERED** that Plaintiff and Defendant shall confer regarding the list of the contents of the Administrative Record, and Defendant shall file a certified list of the contents of the Administrative Record by no later than November 17, 2026; and it is further

**ORDERED** that Defendant shall produce the Administrative Record to Plaintiff by no later than December 1, 2026; and it is further

**ORDERED** that Plaintiff's motion to extend deadline to respond to Defendant's Rule 12(c) motion for judgment on the pleadings, ECF No. 56, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall respond to Defendant's Rule 12(c) motion for judgment on the pleadings, ECF No. 55, by no later than December 31, 2026.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**November 9, 2026**